## IN THE DISTRICT COURT IN AND FOR OKLAHOMA COUNTY
### STATE OF OKLAHOMA

THOMAS H. BATES,

               Plaintiff,

v.

STATE FARM FIRE AND CASUALTY
COMPANY,

               Defendant.

CJ-2021-2627

Case No.

FILED IN DISTRICT COURT
OKLAHOMA COUNTY

JUN 1 8 2021

RICK WARREN
COURT CLERK
126 _____

### PETITION

COMES NOW Plaintiff, Thomas H. Bates, and for his claims against Defendant, State Farm Fire and Casualty Company (hereinafter "State Farm"), hereby states as follows:

1.     Plaintiff, Thomas H. Bates, is a citizen of the State of Oklahoma.

2.     Defendant, State Farm, is a foreign insurance company domiciled and incorporated under the laws of the State of Illinois, with its principal place of business in Illinois.

3.     The acts and omissions pertinent in this case occurred in Oklahoma County, Oklahoma.

4.     Plaintiff's claims against the Defendant, State Farm, are in excess of the amount required for diversity jurisdiction pursuant to § 1332 of Title 28 of the United States Code.

5.     Based on the foregoing, this Court has jurisdiction over these parties and this subject matter and venue is proper herein.

EXHIBIT
2

6.     At all times relevant hereto, Plaintiff owned a home located at 2605 Elwood Drive, Edmond, Oklahoma ("The Home").

7.     For years, Plaintiff purchased insurance from State Farm to provide coverage for The Home.

8.     State Farm issued the policy of insurance, Policy No. 96-BJ-Q252-5, to the Plaintiff, which was renewed annually.

9.     At all times material hereto, Plaintiff was insured under State Farm Policy No. 96-BJ-Q252-5.

10.     State Farm represented to the Plaintiff that it would conduct itself in accordance with Oklahoma law and would fully and fairly investigate and pay claims. Plaintiff relied on said representations.

11.     The Home, which was insured under Policy No. 96-BJ-Q252-5, was significantly damaged as a direct result of windstorm/hail, which was a covered cause of loss under the policy of insurance with State Farm, during the policy period(s) in which State Farm insured The Home.

12.     Plaintiff submitted a claim to State Farm for the property damage resulting from the windstorm/hail. Plaintiff made The Home available for inspection by State Farm's adjusters, cooperated in the limited investigation that State Farm performed, and otherwise complied with all conditions precedent to recovery under the subject insurance policy.

13.     Upon inspection, State Farm confirmed that The Home had sustained hail damage to the garage door, window screens, attic vent cover, pipe jack flashing, and

2

exhaust cap. However, State Farm took the unreasonable position that the shingles on The Home's roof had not been damaged by hail.

14.    State Farm was presented and provided with evidence demonstrating that The Home had in fact sustained direct physical damage and impact damage as a result of windstorm/hail, and that said loss was covered under the terms and conditions of Plaintiff's policy with State Farm. Despite the presentation of this evidence, State Farm has refused Plaintiff's request for another inspection to verify the presence of windstorm/hail damage to The Home's roof.

15.    State Farm has ignored direct physical damage and impact damage as a result of windstorm/hail to The Home.

## FIRST CAUSE OF ACTION
## BREACH OF CONTRACT

16.    Plaintiff adopts and re-pleads paragraphs 1 through 15 above, and for his claims against State Farm further alleges as follows:

17.    Plaintiff entered into a contract of insurance with State Farm for coverage for The Home. At all relevant times the policy, No. 96-BJ-Q252-5, with State Farm was in full force and effect.

18.    Plaintiff provided proper and timely notice to State Farm of his claim for all covered damages resulting from windstorm/hail to The Home.

19.    Plaintiff has in all material ways, complied with the terms and conditions of the policy.

3

20. State Farm, however, has breached its contractual obligations under the terms and conditions of the insurance contract with Plaintiff by failing to pay Plaintiff all benefits to which he is entitled under the terms and conditions of the policy.

21. As a result of State Farm's breach of contract and other wrongful conduct, Plaintiff has sustained financial losses and has been damaged in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of attorneys' fees, costs and interest.

