**IN THE DISTRICT COURT OF THE UNITED STATES
WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| THOMAS H. BATES, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. CIV-21-705-JD |
| | ) | |
| v. | ) | (District Court of Oklahoma |
| | ) | County; Case No. CJ-2021-2627) |
| STATE FARM FIRE AND | ) | |
| CASUALTY COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT STATE FARM FIRE AND CASUALTY COMPANY'S
ANSWER TO PLAINTIFF'S PETITION**

Defendant State Farm Fire and Casualty Company ("Defendant" or "State Farm"), answers the Plaintiff's Petition. State Farm generally denies each and every material allegation, except those specifically admitted herein

1.  Paragraph 1 of Plaintiff's Petition is admitted.

2.  Paragraph 2 of Plaintiff's Petition is admitted.

3.  In response to Paragraph 3, State Farm denies it engaged in any improper acts or omissions relating to the claim but admits that the conduct at issue in this case occurred in Oklahoma County, Oklahoma.

4.  Paragraph 4 of Plaintiff's Petition states a legal assertion in relation to diversity jurisdiction requiring no response from the Defendant. To the extent a response is required and without admitting any factual averments or allegations of Paragraph 4, Defendant does not contest the jurisdiction of this Court.

{S580805;}

5.    Paragraph 5 of Plaintiff's Petition states a legal assertion in relation to diversity jurisdiction requiring no response from the Defendant. To the extent a response is required and without admitting any factual averments or allegations of Paragraph 5, Defendant does not contest the jurisdiction or venue.

6.    Paragraph 6 of Plaintiff's Petition is admitted.

7.    Paragraph 7 of Plaintiff's Petition is admitted.

8.    In response to Paragraph 8 of Plaintiff's Petition, State Farm admits Plaintiff has a State Farm Policy, Policy No. 96-BJ-Q252-5; however, State Farm denies the allegations in Paragraph 8 to the extent they suggest or imply the Policy, its terms, conditions, and exclusions cover all the alleged losses.

9.    In response to Paragraph 9 of Plaintiff's Petition, State Farm admits Plaintiff has a State Farm Policy, Policy No. 96-BJ-Q252-5; however, State Farm denies the allegations in Paragraph 9 to the extent they suggest or imply the Policy, its terms, conditions, and exclusions cover all the alleged losses.

10.    State Farm is without sufficient knowledge or information to admit or deny the allegations in Paragraph 10 of the Plaintiff's Petition, and therefore denies the same.

11.    In response to Paragraph 11, State Farm admits Plaintiff submitted a claim with a reported date of loss of July 3, 2020. State Farm further admits its inspection confirmed some hail damage to the insured property. State Farm denies the allegations in Paragraph 11 to the extent they suggest or imply that all damages claimed by the Plaintiff are covered by the Policy.

{S580805;}    2

12.    In response to Paragraph 12, State Farm admits Plaintiff submitted a claim with a reported date of loss of July 3, 2020. State Farm further admits its inspection confirmed some hail damage to the insured property. State Farm is without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 12 of Plaintiff's Petition, and therefore denies the same.

13.    With respect to the allegations in Paragraph 13 of Plaintiff's Petition, State Farm admits that its inspection found the Home had sustained small hail damage to the garage door, three window screens, pipe jacks, vent caps, and power vents, but did not sustain hail damage to the ridge or field shingles. State Farm denies Paragraph 13's characterization of its position as unreasonable.

14.    State Farm denies Paragraph 14 of Plaintiff's Petition.

15.    State Farm denies Paragraph 15 of Plaintiff's Petition.

**FIRST CAUSE OF ACTION**
**BREACH OF CONTRACT**

16.    Paragraph 16 of Plaintiff's Petition requires no response from State Farm. To the extent a response is required, State Farm incorporates its responses to Paragraphs 1-15 above.

17.    In response to Paragraph 17 of Plaintiff's Petition, State Farm admits Plaintiff has a State Farm Policy, Policy No. 96-BJ-Q252-5; however, State Farm denies the allegations in Paragraph 17 to the extent they suggest or imply the Policy, its terms, conditions, and exclusions cover all the alleged losses.

18. State Farm is without knowledge or information sufficient to admit or deny the allegations in Paragraph 18 of Plaintiff's Petition, and therefore denies the same.

19. State Farm is without knowledge or information sufficient to admit or deny the allegations of Paragraph 19 of Plaintiff's Petition, and therefore denies the same.

20. State Farm denies the allegations in Paragraph 20 of Plaintiff's Petition.

21. State Farm denies the allegations in Paragraph 21 of Plaintiff's Petition.

## SECOND CAUSE OF ACTION
## BAD FAITH

22. Paragraph 22 of Plaintiff's Petition requires no response from State Farm. To the extent a response is required, State Farm incorporates its responses to Paragraphs 1-21 above.

23. In response to Paragraph 23 of Plaintiff's Petition, State Farm admits it has a duty as provided by law, and denies any inconsistency therewith.

