**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

THOMAS H. BATES,

     Plaintiff,

v.

STATE FARM FIRE AND CASUALTY
COMPANY,

     Defendant.

Case No. CIV-21-00705-JD

(District Court of Oklahoma
County; Case No. CJ-2021-2627)

**DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT
<u>AND BRIEF IN SUPPORT</u>**

Lance E. Leffel, OBA #19511
Paula M. Williams, OBA #30772
Taylor J. Freeman Peshehonoff, OBA #34424
**GABLEGOTWALS**
BOK Park Plaza
499 West Sheridan Avenue, Suite 2200
Oklahoma City, OK 73102-7101
lleffel@gablelaw.com
pwilliams@gablelaw.com
(405) 235-5500
(405) 235-2875 (fax)


*Attorneys for Defendant,
State Farm Fire & Casualty Company*

# TABLE OF CONTENTS

I.   INTRODUCTION ................................................................................. 1

II.  STATE FARM'S STATEMENT OF UNDISPUTED
     MATERIAL FACTS ........................................................................... 2

     A.   PLAINTIFF'S STATE FARM POLICY ........................................... 2

     B.   NOTIFICATION AND INSPECTIONS ........................................... 3

III. SUMMARY JUDGMENT STANDARD ...................................................... 7

IV.  ARGUMENTS AND AUTHORITIES ........................................................ 8

     A.   PLAINTIFF'S BAD FAITH CLAIM FAILS AS A
          MATTER OF LAW. ................................................................. 8

          1.   State Farm's Conduct Was Reasonable. ................................. 9

          2.   Plaintiff Cannot Meet His Burden to Establish
               Bad Faith. ...................................................................... 12

     B.   PLAINTIFF CANNOT MEET THE BURDEN TO
          SUPPORT SUBMISSION OF PUNITIVE
          DAMAGES TO THE JURY. ....................................................... 14

V.   CONCLUSION ................................................................................ 18

# TABLE OF AUTHORITIES

## Cases

**Page(s)**

*4100 Perimeter Ltd. P'ship v. Hartford Cas. Ins. Co.*,
CIV-14-0641-HE, 2015 WL 5008410 (W.D. Okla. Aug. 20, 2015) ...........................................13

*Anderson v. Liberty Lobby, Inc.*,
477 U.S. 242 (1986)....................................................................................................................7

*Badillo v. Mid Century Ins. Co.*,
121 P.3d 1080 (Okla. 2005).............................................................................................8, 10, 15

*Ball v. Wilshire Ins. Co.*,
221 P.3d 717 (Okla. 2009)...........................................................................................................8

*Buzzard v. Farmers Ins. Co.*,
824 P.2d 1105 (Okla. 1991).................................................................................................13, 15

*Celotex Corp. v. Catrett*,
477 U.S. 317 (1986)....................................................................................................................7

*Christian v. Am. Home Assurance Co.*,
577 P.2d 899 (Okla. 1977).....................................................................................................9, 17

*City Nat'l Bank & Tr. Co. v. Jackson Nat'l Life Ins.*,
804 P.2d 463 (Okla. Civ. App. 1990) .......................................................................................13

*Cooper v. Nat'l Union Fire Ins. Co.*,
921 P.2d 1297 (Okla. Civ. App. 1996) .....................................................................................17

*Frank v. Mayberry*,
985 P.2d 773 (Okla. 1999)........................................................................................................15

*Garnett v. Gov. Emps. Ins. Co.*,
186 P.3d 935 (Okla. 2008).....................................................................................................7, 12

*Hale v. A.G. Ins. Co.*,
138 P.3d 567 (Okla. Civ. App. 2006) .......................................................................................13

*Hayes v. State Farm Fire & Cas. Co.*,
855 F. Supp. 2d 1291 (W.D. Okla. 2012)............................................................................11, 12

*Lopez v. Farmers Ins. Co., Inc.*,
CIV–10–0584–HE, 2011 WL 1807158 (W.D. Okla. May 6, 2011)......................................10, 11

*Manis v. Hartford Fire Ins. Co.*,
681 P.2d 760 (Okla. 1984)......................................................................................................8, 9

ii

**Page(s)**

*McCorkle v. Great Atl. Ins. Co.*,
637 P.2d 583 (Okla. 1981)...................................................................................................8, 9

*McLaughlin v. Nat'l Benefit Life Ins. Co.*,
772 P.2d 383 (Okla. 1988).....................................................................................................16

*Newport v. USAA*,
11 P.3d 190 (Okla. 2000).........................................................................................................9

