**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| THOMAS H. BATES, | |
| Plaintiff, | |
| v. | Case No. CIV-21-00705-JD |
| STATE FARM FIRE AND CASUALTY COMPANY, | (District Court of Oklahoma County; Case No. CJ-2021-2627) |
| Defendant. | |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO EXCLUDE
TESTIMONY OF DEFENDANT'S EXPERT DEREK VANDORN
<u>AND BRIEF IN SUPPORT</u>**

Lance E. Leffel, OBA #19511
Paula M. Williams, OBA #30772
Taylor J. Freeman Peshehonoff, OBA #34424
**GABLEGOTWALS**
BOK Park Plaza
499 West Sheridan Avenue, Suite 2200
Oklahoma City, OK 73102-7101
lleffel@gablelaw.com
pwilliams@gablelaw.com
tpeshehonoff@gablelaw.com
(405) 235-5500
(405) 235-2875 (fax)

*Attorneys for Defendant,
State Farm Fire & Casualty Company*

Defendant, State Farm Fire and Casualty Company ("State Farm"), submits the following Response to the *Motion to Exclude the Testimony of Defendant's Expert Derek VanDorn* ("Mr. VanDorn") (the "Motion") filed by Plaintiff, Thomas H. Bates ("Plaintiff").  Because Mr. VanDorn is capable of providing relevant, reliable, and helpful testimony to the jury, State Farm respectfully requests that Plaintiff's Motion be denied.

## INTRODUCTION

Plaintiff made a claim on his State Farm home insurance policy due to alleged hail damage on the roof of his rental property. State Farm investigated this claim and determined the damage on Plaintiff's roof was the result of wear and tear. Plaintiff now pursues claims for breach of contract and bad faith against State Farm.

Plaintiff opens his Motion with a factually flawed and unsupported view of the testimony in this case. State Farm's adjuster assigned to Plaintiff's claim has clearly testified that she identified damages from wear, and even Plaintiff's contractor (and non-retained expert) testified when he met the adjuster she told him she "didn't see any hail or wasn't going to pay for hail or something like that." *See* Ex. 1, Dep. Dunnican-Jacome 82:21–83:8; Ex. 2, Dep. Marks 42:11–19. The adjuster *and* Team Manger also testified it

was the adjuster who made the determination as to a lack of hail damage. Ex. 1, Dep.

Dunnican-Jacome 82:21–83:8; Ex. 3, Dep. Draper Volume II 238:14-19.

Regardless, what matters for purposes of resolving this Motion is whether Mr.

VanDorn's testimony is reliable and helpful. It is both.

**ARGUMENT AND AUTHORITIES**

A party's expert witness may provide testimony based on "scientific, technical, or

**other specialized knowledge**" in accordance with FED. R. EVID. 702.  The Rule states:

> A witness who is qualified as an expert by knowledge, skill, experience,
> training, or education may testify in the form of an opinion or otherwise if:
>
> (a) the expert's scientific, technical, or other specialized knowledge will help
>     the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and
> (d) the expert has reliably applied the principles and methods to the facts of
>     the case.

FED. R. EVID. 702. To be admissible, expert testimony must be both relevant and reliable.

*Richardson v. Watco Cos., Inc.*, No. CIV-10-0047-HE, 2011 WL 12842517, at *1 (W.D.

Okla. Apr. 29, 2011). Here, Mr. VanDorn's testimony is reliable and helpful to the trier of

fact.

**I.    Mr. VanDorn's testimony is reliable.**

Plaintiff argues Mr. VanDorn "ignored facts leading to unreliable conclusions"

related to sheathing and roof damage. *See Motion* at 4. Mr. VanDorn's qualifications and

reliability on these points is clear, and Plaintiff's attempts to exclude his testimony should be denied.

On March 10, 2022, Mr. VanDorn inspected Plaintiff's property. He also reviewed State Farm's claim file, the file produced by Plaintiff's contractor and non-retained expert (Jonathan Marks at Aegis Roofing), residential codes relevant to Plaintiff's home, and the relevant installation instructions for the type of shingle at issue. *See Motion* at Exhibit 1, p.2. He also reviewed multiple photos of the roof, including (1) photos contained in the claim file (those from Plaintiff's contractor and those from State Farm's adjuster), (2) photos taken by engineer Corbin Swain, and (3) photos he took during his inspection. Mr. VanDorn's review of the facts of this case was meticulous and thorough.

