**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| THOMAS H. BATES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. CIV-21-00705-JD |
| v. | ) | |
| | ) | |
| STATE FARM FIRE AND CASUALTY | ) | |
| COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

**STATE FARM FIRE AND CASUALTY COMPANY'S**
**TRIAL BRIEF**

Lance E. Leffel, OBA No. 19511
Paula M. Williams, OBA No. 30772
Taylor J. Freeman Peshehonoff, OBA No. 34424
**GABLEGOTWALS**
BOK Park Plaza
499 W. Sheridan Ave., Suite 2200
Oklahoma City, Oklahoma 73102
Telephone: 405-235-5500
Facsimile: 405-235-2875
Email:     lleffel@gablelaw.com
           pwilliams@gablelaw.com
           tpeshehonoff@gablelaw.com

*Attorneys for Defendant, State Farm Fire and*
*Casualty Company*

**DATED:**     **October 7, 2022**

i

# TABLE OF CONTENTS

EVIDENCE ............................................................................................................... 1

LEGAL AND FACTUAL ISSUES FOR TRIAL ................................................... 3

    Breach of Contract. ........................................................................................... 3

        State Farm's Obligations Under the Policy. ................................................ 3

        State Farm did not breach the terms of the Policy. ...................................... 5

        Any contract damages awarded to Plaintiff for roof surface repairs. .......... 6

    Bad Faith Claim ............................................................................................... 7

        Oklahoma's Bad Faith Law. ........................................................................ 7

        The Facts of the Loss Demonstrate the Existence of a Legitimate Dispute. .............. 9

        State Farm's conduct was reasonable and dealt in good faith with Plaintiff. ............ 10

        Plaintiff has not suffered consequential damages. ....................................... 12

    There is No Evidence to Support an Award of Punitive Damages. .............................. 13

## <u>TABLE OF AUTHORITIES</u>

**<u>Cases</u>**

*Badillo v. Mid Century Ins. Co.*,
   121 P.3d 1080, 1093–94 (Okla. 2005)............................................................ 10, 11, 13

*Bailey v. Farmers Ins. Co.*,
   137 P.3d 1260, 1264 (Okla. Civ. App. 2006) ................................................. 9

*Brown v. Patel*,
   157 P.3d 117, 129 (Okla. 2007) .................................................................... 10

*Buzzard v. Farmers Ins. Co.*,
   824 P.2d 1105, 1109 (Okla. 1991) ................................................................ 9

*CIT Fin. Servs., Inc. v. McDermitt*,
   544 P.2d 913, 915 (Okla. Civ. App. 1975 ..................................................... 3

*Davis v. GHS HMO, Inc.*,
   22 P.3d 1204, 1210 (Okla. 2001) .................................................................. 7

*Digit. Design Grp., Inc. v. Info. Builders, Inc.*,
   24 P.3d 834, 843 (Okla. 2001 ....................................................................... 3

*Ellis v. State Farm Fire & Cas. Co.*,
   322 F. App'x 594 (10th Cir. 2009) ................................................................ 8

*Ellis v. State Farm Fire & Cas. Co.*,
   No. CIV-07-410, 2008 WL 11389373, at *6 (E.D. Okla. July 14, 2008) ....... 8

*Expertise, Inc. v. Aetna Fin. Co.*,
   810 F.2d 968, 972 (10th Cir. 1987) ............................................................... 8

*Frank v. Mayberry*,
   985 P.2d 773, 777 (Okla. 1999) .................................................................... 13

*Garnett v. Gov. Emps. Ins. Co.*,
   186 P.3d 935, 944 (Okla. 2008) .................................................................... 10

*Hayes v. State Farm Fire & Cas. Co.*,
   855 F. Supp. 2d 1291, 1303 (W.D. Okla. 2012)........................................... 11

*Manis v. Hartford Fire Ins. Co.*,

681 P.2d 760 (Okla. 1984) ............................................................................... 9

*McCorkle v. Great Atl. Ins. Co.*,
   637 P.2d 583, 587 (Okla. 1981) ................................................................... 10

*Morgan v. Provident Life & Accident Ins. Co.*,
   No. CIV-20-180-D, 2021 WL 1177592, at *6 (W.D. Okla. Mar. 26, 2021) ................. 8