## SECOND CAUSE OF ACTION
## BAD FAITH

22. Plaintiff adopts and re-pleads paragraphs 1 through 21 above, and for his claims against State Farm further alleges as follows:

23. State Farm owed a duty to Plaintiff to deal fairly and in good faith.

24. State Farm breached its duty to deal fairly and in good faith by engaging in the following acts and omissions:

a. failing and refusing payment and other policy benefits for the covered property damage sustained by Plaintiff in accordance with the terms and conditions of his insurance policy at a time when State Farm knew that Plaintiff was entitled to those benefits;

b. failing to properly investigate Plaintiff's claim and to obtain additional information both in connection with State Farm's initial refusal and following the receipt of additional information;

c. failing to properly evaluate any investigation that was performed;

4

d.     purposefully, wrongfully and repeatedly withholding pertinent benefits, coverages and other provisions due Plaintiff under the terms and conditions of the insurance policy in violation of the Unfair Claims Settlement Practices Act, 36 O.S. §§ 1250.1-1250.16;

e.     refusing to honor Plaintiff's claim in some instances by knowingly misconstruing and misapplying provisions of the policy;

f.     forcing Plaintiff to retain counsel to recover insurance benefits to which he was entitled under the terms and conditions of the insurance contract;

g.     forcing Plaintiff to bring suit to secure policy benefits to which he was entitled under the terms and conditions of the insurance contract;

h.     not attempting in good faith to effectuate a prompt, fair, and equitable settlement of Plaintiff's claims once liability had become reasonably clear;

i.     engaging in an outcome-based investigation of Plaintiff's claim designed to deny Plaintiff's claim;

j.     failing to adopt and implement reasonable standards for the prompt investigation and reasonable handling of claims arising under the policy, to include Plaintiff's claim;

k.     refusing to consider the reasonable expectations of the insured;

l.     failing to conduct a fair and objective investigation of the damage to Plaintiff's property;

m.     ignoring covered damage which State Farm knows occurred while it insured The Home;

all in violation of the implied covenant of good faith and fair dealing and resulting in financial benefit to State Farm.

25.    State Farm's obligations arise from both the express written terms of the policy and the Oklahoma Insurance Code. State Farm's failure to implement and/or follow Oklahoma's statutory Insurance Code constitutes bad faith.

26.    The conduct of State Farm, as described above, constitutes bad faith and is a material breach of the terms and conditions of the insurance contract between the parties.

27.    As a direct result of State Farm's bad faith, Plaintiff's claim was unnecessarily delayed, inadequately investigated, underpaid, and wrongfully denied. Said actions resulted in additional profits and financial windfall for State Farm.

28.    As a result of State Farm's conduct, Plaintiff has sustained loss of the policy benefits, loss of the coverage, embarrassment, anxiety, frustration and mental and emotional distress, and other incidental damages, and has been damaged in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of attorneys' fees, costs and interest.

29.    State Farm's conduct was intentional, willful, malicious and in reckless disregard of the rights of Plaintiff and is sufficiently egregious in nature so as to warrant the imposition of punitive damages.

30.    Plaintiff further alleges State Farm enjoyed increased financial benefits and ill-gotten gains as a direct result of the wrongful conduct described above herein, which resulted in the injury to Plaintiff.

6

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment in his favor and against Defendant, State Farm, both for compensatory and punitive damages, in an amount in excess of $75,000.00, with interest and costs of this action, for a reasonable attorney fee, and for such other relief as may be appropriate.

MILLER JOHNSON JONES
ANTONISSE & WHITE, PLLC

By:  _Shawna Landeros_

Brad Miller, OBA #11437
J. Logan Johnson, OBA #12722
Shawna L. Landeros, OBA #31637
500 NW 6th Street, Suite 300
Oklahoma City, OK 73102-1219
Telephone: (405) 896-4388
Fax: (405) 609-2995
bmiller@mjjaw.com
ljohnson@mjjaw.com
slanderos@mjjaw.com
*Attorneys for Plaintiff*

**Attorney Lien Claimed**
**Jury Trial Demanded**

7