24. Paragraph 24 of Plaintiff's Petition, including subparts a. – m., is denied.

25. Paragraph 25 of Plaintiff's Petition is denied.

26. Paragraph 26 of Plaintiff's Petition is denied.

27. Paragraph 27 of Plaintiff's Petition is denied.

28. Paragraph 28 of Plaintiff's Petition is denied.

29. Paragraph 29 of Plaintiff's Petition is denied.

30. Paragraph 30 of Plaintiff's Petition is denied.

31. Any and all allegations contained in Plaintiff's Prayer for Relief are denied.

## AFFIRMATIVE DEFENSES AND OTHER AVOIDANCES

State Farm sets forth below its affirmative defenses and other matters constituting avoidance. By setting forth these affirmative defenses and other matters constituting avoidance, State Farm does not assume the burden of proving any fact, issue, or element of a cause of action where such burden properly belongs to Plaintiff. Moreover, nothing stated herein is intended or shall be construed as an admission that any issue or subject matter is relevant to Plaintiff's allegations. Defendant reserves the right to assert additional affirmative defenses at such time and to such extent as warranted by discovery and the factual developments in this case.

1.     Defendant affirmatively alleges that the Plaintiff's Petition does not state facts sufficient to support the plea for punitive or exemplary damages.

2.     The Plaintiff's Petition fails to state a claim upon which relief may be granted.

3.     Plaintiff's claim for policy benefits from State Farm, or certain portions of the claims, are not covered and are expressly excluded by the terms and conditions of the applicable insurance policy.

4.     Plaintiff's claims against State Farm are barred in whole or in part due to the failure of condition precedent and/or condition subsequent under the policy applicable to the loss.

5.     Plaintiff's claims are subject to setoff for any amounts paid by State Farm.

6.     Plaintiff's claims are barred either in whole or in part by the equitable doctrines of laches, estoppel, waiver, and/or unclean hands.

7.     A legitimate *bona fide* dispute between Plaintiff and State Farm bars any claim for bad faith.

8.     Plaintiff has failed properly to mitigate his damages, if any.

9.     An award of punitive damages under state law by a jury that: (1) is not provided with standards of sufficient clarity for determining the propriety of imposing punitive damages, or the appropriate amount of a punitive damages award; (2) is not adequately instructed on the limits of punitive damages which may be imposed to further the applicable principles of deterrence and punishment; (3) is not expressly prohibited from awarding punitive damages, or determining the amount of an award of punitive damages, in whole or in part, on the basis of invidiously discriminatory characteristics, including the residence, wealth, and corporate status of State Farm; (4) is permitted to award punitive damages under a standard for determining liability that is vague and arbitrary and does not define with sufficient clarity the conduct or malicious intent to cause harm to Plaintiff that makes punitive damages permissible; and/or (5) is not subject to trial court or appellate court review for reasonableness and furtherance of legitimate purposes on the basis of objective standards, would violate  State Farm's due process and equal protection rights guaranteed by the Fifth and/or Fourteenth Amendments to the United States Constitution, as well as Article 2, Section 7 of the Oklahoma Constitution.

10.    The imposition of punitive damages in this case in the absence of the procedural safeguards accorded to Defendant, subject to punishment in criminal proceedings, including a reasonable doubt standard of proof, would violate the Fourth, Fifth, and Sixth Amendments to the United States Constitution.

{S580805;}                                        6

11.     The imposition of punitive damages in this case would violate the Excessive Fines Clause of the Oklahoma Constitution, Article II § 9.

12.     The imposition of punitive damages in this case based on out-of-state conduct, dissimilar conduct, company profits, and the aggregate financial status of State Farm would violate the Commerce Clause and the Privileges and Immunities Clause of the United States Constitution. Any award of punitive damages based on anything other than State Farm's conduct in connection with this incident cannot protect State Farm against impermissible multiple punishments for the same alleged wrong.

13.     With respect to Plaintiff's demand for punitive damages, State Farm specifically incorporates by reference all standards of limitations regarding the determination and enforceability of punitive damage awards that arose in the decisions of *BMW of North America v. Gore*, 116 U.S. 1589 (1996), *Cooper Indus., Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424 (2001), and *State Farm Mut. Auto. Ins. Co. v. Campbell*, 123 S.Ct. 1513 (2003).

14.     Discovery being incomplete, State Farm reserves the right to amend this Answer if the propriety of additional defenses is established during discovery.

WHEREFORE, Defendant State Farm Fire and Casualty Company respectfully requests this Court to enter Judgment in its favor and against Plaintiff, and to dismiss Plaintiff's Petition, together with its reasonable attorney fees, costs, and such other and further relief as this Court may deem just and proper.

Respectfully submitted,

*/s/ Paula M. Williams*

Lance E. Leffel, OBA No. 19511
Paula M. Williams, OBA No. 30772
**GABLEGOTWALS**
Fifteenth Floor
One Leadership Square
211 North Robinson
Oklahoma City, OK  73102-7101
(405) 235-5500
(405) 235-2875 (fax)
lleffel@gablelaw.com
pwilliams@gablelaw.com

***Attorneys for Defendant, State Farm Fire
and Casualty Company***

## CERTIFICATE OF SERVICE

I hereby certify that on July 21, 2021, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants (names only are sufficient):

Brad Miller
J. Logan Johnson
Shawna L. Landeros

**Attorneys for Plaintiff**

/s/ Paula M. Williams
Paula M. Williams