*Oden v. Russell*,
251 P.2d 184 (Okla. 1952).....................................................................................................16

*Oulds v Principal Mut. Life Ins. Co.*,
6 F.3d 1431 (10th Cir. 1993) ...............................................................................8, 9, 10, 12, 13

*Peters v. Am. Life Ins. Co.*,
77 P.3d 1090 (Okla. Civ. App. 2003) .....................................................................................14

*Roberts v. State Farm Mut. Auto. Ins. Co.*,
61 Fed. Appx. 587 (10th Cir. 2003)................................................................................. 11-12

*Rodebush v. Okla. Nursing Homes, Ltd.*,
867 P.2d 1241 (Okla. 1993)....................................................................................................15

*Roesler v. TIG Ins. Co.*,
251 F. App'x 489 (10th Cir. 2007) ...........................................................................................8

*Sellman v. Amex Assur. Co.*,
274 F. App'x 655 (10th Cir. 2008) ...............................................................................9, 12, 13

*Sides v. John Cord Ses. Inc.*,
981 P.2d 301 (Okla. 1999)......................................................................................................15

*Slocum v. Phillips Petroleum Co.*,
678 P.2d 716 (Okla. 1983)......................................................................................................16

*Starr v. Pearle Vision, Inc.*,
54 F.3d 1548 (10th Cir. 1995) ..................................................................................................7

*Thomas v. Int'l Bus. Machines*,
48 F.3d 478 (10th Cir. 1995) ....................................................................................................7

*Timmons v. Royal Globe Ins. Co.*,
653 P.2d 907 (Okla. 1982)......................................................................................................17

*Willis v. Midland Risk Ins. Co.*,
42 F.3d 607 (10th Cir.1994) ......................................................................................10, 16, 17

iii

**Page(s)**

**Statutes**

23 O.S. § 9.1 ........................................................................................................... 15

**Rules**

FED. R. CIV. P. 56 ................................................................................................. 1, 7

Pursuant to Federal Rule of Civil Procedure 56, Defendant State Farm Fire and Casualty Company ("State Farm") respectfully requests this Court enter summary judgment against Plaintiff, Thomas Bates, and in favor of State Farm on Plaintiff's bad faith claim and request for punitive damages. State Farm maintains it did not breach its contract with Plaintiff, but does not presently seek summary judgment on the breach of contract claim.

## I.    INTRODUCTION

Plaintiff submitted a property claim to State Farm, alleging hail damage to his rental property ("Rental Property"). Plaintiff alleges breach of contract and bad faith against State Farm, claiming the company inadequately investigated and improperly denied payment on his claim.

After receiving notice of Plaintiff's claim, however, State Farm promptly assigned an adjuster to evaluate the Rental Property. The adjuster inspected the Rental Property within 19 days and found no covered accidental direct physical loss to the asphalt shingles on the roof. Rather, the adjuster found wear, tear, and deterioration—damage which is excluded from coverage under Plaintiff's insurance policy. The adjuster did find hail damage to some soft metals, and State Farm paid to replace those items the same day as the inspection. Plaintiff requested a second inspection after the partial denial, but State Farm declined this request after a claims specialist and team manager reviewed photos sent by Plaintiff's roofing contractor and determined they did not provide new evidence of additional damage or loss to support a second inspection.

A cause of action for bad faith does not exist for a difference of opinion between an insured and insurer. The record reflects only a disagreement over the cause of damage to the roof, and Plaintiff has no evidence that the claim was denied in bad faith. Therefore, summary judgment should be granted in favor of State Farm on Plaintiff's bad faith claim and claim for punitive damages.

## II.    STATE FARM'S STATEMENT OF UNDISPUTED MATERIAL FACTS

### A.    PLAINTIFF'S STATE FARM POLICY

1.    Plaintiff's Rental Property was covered by a State Farm Rental Dwelling Policy ("Policy"). (Ex. 1, State Farm Policy, SF.BATES_000030; Ex. 2, Pet. at 2).

2.    The Policy included:

### SECTION I – LOSSES INSURED

**COVERAGE A – DWELLING AND COVERAGE B - PERSONAL PROPERTY**

We insure for accidental direct physical loss to the property described in Coverage A and Coverage B, except as provided in Section I - Losses Not Insured.

### SECTION I – LOSSES NOT INSURED

1.    We do not insure for loss to the property described in Coverage A and Coverage B either consisting of, or directly and immediately caused by, one or more of the following:

* * *

    i.    wear, tear, marring, scratching, deterioration, inherent vice, latent defect and mechanical breakdown;

(Ex. 3, State Farm Certified Policy at 5-6, SF.BATES_000008-000009).