A.    **Mr. Vandorn's testimony regarding sheathing is reliable.**

As to sheathing, Mr. Vandorn opines that Plaintiff's contractor incorrectly assumed that sheet decking was required by the Code. *See Motion* at Exhibit 1, p. 13. Plaintiff's sheathing is at issue because Plaintiff's contractor included replacing it in his estimate to replace the roof in its entirety. Plaintiff makes two arguments. First, Plaintiff argues that Mr. VanDorn ignored a Malarkey Technical Bulletin. *Motion* at 5–6. Second, Plaintiff argues Mr. VanDorn "does not even know the spacing between boards on the [Plaintiff's] roof" because he did not go into the attic of Plaintiff's home. *Motion* at 6.  Plaintiff's argument is premised on a manufacturer "recommendation" (not requirement) and a non-

sensical argument that Mr. VanDorn perform additional inspection to rebut a fact that is not in evidence.

Plaintiff's policy requires that a Code violation exist for there to be coverage. For context, the 2015 International Residential Code (the "Code") provides guidance as to sheathing. *See Motion* at Exhibit 1, p.14. The Code requires that asphalt shingles either be affixed to "solidly sheathed decks" *or* follow the "manufacturer's installation instructions." *Id.* (quoting R905.2.1). Mr. VanDorn reviewed the Code relevant to sheathing, as he articulates in his report.

Plaintiff ignores the permissive nature of the Code and instead focuses only on a "recommendation" provided in a Technical Bulletin that older wood board decks "be overlaid with code-compliant sheathing." *Motion* at Exhibit 3. Simply because the Technical Bulletin "strongly recommends" something does not mean that failure to abide by that "strong recommendation" creates a Code violation. Plaintiff's argument that Mr. VanDorn was not aware of this recommendation is without merit, as his report states:

> 7. Malarkey's installation instructions do go on to recommend installing sheet decking over wood board decks. However, a manufacturer's recommendation is not the same as the previously noted installation instruction requirement, and therefore, is not a building code requirement.

*Motion* at Exhibit 1, p.14. Plaintiff's statement that Plaintiff's roof "does not have what Malarkey calls . . . '*code-compliant sheathing*'" is inapposite. *Motion* at 5. Not only does the Code itself provide an *option* (not a mandate) to comply with the manufacturer's

instruction, but Mr. VanDorn's opinions are consistent with the manufacturer *installation instructions*. *See Motion* at 5.

Next, the Technical Bulletin provides clarity on how to install shingles on a one-by decking, which is the type of sheathing on Plaintiff's roof. *Motion* at 6, Exhibit 3. The Bulletin lays outs that gaps greater than one-quarter-inch gaps are a deficit. *Motion* at Exhibit 3. Mr. VanDorn testified that this one-quarter-inch gap is also industry standard. Ex. 4, Dep. VanDorn 171:20–22. Plaintiff believes Mr. VanDorn "ignored" facts by not affirmatively confirming the Plaintiff had one-quarter inch, or less, gaps in the sheathing. *See Motion* at 6. But Plaintiff ignores that there is *nothing in the record to indicate that the boards on Plaintiff's roof are greater than one-quarter inch*. There is nothing for Mr. VanDorn to ignore in the record, and his opinion as to the sheathing remains reliable.

Plaintiff argues Mr. VanDorn's testimony should be excluded because he "has both assumed inaccurate facts and ignored other facts material to the case that should have been considered." *Motion* at 6. A "strong recommendation" from a manufacturer does not create a Code violation. And there is no evidence in this case the roof has greater than one-quarter inch gaps.[1]

If Plaintiff truly believes that Mr. VanDorn's decision not to view the Plaintiff's attic is materially detrimental to his ultimate opinion, such attack is best left for cross-examination. *See, e.g.*, *In re Urethan Antitrust Litig.*, No. 04-1616-JWL, 2012 WL

---

[1] Tellingly, Plaintiff's non-retained expert witness produced no photographs of the decking at greater than 1/4" to support his opinion that the decking *did* need replaced.