*Myers v. Lashley*,
   44 P.3d 553, 563 (Okla. 2002) ................................................................... 11

*Oldenkamp v. United Am. Ins. Co.*,
   619 F.3d 1243, 1249 (10th Cir. 2010) ........................................................ 8

*Oulds v. Principal Mut. Life Ins. Co.*,
   6 F.3d 1431, 1439–42 (10th Cir. 1993) ...................................................... 9

*Peters v. Am. Income Life Ins. Co.*,
   77 P.3d 1090 (Okla. Civ. App. 2002) ......................................................... 9

*Peters v. Am. Life Ins. Co.*,
   77 P.3d 1090, 1099 (Okla. Civ. App. 2003) ............................................... 13

*Porter v. Okla. Farm Bureau Mut. Ins. Co.*,
   330 P.3d 511, 518 (Okla. 2000) ................................................................ 10

*Roberts v. State Farm Mut. Auto. Ins. Co.*,
   61 F. App'x 587, 592 (10th Cir. 2003) ...................................................... 11

*Rodebush ex rel. Rodebush v. Okla. Nursing Homes, Ltd.*,
   867 P.2d 1241, 1250 (Okla. 1993) ............................................................ 13

*Roesler v. TIG Ins. Co.*,
   251 F. App'x 489, 501 (10th Cir. 2007) ..................................................... 9

*Skinner v. John Deere Ins. Co.*,
   998 P.2d 1219, 1223 (Okla. 2000) ............................................................ 9

*Taylor v. State Farm Fire & Cas. Co.*,
   981 P.2d 1253, 1258 (Okla. 1999) ............................................................ 7

**Statutes**

23 O.S. § 22 ......................................................................................................... 9

23 O.S. § 9.1(B)(2) ............................................................................................. 16

Defendant, State Farm Fire and Casualty Company ("State Farm"), submits this Trial Brief outlining the legal and factual issues for trial. State Farm submits its Motions *in Limine* contemporaneously with this Brief, which outline additional legal and evidentiary issues for the Court. In the interest of brevity, State Farm does not repeat those arguments here, but incorporates them by reference. Also, for a more detailed factual background, State Farm refers the Court to its Motion for Partial Summary Judgment [Doc. No. 43], which is also incorporated by reference.

As shown below, Plaintiff cannot meet his burden to prove (1) that State Farm breached his rental dwelling insurance policy, (2) that State Farm did not have a legitimate good faith basis for its actions, (3) that State Farm violated its duty of good faith and fair dealing, or (4) that State Farm's actions warrant the jury's consideration of punitive damages.

## EVIDENCE

In May 2019, Plaintiff's contractor inspected Plaintiff's roof and identified alleged hail damage. In response, the contractor noted in his file he was not sure if the damage he identified was enough to make a claim. Still in 2019, the contractor recommended Plaintiff add OL coverage to cover eventual decking.

In January 2021, before the contractor inspected again, he followed up with Plaintiff's son,[1] texting "Are you still wanting to get that roof replaced. We can use a

---

[1] Plaintiff, who is 97 years old, does not remember speaking to anyone (including his son) about this claim and testified he has no thoughts on what State Farm did wrong on the claim. Plaintiff's claim was handled by his son, Gary Bates.

1

hailstorm we had in July for a claim or we can just wait until the next storm." The loss was reported February 4, 2021 and assigned a date of loss of July 3, 2020.

State Farm's adjuster promptly inspected the property and told Plaintiff's contractor she saw wear and tear. Because the two disagreed, they inspected the roof (again) together. During this joint walk through, the contractor pointed to a blemish, and the adjuster said it "might" be hail. Due to their disagreement, the adjuster texted photos to her team manager, Jacqueline Draper ("TM Draper"), for a second opinion. TM Draper asked questions to confirm the thoroughness of the investigation and provided an opinion of what she saw in the photos. Ultimately, the adjuster stood by her original decision that the roof shingles exhibited only wear and tear and issued payment for soft metal damage, less Plaintiff's deductible.

The contractor submitted additional photos requesting a second inspection. Both the adjuster and TM Draper reviewed the additional photos and agreed the pictures showed the same wear and tear to the shingles that had already been observed at the inspection. Accordingly, State Farm denied Plaintiff's request for a second inspection. After a number of communications and conversations with State Farm claims specialists about the second inspection request, Plaintiff demanded a reply from "upper management" and then advised he was seeking legal counsel roughly two months after the inspection.