2

**B.      NOTIFICATION AND INSPECTIONS**

3.      On February 4, 2021, Plaintiff Thomas Bates initiated a claim with State Farm, maintaining that the roof of the Rental Property had been damaged by hail on July 3, 2020. (Ex. 4, State Farm Claim File at 13, SF.BATES_000058); (Ex. 5, Depo. of Marian Bates at 15:6-12); (Ex. 6, Text Message from Jonathan Marks to Gary Bates at BATES_0191).

4.      Plaintiff's adult son, Gary Bates, handled the claim on his father's behalf due to Plaintiff's advanced age. (Ex. 7, Depo. of Gary Bates at 38:8-16; 65:17-67:16); (Ex. 5, Depo. of Marian Bates at 16:13-19).

5.      On February 9, 2021, State Farm Claims Specialist Tresa Dunnican-Jacome ("CS Dunnican-Jacome") contacted Plaintiff and scheduled an inspection of the Rental Property for February 23, 2021. (Ex. 4, State Farm Claim File at 5-7, SF.BATES_000050-000052).

6.      On February 23, CS Dunnican-Jacome inspected the Rental Property as scheduled. (Ex. 4, State Farm Claim File at 5-7, SF.BATES_000050-000051). Plaintiff did not attend the inspection, though his contractor, Jonathan Marks of Aegis Roofing, was present. (Ex. 4, State Farm Claim File at 5-7, SF.BATES_000050-000052); (Ex. 8, Depo. of Tresa Dunnican-Jacome at 82:6-25).

7.      CS Dunnican-Jacome found wear and tear to the shingles but no hail damage to the shingles. (Ex. 4, State Farm Claim File at 5-7, SF.BATES_000050-000052); (Ex. 8, Depo. of Tresa Dunnican-Jacome at 82:6-25).

3

8.    CS Dunnican-Jacome sent pictures of the roof to her Team Manager, Jacqueline Draper, after Contractor Marks disagreed about the cause of the damage to the shingles. (Ex. 8, Depo. of Tresa Dunnican-Jacome at 83:1-8); (Ex. 9, Text Messages at BATET00001589PROD-BATET00001597PROD). Team Manager Draper agreed with CS Dunnican-Jacome's determination that the roof appeared to reflect wear and tear rather than hail damage. (Ex. 9, Text Messages at BATET00001589PROD-BATET00001597PROD); (Ex. 8, Depo. of Tresa Dunnican-Jacome at 83:1-8).

9.    The same day, State Farm issued a draft estimate, partial denial letter, and payment to Plaintiff. (Ex. 4, State Farm Claim File, at SF.BATES_000113-000114). The estimate to repair the damage that could be attributed to hail was $2,020.18. After depreciation and the deductible were applied, a check was issued to the Plaintiffs in the amount of $260.12. (Ex. 4, State Farm Claim File, at SF.BATES_000045; 000113-000114; 000300-000306).

10.   On March 10, 2021, Contractor Marks emailed Shari Bivins, an employee of Plaintiff's local State Farm agent, requesting a second inspection and attaching photos that he had taken of the roof. (Ex. 4, State Farm Claim File, at SF.BATES_000280-000299).

11.   On or about March 15, 2021, CS Dunnican-Jacome and Team Manager Draper independently reviewed Contractor Marks's photos and agreed the pictures showed the same wear and tear to the shingles that had already been observed by CS Dunnican-Jacome during the inspection. (Ex. 4, State Farm Claim File, at SF.BATES_000050); (Ex. 10, Depo. of Jacqueline Draper at 94:25-95:18). State Farm denied Plaintiff's request for a second inspection and explaining that Contractor Marks's photos did not provide any new

evidence supporting hail damage. (Ex. 4, State Farm Claim File, at SF.BATES_000144-000145).

12.     State Farm issued a letter denying Plaintiff's request for a second inspection, which it sent to Gary Bates, Mr. Marks, and Ms. Bivins. (Ex. 4, State Farm Claim File, at SF.BATES_000143). Because State Farm had an incorrect email address on file for Gary Bates (batesgm@gmail.com instead of batesgm@aol.com), he did not receive the denial letter by email. (Ex. 11, Email from Gary Bates to Tresa Dunnican-Jacome at BATES_0172).

13.     On March 29, 2021, Plaintiff's local agent, Jennifer Lowder, called State Farm to confirm whether the March 15 denial letter was in regard to a second inspection; a State Farm employee confirmed it was. (Ex. 4, State Farm Claim File, at SF.BATES_000050).