6681783, at *3 (D. Kan. Dec. 21, 2012) ("The extent to which Dr. Solow considered the entirety of the evidence in the case is a matter for cross-examination."); *Jas Hospitality, LLC v. Auto-Owners Ins. Co.*, No. 15-cv-00967-LTB-MJW, 2016 WL 9711188, at *2 (D. Colo. Aug. 16, 2016) ("[Expert's] decision not to rely on the ISO report and the other facts JAS cites does not render his testimony inadmissible under Rule 702.").

Mr. VanDorn's testimony as to sheathing is reliable, and his testimony should be presented to the jury.

**B.      Mr. VanDorn's testimony regarding the damage to shingles is reliable.**

Mr. Vandorn observed during his inspection that the majority of blemishes occurred at shingles "edges." *See Motion* at Exhibit 1, p.19.  Mr. Vandorn ultimately opined that:

> 12. With the observed granular loss being widely limited to the shingles' edges combined with the lack of spatter to metal surfaces and to the wood fence, State Farm understandably concluded the granular loss was not related to hail impacts.

*See id.* Plaintiff challenges Mr. VanDorn's testimony regarding the location of the blemishes on the edge of the shingles — not the proposition that hail falls indiscriminately and should affect more than just shingle's edges.[2] Instead, Plaintiff's focus is on Mr. VanDorn's determination of what constitutes a shingle's edge. *See Motion* at 7–8.

Plaintiff argues that the testimony is unreliable pointing to an explanation Mr. VanDorn gave that "this is all unique to this case." *Id.* at 7. But Mr. VanDorn's statement

---

[2] Indeed, it is axiomatic that hail falls randomly within a weather system that is affected by wind, hail, and storm direction. Mr. VanDorn testified that he learned this during State Farm training during his time as an adjuster. Ex. 4 Dep. VanDorn at 75:15-23.

(taken out of context) was simply explaining that his definition of the breadth of a "shingles edge" was based on measurements taken by Corbin Swain, an engineer, who inspected and photographed the roof at Plaintiff's contractor's request. Mr. Swain took photos with a tape measure indicating the distance from the edge of the shingle to the blemish identified. The availability of such measurements for the blemishes Plaintiff identifies as hail damage are what makes this case "unique," as there are not often photographs that specifically outline the location of most blemishes on each shingle. *See* Ex. 4 Dep. VanDorn at 127:15–132:21. In this instance, almost three-fourths of the hail marks identified in Swain's photos showed that they were within one half inch from the edge of the shingle. *See Motion* at Exhibit 1, p.18.

Additionally, Plaintiff characterizes Mr. VanDorn's testimony as being so unique that no other entity "has attempted to conclude that something is or is not hail based on where the damage lays relative to the edge of a shingle." *Motion* at 7. But that ignores the fact that the State Farm adjuster noted something similar. *See* Ex. 4 Dep. VanDorn 135:21–136:1 (noting that the claim file "identif[ied] the damage being to the edges of the shingles as if that was some reason to dismiss it being hail"). There is thus other testimony in this case that other members of the industry identify the location of the damage across a roof as an indicator of whether the damage was caused by hail.

The location of the blemish is important because hail fall is random. And Plaintiff does not dispute that point. Curiously, Plaintiff takes issue with Mr. VanDorn's evaluation of a multitude of his own photos, as well as those taken by Mr. Swain and Mr. Marks (Plaintiff's contractor). Mr. Swain's tape measure showed blemishes that were not

distributed randomly across the roof, which ultimately supports Mr. VanDorn's conclusion that the blemishes that are widely limited to the shingles' edges *combined* with the adjuster's notation of a lack of spatter supported State Farm's conclusion that the granular loss was not related to hail impacts.

Mr. VanDorn's experience and knowledge indicates that hail damage on a roof will hit a shingle's face, *i.e.*, not the edge, just as often as it hits the shingle's edge. Mr. VanDorn's testimony is that "random" or "sporadic" or "indiscriminate" nature of hail damage is not seen in the photographs of Plaintiff's roof or during his inspection of Plaintiff's roof. Instead, the majority of blemishes that *could* be hail damage are found within one-half inch of the shingle's edge.