Defendant's expert witness, Derek VanDorn, will explain that most of the blemishes are located at the shingles' edges, which is not what is expected with indiscriminate hail. This fact, combined with the lack of spatter (both during the adjuster's inspection and Mr. VanDorn's inspection), indicated the marks were the result of normal weathering, wear,

tear and deterioration or damage, whether caused by hail or other causes significantly pre-dating the policy period or reported date of loss.

Based on deposition testimony, on August 22, 2022, State Farm issued an additional payment for $425.13 along with an updated State Farm Estimate to cover two potentially missed pipe jacks, Plaintiff's mailbox, and adjusted the depreciation of the roof. The only remaining contractual issue is whether the remainder of the roofing surface required replacement due to a covered loss.

## LEGAL AND FACTUAL ISSUES FOR TRIAL

### I.    Breach of Contract.

To prevail on his claim for breach of contract, Plaintiff must establish: (1) formation of a contract, (2) breach of the contract, and (3) damages directly resulting from the breach. *See Digit. Design Grp., Inc. v. Info. Builders, Inc.*, 24 P.3d 834, 843 (Okla. 2001); *see also* Oklahoma Uniform Jury Instruction ("OUJI") No. 23.1. Additionally, "[i]n order to recover on an insurance policy the insured must meet the conditions of the policy." *CIT Fin. Servs., Inc. v. McDermitt*, 544 P.2d 913, 915 (Okla. Civ. App. 1975). Here, the evidence will show: (1) the damage to the roofing surface on Plaintiff's rental property was not covered by the Policy; and (2) State Farm did not breach the terms of the Policy.

### A.    State Farm's Obligations Under the Policy.

Plaintiff's Rental Property was covered by a State Farm Rental Dwelling Policy ("Policy"), which had a policy term of October 10, 2019 to October 10, 2020. (**Ex. 1**, State Farm Policy, SF.BATES_00001–000029). Plaintiff's Policy insured for "accidental direct

physical loss to the property[.]" (*Id.* at SF.BATES_000008). The Policy included an "Actual Cash Value Roof Coverage Endorsement," which stated: "Loss to the roofing surfacing will be settled at actual cash value at the time of loss but not exceeding the amount necessary to repair or replace." (*Id.* at SF.BATES_000023).

The Policy also included:

### SECTION I – LOSSES INSURED

### COVERAGE A – DWELLING AND COVERAGE B - PERSONAL PROPERTY

We insure for accidental direct physical loss to the property described in Coverage A and Coverage B, except as provided in Section I - Losses Not Insured.

### SECTION I – LOSSES NOT INSURED

1.      We do not insure for loss to the property described in Coverage A and Coverage B either consisting of, or directly and immediately caused by, one or more of the following:

* * *

i.      wear, tear, marring, scratching, deterioration, inherent vice, latent defect and mechanical breakdown;

(**Ex. 1**, State Farm Certified Policy at 5–6, SF.BATES_000008–000009).

The Policy also required immediate notice of any loss:

### SECTION I – CONDITIONS

2.      **Your Duties After Loss.** In case of a loss to which this insurance may apply, you shall see that the following duties are performed:

a.      give immediate notice to us or our agent . . . .

(**Ex. 1**, State Farm Certified Policy at 7, SF.BATES_000010).

4

Finally, Plaintiff's Policy required "No action shall be brought unless there has been compliance within the policy provisions. The action must be started within one year after the date of loss or damage." (*Id.* at SF.BATES_000024).

### B.    State Farm did not breach the terms of the Policy.

Here, the contractor's own notes show he identified hail damage on May 6, 2019, noting the roof "[h]as some hail damage but not sure enough." (**Ex. 2**, Aegis Roofing_000118). This was twenty-one months before the damage was reported to State Farm. Before he inspected again, the contractor followed up with Plaintiff's son on January 7, 2021 "to see if he wants to go ahead and file a claim or wait until next storm." (**Ex. 2**, Aegis Roofing_000118).