14.     On March 30, 2021, Plaintiff's son, Gary Bates, emailed Ms. Bivins to again request a second inspection. (Ex. 4, State Farm Claim File, at SF.BATES_000279). Ms. Bivins replied on April 1, 2021, explaining the denial was being upheld and informing Plaintiff's son that he could hire an engineer to evaluate the roof if he disagreed with the denial. (Ex. 4, State Farm Claim File, at SF.BATES_000279).

15.     On April 1, 2021, Ms. Bivins called State Farm and spoke with State Farm employee Jamie Korbelik. (Ex. 4, State Farm Claim File, at SF.BATES_000049-00050). Korbelik reviewed the claim with Ms. Bivins and reiterated that Contractor Marks's photos showed the same wear and tear on the shingles that Adjuster Dunnican-Jacome found during her initial inspection, but no additional damage. (Ex. 4, State Farm Claim File, at

SF.BATES_000049-00050). Korbelik subsequently called Plaintiff and left a voicemail explaining that the photos did not present any new evidence warranting a second inspection. (Ex. 4, State Farm Claim File, at SF.BATES_000049-00050).

16.     On Friday, April 2, 2021, State Farm Claims Specialist Anthony Mendoza called Plaintiff's son at Agent Lowder's request. (Ex. 4, State Farm Claim File, at SF.BATES_000049). Claims Specialist Mendoza explained the damage to the shingles documented by CS Dunnican-Jacome and Contractor Marks was not caused by hail. (Ex. 4, State Farm Claim File, at SF.BATES_000049). At the end of the call, Mendoza told Plaintiff's son that someone from the Proximity team would review his claim and be in contact with him. (Ex. 4, State Farm Claim File, at SF.BATES_000049); (Ex. 12, Depo. of Anthony Mendoza at 123:13-127:21).

17.     The following Monday, April 5, 2021, CS Dunnican-Jacome called Gary Bates and explained the damage on the shingles was caused by wear and tear. She further explained that soft metals can be damaged more easily than the shingles, which is why they exhibited hail damage (Ex. 4, State Farm Claim File, at SF.BATES_000049).

18.     Plaintiff's son emailed State Farm on April 8, 2021, submitting photos taken by Contractor Marks and asking for a reply from "upper management." (Ex. 4, State Farm Claim File, at SF.BATES_000279).

19.     On April 21, 2021, Claim Specialist Roshanda Pineset spoke to Plaintiff's son about his claim. Plaintiff's son relayed that he was not interested in discussing the claim, had already retained an engineer, and was seeking legal representation. (Ex. 4, State Farm Claim File, at SF.BATES_000048).

20.     State Farm will grant a second inspection when a Claim Specialist or Team Manager determines damage was missed, a mistake was made, or a policyholder failed to indicate some additional damage. (Ex. 13, Depo. of Sharon Arnold at 112:6-113:15).

## III.    SUMMARY JUDGMENT STANDARD

"[T]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). Where evidence is such that no reasonable jury could return a verdict for the non-moving party, the movant is entitled to judgment as a matter of law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52 (1986); *Garnett v. Gov. Emps. Ins. Co.*, 186 P.3d 935, 944 (Okla. 2008) ("Before the issue of an insurer's alleged bad faith may be submitted to the jury, the trial court must first determine as a matter of law, under the facts most favorably construed against the insurer, whether the insurer's conduct may be reasonably perceived as tortious.").

"Summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed to secure the just, speedy and inexpensive determination of every action." *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). A party seeking to avoid summary judgment must come forward with admissible evidence of a disputed fact that is ***material*** to the claim on which summary judgment is sought. *Starr v. Pearle Vision, Inc.*, 54 F.3d 1548 (10th Cir. 1995); *Thomas v. Int'l Bus. Machines*, 48 F.3d 478 (10th Cir. 1995).

## IV.   ARGUMENTS AND AUTHORITIES

### A.   PLAINTIFF'S BAD FAITH CLAIM FAILS AS A MATTER OF LAW.

This motion addresses only Plaintiff's bad faith cause of action and claim of entitlement to punitive damages. Regardless of whether Plaintiff prevails on his breach of contract claim, State Farm had a legitimate basis for disputing coverage.

To prevail on a claim of bad faith, a plaintiff must establish four elements by the greater weight of the evidence: (1) the plaintiff must be entitled to coverage under the policy; (2) the defendant's actions must be unreasonable under the circumstances; (3) the defendant must fail to deal fairly and act in good faith toward the plaintiff; and (4) the breach of the duty of good faith and fair dealing must be the direct cause of any damages sustained by the plaintiff. *Badillo v. Mid Century Ins. Co.*, 121 P.3d 1080, 1093 (Okla. 2005); *Ball v. Wilshire Ins. Co.*, 221 P.3d 717, 724 (Okla. 2009).