Plaintiff argues that the lack of peer-reviewed support to Mr. VanDorn's determination that the one-half inch measurement constitutes a shingle's edge makes Mr. VanDorn's testimony unreliable. *Motion* at 7. Not so. "The *Daubert* factors[, which include the scientific and technical analysis,] are 'meant to be helpful, not definitive,' and not all of the factors will be pertinent in every case." *United States v. Baines*, 573 F.3d 979, 992 (10th Cir. 2009) (quoting *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 150–51 (1999)). "Thus, in non-scientific cases, the *Daubert* factors 'may or may not be pertinent in assessing reliability, depending on the nature of the issue, the expert's particular expertise, and the subject of his testimony.'" *McNeese v. Access Midstream Partners, L.P.*, No. CIV-14-503-D, 2016 WL 9211747, at *3 (W.D. Okla. May 18, 2016) (quoting *Kumho Tire*, 526 U.S. at 150).

Plaintiff challenges Mr. VanDorn's opinions based on the premise that they are not "peer reviewed." Mr. VanDorn's experience and knowledge on this issue is reliable without support from a peer-reviewed publication. "Where an expert testifies based on experience, the tribunal reviews the reliability of the testimony with reference to 'the nature of the issue, the expert's particular expertise, and the subject of the testimony.'" *Bill Barrett Corp. v. YMC Royalty Co., LP*, 918 F.3d 760, 770 (10th Cir. 2019) (citations omitted); *see also United States v. Nacchio*, 555 F.3d 1234, 1258 (10th Cir. 2009) (*en banc*) (recognizing that an expert's testimony can be based on experience if it is the right type of experience and supports a conclusion that the expert's opinion on a subject is reliable).

Mr. VanDorn has twenty-four (24) years of experience in the industry, including almost a decade of experience working for State Farm. *Motion* at Exhibit 1, p.20. Inspecting roofs is the foundation of Mr. VanDorn's entire career. In March 2022, Mr. VanDorn personally inspected Plaintiff's roof, reviewed numerous documents and photographs from others, including photographs closer in date to Plaintiff's alleged date of loss, and then applied his decades of industry experience and knowledge to his findings.

Based on Mr. VanDorn's experience and knowledge over twenty (20) years in this industry, his testimony as to the roof and how hail damage affects shingles is reliable.

## II.     Mr. VanDorn is qualified to testify, and his testimony is helpful to the trier of fact.

Plaintiff next challenges Mr. VanDorn's testimony stating that he is unqualified to provide opinions and that those opinion are not helpful to the trier of fact. *Motion* at 8–10. The reasonableness of State Farm's determination that the blemishes on Plaintiff's roof

were the result of normal wear and tear, not hail damage, is certainly a key dispute in this case. Mr. VanDorn's expert opinion focuses on the reasonableness of State Farm's estimate and conclusion. *See Motion* at Exhibit 1, p.15. He does not, however, determine conclusively whether hail caused the blemishes on the roof. But that does not make his testimony less helpful to the jury.

Plaintiff challenges Mr. VanDorn as unqualified because he is a construction consultant and not a licensed insurance adjuster.[3] Mr. VanDorn's years of experience with State Farm as a licensed adjuster, though, provide him knowledge and insight into the basics of claims handling. He combines that knowledge with his continued experience as a construction consultant to opine:

> **Opinion #2:** State Farm appears to have followed industry standard methods when evaluating the subject property for storm-related damages. The file documentation demonstrates an evaluation was made of each directional slope of the roof and each exterior elevation. Based on the inspection's conclusions, the estimate reasonably represents the cost to repair the noted damages.

*Motion* at Exhibit 1, p.15. He goes on to support this opinion by noting that "State Farm was right to consider other causes based on these observations." *Id.* at 16. Finally, Mr. VanDorn opines that "State Farm understandably concluded the granular loss was not related to hail impacts." *Id.* at 19.

---

[3] Ironically, Plaintiff's non-retained expert used to work for State Farm as a Team Manager and has since been a roofing contractor, yet Plaintiff plans to offer him to opine on evaluating the damage to Plaintiff's shingles as well as State Farm's purported "pattern and practice" with regard to roof claims. That Plaintiff pretends to take issue with State Farm's expert is ironic at best, and disingenuous at worst.