Under oath, the contractor recalled that when he arrived at Plaintiff's home for the inspection in February 2021, the adjuster "didn't see any hail or wasn't going to pay for hail or something like that." (**Ex. 3**, Marks Dep. 42:11–43:8). This is consistent with the adjuster's text messages to TM Draper, which states, "Anyway told roofer it was wear his name Jonathan marks." (**Ex. 4**, BATET00001597PROD). The contractor now claims he showed the adjuster a broken mat, however, in the twenty-five photos the contractor submitted to State Farm, not one showed a broken mat.

Indeed, the marks on Plaintiff's shingles are not consistent with a covered accidental direct physical loss. Hail falls indiscriminately, yet these marks were nearly all close to the shingles' edges, and there was no spatter present. And, while the contractor clearly found damage to the roof in May 2019, it was not reported to State Farm, despite the Policy's

requirements to provide immediate notice to State Farm. The loss was not reported by Plaintiff for seven months after the claimed date of loss,

State Farm did not breach the terms of the Policy by determining Plaintiff's damage was the result of wear, tear, or other deterioration, rather than a covered accidental direct physical loss that was immediately reported to State Farm. As such, Plaintiff cannot establish a breach of the Policy.

### C.    Any contract damages awarded to Plaintiff for roof surface repairs (or replacement) must subtract depreciation.

Even if Plaintiff could prove a breach of the Policy, he would be entitled only to the damages he proves were directly caused by such a breach. "The detriment caused by the breach of an obligation to pay money only is deemed to be the amount due by the terms of the obligation, with interest thereon."   23 O.S. § 22. Contract damages are generally measured by the amount of money needed to put a plaintiff in as good a position as a plaintiff would have been in if the contract had not been breached. *See* OUJI No. 23.51

There is no dispute the Policy period (October 10, 2019 to October 10, 2020) covered accidental direct physical loss caused by hail from the July 3, 2020 storm. The parties dispute whether the roof shingles suffered such damage. Even if Plaintiff succeeds in that regard, however, any payment owed to Plaintiff would be for actual cash value, less his deductible. Plaintiff's Policy included an Actual Cash Value Endorsement for Roof Surface Losses, which modifies the Policy language to cover actual cash value for damage to roof surfaces (which subtracts depreciation of those items), rather than replacement cost benefits, which do not subtract depreciation. (**Ex. 1**, Certified Policy at SF.BATES_000020

(defining "actual cash value" as "the estimated cost to repair or replace such property, less a deduction to account for pre-loss depreciation")). As such, if the jury were to find State Farm should have paid for additional item or items on the roof surface, it must subtract depreciation from the repair or replacement cost of the item or items. Plaintiff's estimate does not factor in depreciation for damage to roof surfaces, and therefore this estimate does not provide an accurate measure of contract damages should Plaintiff prevail on this claim.

Additionally, Plaintiff has not provided any evidence that the roof, which has plank decking, required re-decking during any replacement. Sheathing, as it relates to wooden roof decking, is only an issue with respect to Plaintiff's alleged damages because Plaintiff's contractor, who replaced the roof in 2012, included decking in his estimate for a full roof replacement in this claim. Plaintiff relies on a manufacturer "recommendation" (not requirement) and ignores installation instructions permitting installation over plank decking with widths not greater than one-quarter inch between planks. There has been no evidence in this case that the boards on Plaintiff's roof are greater than one-quarter inch apart and require replacement. Accordingly, decking, should not be included in Plaintiff's contract damages.

## II.    Bad Faith Claim

### A.    Oklahoma's Bad Faith Law.

Plaintiff's inability to prove a breach of the Policy is also fatal to his claim for bad faith. In Oklahoma, "a determination of liability under the contract is a prerequisite to a recovery for bad faith breach of an insurance contract." *Davis v. GHS HMO, Inc.*, 22 P.3d 1204, 1210 (Okla. 2001); *see also Taylor v. State Farm Fire & Cas. Co.*, 981 P.2d 1253,

1258 (Okla. 1999) (indemnity for loss under the contract is the centerpiece of a bad faith cause of action); *Expertise, Inc. v. Aetna Fin. Co.*, 810 F.2d 968, 972 (10th Cir. 1987) (holding plaintiff must establish a binding agreement has been breached before invoking a bad faith cause of action); *Morgan v. Provident Life & Accident Ins. Co.*, No. CIV-20-180-D, 2021 WL 1177592, at *6 (W.D. Okla. Mar. 26, 2021) (citing *Oldenkamp v. United Am. Ins. Co.*, 619 F.3d 1243, 1249 (10th Cir. 2010) (applying Oklahoma law)) ("where . . . an insurer did not breach the insurance contract by denying coverage, . . . [the] insurer's denial of coverage was not unreasonable" and an insured's bad faith claim will be dismissed); *Ellis v. State Farm Fire & Cas. Co.*, No. CIV-07-410, 2008 WL 11389373, at *6 (E.D. Okla. July 14, 2008), *aff'd*, *Ellis v. State Farm Fire & Cas. Co.*, 322 F. App'x 594 (10th Cir. 2009) (same).