An insurer does not have "to be correct to avoid liability for bad faith." *Roesler v. TIG Ins. Co.*, 251 F. App'x 489, 506 (10th Cir. 2007). Even if an insured prevails on a breach of contract claim, bad faith on the part of the insurer is not presumed. *Id.* When there is a legitimate dispute, a cause of action for bad faith "will not lie." *Manis v. Hartford Fire Ins. Co.*, 681 P.2d 760, 762 (Okla. 1984); *Oulds v Principal Mut. Life Ins. Co.*, 6 F.3d 1431, 1442–45 (10th Cir. 1993) ("[T]he denial of a claim based upon a legitimate dispute does not imply bad faith."). Tort liability should not be imposed when there is a difference of opinion, but "only where there is a *clear showing* that the insurer unreasonably, and in bad faith, withholds payment of the claim of its insured." *McCorkle v. Great Atl. Ins. Co.*, 637 P.2d 583, 587 (Okla. 1981) (emphasis added) (citation omitted).

8

### 1.    State Farm's Conduct Was Reasonable.

An insurer may disagree with its insured without automatically suffering the adverse consequences of potential bad faith liability. *Christian v. Am. Home Assurance Co.*, 577 P.2d 899 (Okla. 1977). The insurer may "resist[] and litigate[] a claim made by its insured" without necessarily "breach[ing] its duty to act fairly and in good faith" and incurring tort liability. *Id.* at 904–05. Insurers are permitted to disagree with an insured, but tort liability should only be imposed when "there is a clear showing that the insurer *unreasonably, and in bad faith,* withholds payment of the claim of its insured." *Id.* at 905 (emphasis added); *see also Newport v. USAA*, 11 P.3d 190, 195 (Okla. 2000) ("The tort of bad faith does not foreclose the insurer's right to deny a claim, resist payment, or litigate any claim 'to which the insurer has a legitimate defense.'") (citations omitted).

A cause of action for bad faith "will not lie where there is a legitimate dispute." *Manis*, 681 P.2d at 762. Oklahoma courts consistently recognize a difference in opinion regarding the (1) evaluation of a claim, (2) cause of loss, or (3) amount of the loss does not constitute bad faith. *Id.* at 761 (citing *McCorkle*, 637 P.2d at 587). There is strong evidence of a legitimate dispute when "a reasonable jury could find in favor of the insurer based on all facts known *or that should have been known* by the insurer when it denied a claim.'" *Sellman v. Amex Assur. Co.,* 274 F. App'x 655, 658 (10th Cir. 2008) (unpublished) (emphasis in original) (quoting *Oulds*, 6 F.3d at 1442). An insured must do more than make a "mere allegation that an insurer breached the duty of good faith and fair dealing" to "entitle the litigant to submit the issue to a jury for determination." *Oulds*, 6 F.3d at 1436.

9

The Court's ruling in *Lopez v. Farmers Ins. Co., Inc.*, CIV–10–0584–HE, 2011 WL 1807158 (W.D. Okla. May 6, 2011), provides guidance. Therein, the plaintiff submitted a hail claim on his roof. *Id.* at *1. An adjuster met the insured's contractor on the roof, took photos during her inspection, and concluded the damage was due to wear and tear rather than hail damage. *Id.* The contractor disagreed, arguing the damage was caused by hail. *Id.* The insurer refused the plaintiff's request for a second inspection because his contractor was present during the inspection. *Id.* at *2. The court dismissed the plaintiff's bad faith claim on summary judgment, reasoning that "the insurer must conduct an investigation 'reasonably appropriate under the circumstances.'" *Id.* (quoting *Willis v. Midland Risk Ins. Co.*, 42 F.3d 607, 612 (10th Cir.1994)). Though the plaintiff argued the insurer erred by relying solely on the testimony of its adjuster, the court found such reliance did "not show that defendants' handling of the claim met 'the minimum level of culpability necessary for liability against an insurer to attach, [which] is more than simple negligence.'" *Id.* at *3. (quoting *Badillo* 121 P.3d at 1094). Because the plaintiff did not present evidence "that a more thorough investigation would have resolved the discrepancy involved in the legitimate dispute," his bad faith claim failed as a matter of law. *Id.* (quoting *Oulds*, 6 F.3d at 1442).