Plaintiff would like to exclude Mr. VanDorn as unqualified because he will not commit to saying the blemishes were absolutely caused or were absolutely not caused by hail. Mr. VanDorn opines that given his experience and knowledge in construction and claims adjusting, (1) State Farm rightfully considered other causes outside of hail damage based on the location of the blemishes and lack of spatter and (2) it was not unreasonable for State Farm to conclude that the blemishes were not caused by hail damage. Plaintiff is free to cross-examine Mr. VanDorn regarding whether the blemishes could possibly be hail and why he cannot reach a concrete "yes" or "no" on that issue. Mr. VanDorn even provided an explanation on other possible causes of those blemishes. Ex. 4 Dep. VanDorn at 106:16–20. And despite Plaintiff's position that Mr. VanDorn did not rule out hail as a possible cause of the blemishes, Mr. VanDorn did affirmatively testify that such damage was not the result of *recent* hail fall. *See* Ex. 4 Dep. VanDorn at 105:11–22.

Further, considering all possibilities for damage to Plaintiff's roof is an indication of Mr. VanDorn's reliability. Courts have indicated that failure to consider alternative causes for damage could be grounds for exclusion. *See, e.g., Taber v. Allied Waste Sys.*, 642 F. App'x 801, 810–811 (10th Cir. 2016) (affirming the trial court's exclusion of expert opinion as unreliable for failing to exclude alternative causes of injury since experts must "excuse those alternative explanations that are 'obvious' – i.e., where there is an 'established connection between certain possible causes and [the injury]'") (quoting *Bitler v. A.O. Smith Corp.*, 400 F.3d 1227, 1238 n.6 (10th Cir. 2005)); *see also Michaels v. Avitech, Inc.*, 202 F.3d 746, 753 (5th Cir. 2000) (failure of an expert to rule out other causes renders opinions likely inadmissible under *Daubert*); *McNabney v. Lab. Corp. of Am.*, 153

F. App'x. 293, 295 (5th Cir. 2005) (affirming the trial court's exclusion of expert testimony as unreliable because the expert "failed to exclude other possible causes of [the plaintiff's] injury"); *Cooper v. Smith & Nephew, Inc.*, 259 F.3d 194, 202 (4th Cir. 2001) ("[I]f an expert utterly fails to consider alternative causes or fails to offer an explanation for why the proffered alternative cause was not the sole cause, a district court is justified in excluding the expert's testimony."). The fact that Mr. VanDorn considered all possible causes for the blemishes to Plaintiff's roof only supports that he is a reliable expert.

Given Mr. VanDorn's experience and expertise in this industry, he is certainly qualified to draw these conclusions when the facts support them, like they do here. These opinions will undoubtedly be helpful to the jury who must traverse through what is and is not hail damage. Mr. VanDorn's testimony as to the reasonableness of State Farm's questioning the cause of the blemishes is helpful on this exact point.

## **CONCLUSION**

Mr. VanDorn's testimony is reliable and helpful. For these reasons, State Farm requests that Plaintiff's Motion to Exclude Defendant's Expert Derek VanDorn be denied.

Respectfully submitted,

*/s/ Taylor J. Freeman Peshehonoff*
Lance E. Leffel, OBA #19511
Paula M. Williams, OBA #30772
Taylor J. Freeman Peshehonoff, OBA #34424
**GABLEGOTWALS**
BOK Park Plaza
499 W. Sheridan Ave., Suite 2200
Oklahoma City, OK 73102-7101

13

lleffel@gablelaw.com
pwilliams@gablelaw.com
tpeshehonoff@gablelaw.com
(405) 235-5500
(405) 235-2875 (fax)

***Attorneys for Defendant,***
***State Farm Fire and Casualty Company***

14

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 29, 2022, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Brad Miller, OBA #11437
J. Logan Johnson, OBA #12722
Shawna L. Landeros, OBA #31637
MILLER JOHNSON JONES
ANTONISSE & WHITE, PLLC
500 N.W. 6th Street, Suite 300
Oklahoma City, OK 73102-1219

***Counsel for Plaintiff***

*/s/ Taylor J. Freeman Peshehonoff*
Taylor J. Freeman Peshehonoff