Only if Plaintiff prevails on his claim for breach of the Policy, and this Court allows the submission of Plaintiff's claim of bad faith to go to the jury, will the jury be permitted to consider the issue of bad faith. To recover damages for bad faith, Plaintiff will be required to prove: (1) State Farm was required under the Policy to pay Plaintiff's claim; (2) State Farm's failure to pay the claim in full was unreasonable under the circumstances because *it had no reasonable basis* for the refusal; (3) State Farm did not deal fairly and in good faith with Plaintiff; and (4) State Farm's violation of its duty of good faith and fair dealing was the direct cause of the injury sustained by Plaintiff. *See* OUJI No. 22.2.

**B.     The Facts of the Loss Demonstrate the Existence of a Legitimate Dispute.**

Bad faith does not arise when there is a legitimate dispute over payment of the claim. An insurer has a right to deny a claim, resist payment, or litigate any claim to which the insurer has a valid defense. The decisive question is whether the insurer had a good-faith belief, at the time its performance was requested, that it had a justifiable reason for withholding payment under the policy. *Oulds v. Principal Mut. Life Ins. Co.*, 6 F.3d 1431, 1439–42 (10th Cir. 1993); *Buzzard v. Farmers Ins. Co.*, 824 P.2d 1105, 1109 (Okla. 1991); *Manis v. Hartford Fire Ins. Co.*, 681 P.2d 760 (Okla. 1984); *Peters v. Am. Income Life Ins. Co.*, 77 P.3d 1090 (Okla. Civ. App. 2002).   If there is a legitimate dispute concerning coverage or no conclusive precedential legal authority on an issue, withholding payment is not unreasonable or bad faith. *Bailey v. Farmers Ins. Co.*, 137 P.3d 1260, 1264 (Okla. Civ. App. 2006).

At best for Plaintiff, there is a difference of opinion between the parties as to the cause or scope of damage from the date of loss, which is not sufficient for a bad faith claim. *Manis*, 681 P.2d at 762; *Skinner v. John Deere Ins. Co.*, 998 P.2d 1219, 1223 (Okla. 2000); *Roesler v. TIG Ins. Co.*, 251 F. App'x 489, 501 (10th Cir. 2007) (recognizing "'[l]egitimate disagreements can arise concerning the amount of coverage, cause of loss, and breach of policy conditions, and the tort of bad faith does not prevent the insurer from resisting payment or resorting to a judicial forum to resolve a legitimate dispute' . . . In such cases, '[r]esort to a judicial forum is not per se bad faith or unfair dealing on the part of the insurer regardless of the outcome of the suit'").

There exists a legitimate dispute as to State Farm's conclusion that wear and tear, not hail, caused the damage. Plaintiff's own contractor provides testimony that belies Plaintiff's theory that TM Draper was the decisionmaker. Further, the adjuster's testimony remains that she had *already determined* the damage was wear and tear *before* texting photos to TM Draper. When the adjuster said a blemish "might be hail," she reached out to her supervisor for a second opinion. The adjuster then stood by her original decision that the blemishes were the result of wear, tear, and deterioration.

Even if State Farm's decision was incorrect, "Oklahoma law does not require the insurer's position in a dispute to be correct to avoid liability for bad faith." *Roesler*, 251 F. App'x at 506; *see also Porter v. Okla. Farm Bureau Mut. Ins. Co.*, 330 P.3d 511, 518 (Okla. 2000) (affirming dismissal of a bad faith claim because the property insurer's refusal to follow an unpublished Court of Civil Appeals opinion which would have required coverage "does not constitute an act of bad faith").