Similarly here, the Undisputed Material Facts establish nothing more than a difference of opinion regarding the cause of the damage. In both *Lopez* and the current case, the adjuster met the plaintiff's contractor on the roof and conducted the inspection in the contractor's presence. In both cases, the adjuster concluded that damage to the shingles

resulted from wear and tear rather than hail damage. In both cases, the contractor disagreed and requested a second inspection, and, in both cases, the insurer denied this request.

Plaintiff disagrees with State Farm's decision to deny his claim based on its conclusion that the damage was caused by wear and tear, not hail. This dispute is the crux of his case. But, like the insured in *Lopez*, Plaintiff has neither shown that State Farm overlooked any material facts nor made a showing that additional evidence would alter State Farm's ultimate decision. The basis of the bad-faith claim is simply a legitimate dispute as to whether State Farm had a reasonable basis to deny Plaintiff's claim under the Policy. Plaintiff's conclusory claim that State Farm did not act in good faith is not sufficient to challenge the reasonableness of State Farm's actions.

Instead, the evidence shows that State Farm's decision was based on the facts discovered within the course of its reasonable investigation. State Farm's adjuster contacted the Plaintiff and scheduled an inspection within days of the claim being initiated. *See* UMF No. 5. State Farm's adjuster conducted the inspection less than three weeks after the claim was first reported and concluded there was no hail damage to the shingles. *See* UMF No. 3, 6. Plaintiff's chosen contractor, who was also present on the roof, disagreed with her assessment. *See* UMF No. 8. When the contractor pushed back on her assessment, she confirmed her opinion with a supervisor before finalizing the inspection. *See* UMF No. 5. On the same day, she called Plaintiff and issued payment to repair the hail damage she found to the soft metals. *See* UMF No. 5

State Farm's "investigation need only be reasonable, not perfect." *Hayes v. State Farm Fire & Cas. Co.*, 855 F. Supp. 2d 1291, 1303 (W.D. Okla. 2012) (citing *Roberts v.*

11

*State Farm Mut. Auto. Ins. Co.*, 61 Fed. Appx. 587, 592 (10th Cir. 2003) (unpublished)). Plaintiff argues State Farm acted in bad faith by denying his request for a second inspection. Though State Farm never conducted a second in-person inspection, claims specialist and a team manager reviewed the photos taken by Plaintiff's contractor and agreed they exhibited only the damage initially discovered and specifically inspected by the adjuster. Because these photos did not show any damage that was overlooked or mischaracterized, Plaintiff was not entitled to another inspection under State Farm's guidelines. *See* UMF No. 20. State Farm did not act in bad faith simply because Plaintiff would have preferred that this "second look" be an on-site inspection rather than a review of his contractor's photos. *See Hayes*, 855 F. Supp. 2d at 1305 (granting summary judgment in favor of State Farm on plaintiff's bad faith claim because "[w]hile the investigation State Farm conducted was minimal, plaintiff again has not shown what relevant information a more thorough investigation would have produced that would have resulted in a different disposition of his claim").

### 2.    Plaintiff Cannot Meet His Burden to Establish Bad Faith.

When an insurer claims there is a legitimate dispute to coverage, an insured "must present evidence from which a reasonable jury could conclude that the insurer did not have a reasonable, good faith belief for withholding payment of the insured's claim." *Sellman v. Amex Assur. Co.*, 274 F. App'x 655 (10th Cir. 2008) (quoting *Oulds*, 6 F.3d at 1436). Thus, when an insurer's conduct was reasonable, a bad faith claim should not be submitted to the jury. *Garnett v. Gov. Emps. Ins. Co.*, 186 P.3d 935, 944 (Okla. 2008) ("Before the issue of an insurer's alleged bad faith may be submitted to the jury, the trial court must first

determine as a matter of law . . . whether the insurer's conduct may be reasonably perceived as tortious."); *City Nat'l Bank & Tr. Co. v. Jackson Nat'l Life Ins.*, 804 P.2d 463, 468 (Okla. Civ. App. 1990).

An insurer is not required to accede to all demands made by the insured. *Sellman*, 274 F. App'x at 656. The *Sellman* court noted that a "central issue in any analysis to determine whether breach [of the duty of good faith and fair dealing] has occurred is gauging whether the insurer had a good faith belief in some justifiable reason for the actions it took or omitted to take that are claimed violative of the duty of good faith and fair dealing." *Id.* at 658. Importantly, the Tenth Circuit recognized an insurer "*is not required to honor claims blindly upon an insured's request." Id.* at 659 (emphasis added).