### C. State Farm's conduct was reasonable and dealt in good faith with Plaintiff.

If the Court finds State Farm's conduct was reasonable, Plaintiff's bad faith claim should *not* be submitted to the jury. *See Garnett v. Gov. Emps. Ins. Co.*, 186 P.3d 935, 944 (Okla. 2008); *Jackson Nat'l*, 804 P.2d at 468–69. A central issue is "whether the insurer had a good faith belief in some justifiable reason for the actions it took or omitted to take that are claimed violative of the duty of good faith and fair dealing." *Brown v. Patel*, 157 P.3d 117, 129 (Okla. 2007) (citing *Badillo v. Mid Century Ins. Co.*, 121 P.3d 1080, 1093–94 (Okla. 2005)). Tort liability should not be imposed when there is a difference of

opinion, but "only where there is a *clear showing* that the insurer unreasonably, and in bad faith, withholds payment of the claim of its insured." *McCorkle v. Great Atl. Ins. Co.*, 637 P.2d 583, 587 (Okla. 1981) (emphasis added) (citation omitted).

Importantly, the "reasonableness" and "bad faith" elements of the cause of action are separate and distinct elements. It is not enough to establish State Farm's conduct was unreasonable. To recover, Plaintiff must prove State Farm's failure to pay the claim in full "was unreasonable under the circumstances because it had no reasonable basis for the refusal" ***and*** "State Farm did not deal fairly and in good faith with Plaintiffs." *Id.* To recover damages for bad faith, Plaintiff must show *intentional* conduct by State Farm, rising beyond mere negligence. *Myers v. Lashley*, 44 P.3d 553, 563 (Okla. 2002) ("Bad faith is also not shown where the insurer's personnel made errors in the processing of a claim even where such errors rise to the level of negligence, as evidence of an insurer's internal negligence in handling a claim is not probative of the issue of bad faith. Bad faith and negligence are not synonymous."); *Badillo v. Mid Century Ins. Co.*, 121 P.3d 1080, 1094 (Okla. 2005) ("[T]he minimum level of culpability necessary for liability against an insurer to attach is more than simple negligence, but less than the reckless conduct necessary to sanction a punitive damage award against said insurer.").

State Farm's "investigation need only be reasonable, not perfect." *Hayes v. State Farm Fire & Cas. Co.*, 855 F. Supp. 2d 1291, 1303 (W.D. Okla. 2012) (citing *Roberts v. State Farm Mut. Auto. Ins. Co.*, 61 F. App'x 587, 592 (10th Cir. 2003) (unpublished)). The evidence shows State Farm's decision was based on the facts discovered within the course of its reasonable investigation. State Farm's adjuster contacted the Plaintiff and scheduled

11

an inspection within days of the claim being initiated. State Farm's adjuster conducted the inspection less than three weeks after the claim was first reported and concluded there was no hail damage to the shingles. Plaintiff's chosen contractor, who was also present on the roof, disagreed with her assessment. When the contractor pushed back on her assessment, the adjuster confirmed her opinion with a supervisor before finalizing the inspection. On the same day, she called Plaintiff and issued payment to repair the hail damage she found to the soft metals of the property.

Plaintiff argues State Farm acted in bad faith by denying his request for a second inspection. Though State Farm never conducted a second in-person inspection, both an adjuster and a team manager reviewed the photos that Plaintiff's contractor submitted and both agreed the photos exhibited only the damage initially discovered and specifically inspected by the adjuster. Despite his later claims about a broken mat, Plaintiff's contractor submitted no evidence of this issue. Because these photos did not show any overlooked or mischaracterized damage, Plaintiff was not entitled to another inspection under State Farm's guidelines.

### D.    Plaintiff has not suffered consequential damages.

When considering damages for bad faith, the jury may consider: (1) financial loss; (2) mental pain and suffering; and (3) loss of reputation or embarrassment. OUJI 22.4. Here, the record does not support significant damage for mental pain and suffering, embarrassment, or loss of reputation. Plaintiff, who is 97 years old, testified that his son, Gary Bates, handled the claim. But Gary Bates is not the plaintiff and cannot recover

12

damages from State Farm.[2] Plaintiff's involvement in the claim was extremely limited and, during his deposition, Gary Bates, testified he didn't think the claim "effected [Plaintiff] a tremendous amount." (**Ex. 5**, Dep. Gary Bates at 79:9–19). Even if Plaintiff prevails on his bad faith claim, the record does not support significant bad-faith damages.