Under Oklahoma law, "[t]he knowledge and belief of the insurer during the time period the claim is being reviewed is the focus of a bad-faith claim." *Buzzard v. Farmers Ins. Co.*, 824 P.2d 1105, 1109 (Okla. 1991) This means information provided to an insurer "after the denial of the claim" is not relevant for purposes of bad-faith liability. *Id.* at 1115 (emphasis in original); *Hale v. A.G. Ins. Co.*, 138 P.3d 567, 571–72 (Okla. Civ. App. 2006) ("[T]he analysis in bad faith cases indicates the cutoff for relevant evidence is the date of payment or denial of the claim."); *4100 Perimeter Ltd. P'ship v. Hartford Cas. Ins. Co.*, CIV-14-0641-HE, 2015 WL 5008410, at \*3 (W.D. Okla. Aug. 20, 2015) ("However, it is the denial of the claim-not the opening or closing of the claim file-which determines the relevant scope of conduct for a bad faith claim.") (citing *Buzzard*, 824 P.2d at 1109, 1115); *Oulds*, 6 F.3d at 1440 ("Given the facts known to [the insurer] at the time a decision on payment was required, there was a legitimate dispute concerning coverage . . . .").

13

State Farm is entitled to summary judgment as a matter of law on Plaintiff's bad faith claim. Because there is a legitimate dispute regarding the cause of the damage, Plaintiff must provide evidence that would allow a reasonable jury to conclude that State Farm did not have a reasonable, good faith belief for its decision. Plaintiff, however, has failed to meet this burden. The evidence shows that State Farm promptly investigated Plaintiff's claim and paid for covered hail damage. State Farm promptly reviewed additional photos submitted by the insured. When no new damage was found, State Farm issued a letter denying a second inspection and explaining its rationale.

Based on these undisputed facts, it is clear that State Farm reviewed all the information provided by the Plaintiff during the claims handling process and conducted a reasonable investigation. Nothing during the claim handling process suggests that material facts were overlooked or that a more "thorough" investigation would have yielded a different result. State Farm's actions cannot constitute bad faith as a matter of law, and the Court should therefore grant summary judgment in State Farm's favor on Plaintiff's bad faith claim.

### B.    PLAINTIFF CANNOT MEET THE BURDEN TO SUPPORT SUBMISSION OF PUNITIVE DAMAGES TO THE JURY.

If partial summary judgment is entered in favor of State Farm on Plaintiff's bad faith claim, Plaintiff's claim for punitive damages fails as a matter of law. *Peters v. Am. Life Ins. Co.*, 77 P.3d 1090, 1099 (Okla. Civ. App. 2003). If, for some reason, the Court permits Plaintiff to pursue a claim of bad faith, the Court should nonetheless grant partial summary judgment against Plaintiff on his request for punitive damages.

A plaintiff is not routinely entitled to punitive damages in a bad-faith case. Rather, the issue of whether punitive damages are appropriate is initially a question of law for the court. *Frank v. Mayberry*, 985 P.2d 773, 777 (Okla. 1999) ("The issue of whether the record contains enough evidence to justify a punitive damages award is a question of law."); *Sides v. John Cord Ses. Inc.*, 981 P.2d 301 (Okla. 1999); *Rodebush v. Okla. Nursing Homes, Ltd.*, 867 P.2d 1241, 1250 (Okla. 1993) (noting that Oklahoma's punitive damages statute "require[s] a preliminary determination before the question c[an] even be considered by the jury"). Whether a showing of "reckless disregard toward another's rights from which malice and evil intent may be inferred . . . has been made remains an issue of law for the trial court in its role as gatekeeper to determine." *Badillo*, 121 P.3d at 1106.

Oklahoma's punitive damages statute provides that a jury may not award punitive damages unless it finds by ***clear and convincing evidence*** that "[a]n insurer has recklessly disregarded its duty to deal fairly and act in good faith with its insured." 23 OKLA. STAT. § 9.1(B)(2). "[T]he availability of punitive damages in a case by an insured against his/her insurer for [bad faith] is not automatic, but rather is governed by the standard applicable in other tort cases." *Badillo*, 121 P.3d at 1106 (citing *Buzzard,* 824 P.2d at 1115).

> In the case of *Timmons v. Royal Globe Ins. Co.*, this Court acknowledged the applicability of the standard relating to punitive damages announced in *Cox v. Theus*, noting in turn that case's citation of *Oden v. Russell*, where this Court stated:

> Exemplary damages are imposed by the law on the theory of punishment to the offender, for the general benefit of society, and are allowed only in cases where fraud, oppression, gross negligence or malice, actual or presumed, enter into the cause of action, but a person may commit such willful acts in reckless disregard of another's rights that malice will be inferred.