### III.    There is No Evidence to Support an Award of Punitive Damages.

If Plaintiff's claim for bad faith is not successful, Plaintiff's claim for punitive damages fails as a matter of law. *Peters v. Am. Life Ins. Co.*, 77 P.3d 1090, 1099 (Okla. Civ. App. 2003). If Plaintiff can somehow establish bad faith and actual damages suffered due to the alleged bad faith, Plaintiff will then have to establish he is entitled to punitive damages. *See Badillo v. Mid-Century Ins. Co.*, 121 P.3d 1080, 1106 (Okla. 2005) ("[E]ven where there is evidence to support recovery of actual damages in [a bad faith case], submission of the issue of punitive damages to a jury may be improper."). The issue of whether punitive damages are appropriate is initially a question of law for the court. *Frank v. Mayberry*, 985 P.2d 773, 777 (Okla. 1999) ("The issue of whether the record contains enough evidence to justify a punitive damages award is a question of law."); *Rodebush ex rel. Rodebush v. Okla. Nursing Homes, Ltd.*, 867 P.2d 1241, 1250 (Okla. 1993) (noting Oklahoma's punitive damages statute "require[s] a preliminary determination before the question c[an] even be considered by the jury").

---

[2] State Farm has filed a Motion *in Limine* to prevent Plaintiff from presenting evidence, testimony, or argument relating to alleged emotional distress or mental anguish experienced by Gary Bates.

Oklahoma's punitive damages statute provides that a jury may not award punitive damages unless it finds by clear and convincing evidence that "[a]n insurer has recklessly disregarded its duty to deal fairly and act in good faith with its insured." 23 O.S. § 9.1(B)(2). "[T]he availability of punitive damages in a case by an insured against his/her insurer for [bad faith] is not automatic, but rather is governed by the standard applicable in other tort cases." *Badillo*, 121 P.3d at 1106 (citing *Buzzard*, 824 P.2d at 1115).

An award of punitive damages requires the jury to determine by clear and convincing evidence that State Farm either recklessly disregarded its duty to deal fairly and act in good faith with Plaintiff or intentionally and with malice breached its duty to deal fairly and act in good faith with Plaintiff. *See* OUJI No. 22.5. Acting with "reckless disregard" requires a finding that State Farm was aware, or did not care, that there was a substantial and unnecessary risk its conduct would cause serious harm to Plaintiff. *Id.* Acting "intentionally and with malice" requires a finding that State Farm acted with hatred, spite, or ill-will, intentionally without just cause or excuse." *Id.*

There is no evidence of any such conduct here. Although Plaintiff disagrees with State Farm's conclusion that damage to the Rental Property was not caused by hail and was not a covered loss under the Policy, Plaintiff has not provided any evidence of "oppression, fraud, malice, or gross negligence," and a disagreement over coverage is not enough to state a claim for bad faith, much less a claim for punitive damages. *Christian v. Am. Home Assur. Co.*, 1977 OK 141, 577 P.2d 899, 905 (recognizing "disagreements between insurer and insured" are "not *per se* bad faith or unfair dealing on the part of the insurer"). This

14

evidence belies any contention that State Farm acted recklessly or maliciously with regard to its handling of Plaintiff's claim.

Respectfully submitted,

*/s/ Paula M. Williams*
Lance E. Leffel, OBA No. 19511
Paula M. Williams, OBA No. 30772
Taylor J. Freeman Peshehonoff, OBA No. 34424
**GABLEGOTWALS**
BOK Park Plaza
499 W. Sheridan Ave., Suite 2200
Oklahoma City, Oklahoma 73102
Telephone:    405-235-5500
Facsimile:    405-235-2875
Email: lleffel@gablelaw.com
        pwilliams@gablelaw.com
        tpeshehonoff@gablelaw.com

***Attorneys for Defendant, State Farm Fire and Casualty Company***

15

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 7, 2022, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Brad Miller, OBA #11437
J. Logan Johnson, OBA #12722
Shawna L. Landeros, OBA #31637
MILLER JOHNSON JONES
ANTONISSE & WHITE, PLLC
500 N.W. 6th Street, Suite 300
Oklahoma City, OK 73102-1219

***Counsel for Plaintiff***

*/s/ Paula M. Williams*
Paula M. Williams

16