15

*Timmons* involved a claim of bad faith dealing by an insurance company. Our recognition of the standard stated in *Oden v. Russell* as applicable in *Timmons* may only be read to indicate that the question of proof necessary to sustain a claim for punitive damages in a bad faith dealing case involving an insurance company is the same standard necessary to sustain such a claim in any case where punitive damages are sought under [23 O.S. § 9.1].

∗ ∗ ∗

The act which constitutes the cause of action must be actuated by or accompanied with some evil intent, or must be the result of such gross negligence—such disregard of another's rights—as is deemed equivalent to such intent.

*McLaughlin v. Nat'l Benefit Life Ins. Co.*, 772 P.2d 383, 387 (Okla. 1988) (citations omitted) (quoting *Oden v. Russell*, 251 P.2d 184, 185 (Okla. 1952), and *Slocum v. Phillips Petroleum Co.*, 678 P.2d 716, 719 (Okla. 1983)).

To permit an instruction of punitive damages to the jury, Plaintiff must show that State Farm acted with oppression, malice, fraud, gross negligence, or wantonness. *Id.* "Even where there is evidence to support the recovery of actual damages in a bad faith action against an insurer, submission of the issue of punitive damages to a jury may be improper." *Willis v. Midland Risk Ins. Co.*, 42 F.3d 607, 614–15 (10th Cir. 1994) (citing *McLaughlin*, 772 P.2d at 385, 387, 389). Punitive damages do not follow from every breach of the duty of good faith and fair dealing, nor in every case in which a jury may render a verdict for the wronged party. *Id.*

A plaintiff can succeed in establishing "bad faith" on the part of an insurer that is sufficient to support an award of actual damages, but insufficient to support submission of the issue of punitive damages. The "bad faith" must be accompanied by some "aggravating circumstance" to warrant submission of punitive damages to the jury under *McLaughlin*, while clear and convincing evidence of the requisite "evil intent" is required to submit the

16

issue of punitive damages that exceed the actual damages under [23 O.S.§ 9.1].

*Cooper v. Nat'l Union Fire Ins. Co.*, 921 P.2d 1297, 1299–1300 (Okla. Civ. App. 1996) (citations omitted).

In *Willis*, the Tenth Circuit provided examples of the tortious conduct that would open the door to punitive damages against an insurer: "adjuster falsified a report to negate coverage, the insurance company told the plaintiff that it would settle his claim if he dismissed his attorney, the company's investigator concealed his identity from the plaintiff, and the company knowingly obtained confidential information about the plaintiff without seeking his signature to authorize its disclosure." *Id*. (citing *Timmons v. Royal Globe Ins. Co.*, 653 P.2d 907, 916 (Okla. 1982)).

There is no evidence of any such conduct here. Although Plaintiff disagrees with State Farm's conclusion that damage to the Rental Property was not caused by hail and was not otherwise covered by the State Farm Policy, Plaintiff has not provided any evidence of "oppression, fraud, malice, or gross negligence," and a disagreement over coverage is not enough to state a claim for bad faith, much less a claim for punitive damages. *Christian*, 577 P.2d at 905 (recognizing that "disagreements between insurer and insured" are "not *per se* bad faith or unfair dealing on the part of the insurer").

Accordingly, this Court should conclude that punitive damages are not available as a matter of law.

17

## V.   CONCLUSION

The Undisputed Material Facts demonstrate State Farm had a legitimate basis for its partial denial of Plaintiff's claim. State Farm is therefore entitled to summary judgment on Plaintiff's bad faith and punitive damage theories as a matter of law.

Respectfully submitted,

*/s/ Paula M. Williams*
Lance E. Leffel, OBA #19511Paula M. Williams, OBA #30772
Taylor J. Freeman Peshehonoff, OBA #34424
**GABLEGOTWALS**
BOK Park Plaza
499 W. Sheridan Ave., Suite 2200
Oklahoma City, OK 73102-7101
lleffel@gablelaw.com
pwilliams@gablelaw.com
(405) 235-5500
(405) 235-2875 (fax)

***Attorneys for Defendant, State Farm Fire and Casualty Company***

18

## CERTIFICATE OF SERVICE

I hereby certify that on July 8, 2022, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Brad Miller, OBA #11437
J. Logan Johnson, OBA #12722
Shawna L. Landeros, OBA #31637
MILLER JOHNSON JONES
ANTONISSE & WHITE, PLLC
500 N.W. 6th Street, Suite 300
Oklahoma City, OK 73102-1219

*Counsel for Plaintiff*

*/s/ Paula M. Williams*
Paula M. Williams