## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

THOMAS H. BATES,

          Plaintiff,

v.

STATE FARM FIRE AND CASUALTY
COMPANY,

          Defendant.

Case No. CIV-21-00705-JD

### PLAINTIFF'S OMNIBUS MOTIONS IN LIMINE

Plaintiff, Thomas H. Bates ("Bates"), moves this Court for an Order *in limine* prohibiting Defendant's attorneys, representatives, and witnesses from mentioning, arguing, soliciting evidence, inferring, presenting testimony or documentary evidence or exhibits or in any way attempting to inform the jury regarding the following.

Counsel for Plaintiff states that the parties' counsel conferred in good faith before the filing of this Motion.

1. **Evidence and argument not considered by State Farm in rendering its claims decision to deny Plaintiff's claim, including reference and argument as to late reporting and reference and argument that Plaintiff's damage is old hail.**

Under Oklahoma law, an insurer has an implied-in-law duty to act in good faith and deal fairly with the insured to ensure policy benefits are received. Christian v. American Home Assur. Co., 577 P.2d 899, 901 (Okla. 1977). The essence of an action premised upon the violation of this duty "is the insurer's unreasonable, bad-faith conduct, including the unjustified withholding of payment due under a policy." McCorkle v. Great Atl. Ins. Co.,

637 P.2d 583, 587 (Okla. 1981); Conti v. Republic Underwriters Ins. Co., 782 P.2d 1357, 1360 (Okla. 1989). Thus, the decisive question is whether the insurer had a "good faith belief, *at the time its performance was requested*, that it had a justifiable reason for withholding payment under the policy." Buzzard v. Farmers Ins. Co., Inc., 824 P.2d 1105, 1109 (Okla. 1991) (emphasis in original). Thus "[t]he knowledge and belief of the insurer during the time period the claim is being reviewed is the focus of a bad-faith claim." Id. Information not known or relied upon by the insurer at the time its performance is requested and its claim decision is made is irrelevant and inadmissible in an insurance bad faith lawsuit. Id. at 1114; *see also*, Truesdell v. State Farm Fire and Cas. Co., 960 F.Supp. 1511, 1519 (N.D. Okla. 1997). Further, excluded are any post-denial theories an insurance company can muster from facts examined in hindsight. As the Tenth Circuit Court of Appeals recently wrote:

> Buzzard holds that under Oklahoma law an insurance bad faith claim is premised on the actual reason the insurance company gave when it denied the claim, not a post-denial rationalization. Therefore, evidence that supports a post-denial rationalization, rather than the evidence that the insurance company actually relied on when initially denying a claim, is inadmissible under Buzzard.

Thomas v. Farmers Ins. Co., 774 F.App'x. 430, 431 (10th Cir. 2019). In other words, an insurer, when defending itself from allegations of bad faith claims handling, is limited to the evidence and claims handling decisions it actually relied upon. It cannot create new bases for its claims handling decision, nor can it use evidence gathered during litigation to create additional justifications for its actions. Thus, State Farm must be prohibited from introducing any evidence upon which it did not rely at the time it rendered its claims

decision on Plaintiff's claim or advancing any claim-handling theory not memorialized within its claim file.

In Buzzard, the evidentiary issue which arose concerned the admissibility of an opinion from the defendant insurance company's accident reconstructionist expert. Buzzard at 1114. At trial, the defendant insurance company attempted to question the expert regarding his opinion as to the cause of the accident. Id. The defendant proclaimed that the claim was denied because defendant believed plaintiff was primarily at fault for the accident. The speed of plaintiff's vehicle was litigated by both parties throughout the trial. Id. at 1109. The defendant's accident reconstructionist explained that the speed of the decedent's vehicle was a contributory factor in the accident. Id. However, nowhere in defendant's claim file was there any statement that the claim was denied because of the excessive speed. Id. The Oklahoma Supreme Court noted that "this defense was neither internally noted by Farmers nor communicated to plaintiffs as a reason for delay or denial of the claim." Id. at 1110. Accordingly, the Oklahoma Supreme Court affirmed the trial court's ruling excluding the evidence, stating:

> The information relevant at trial was that upon which Farmers relied in refusing payment. The reconstructionist was not asked to evaluate the accident until after the denial of the claim. Thus, Farmers could not have relied on his opinion in denying the claim.

Id. (emphasis in original). Recently the United States District Court for the Western District of Oklahoma prohibited an insurer in a bad-faith action "from arguing or otherwise mentioning previously unarticulated reasons for denying the insurance claim" and appropriately "limit[ed] Defendant's evidence… to the reasons found in the denial letter."

Smith v. CSAA Fire and Casualty Ins. Co., 2020 WL 3146826, CIV-17-1302-D, Order dated June 12, 2020 at *5 (W.D. Okla. 2020). *See also* QuikTrip Corp. v. ACE Prop. & Cas. Ins. Co., 16-CV-508-GKF-FHM, 2017 WL 5071316, at *1 (N.D. Okla. Oct. 6, 2017) and Lucas v. Texas Intern. Life Ins. Co., 2012 WL 2327805 at * 4 (E.D. Okla. 2012) (insurer may not rely on a defense it did not assert during its denial of the claim). An insurer may not rely upon a legal position or factual information that was not relied upon and considered by the insurer in denying or delaying payment.

State Farm has now attempted to justify its actions and create additional arguments that somehow Bates's conduct is the reason for the claim's denial. Specifically, State Farm *now* argues that Bates failed to timely report the loss or that the damage is old hail. State Farm's purported expert, Derek VanDorn, testified as follows:

> **Q** Okay. Now, so reading your report, I was trying to determine whether or not you believe that there was hail damage to the roof on March 10th of 2022. Do you?
> **A** Well, there is certainly hail damage to the soft metals. The shingles do have a lot of blemishes that don't traditionally present themselves as hail damage, but I cannot eliminate the possibility that there is old hail damage to the roof.

Depo. VanDorn, 105:11-19.

Neither of these new contentions are memorialized within State Farm's March 15, 2021, denial letter. *See* Exhibit 1, Denial Letter [SF.BATES_000144-145]. This represents a post-claim rationalization that is prohibited by Buzzard. Under the teachings of Buzzard and its progeny, this Court should not allow State Farm to rely upon a legal position obtained after it rendered its claims denial in order to defend its claim handling conduct.

4

The Court must prohibit State Farm from advancing theories or arguments unrelated to the reasons memorialized in its March 15, 2021, letter to Plaintiff explaining the basis of its decision. To allow State Farm to do so would undermine the protections Oklahoma law affords policyholders and would violate decades of precedent relied upon by trial courts across the State. If an insurance company is allowed to rely on post-decision investigations, there is nothing to preclude it from denying ALL claims submitted to it, and then later investigate only those claims in which the insureds were wise enough to file suit upon.

Accordingly, Plaintiff respectfully requests the Court enter an Order *in limine* prohibiting State Farm from presenting any testimony, documents, evidence, arguments, or reference of any kind in support of its handling of Plaintiff's claim that was not relied upon by it at the time it rendered its claim decision and not communicated directly to Plaintiff in its letter dated March 15, 2021.

### 2. The Oklahoma Department of Insurance's response letter to Plaintiff's complaint.

Plaintiff hereby requests an Order prohibiting Defendant from using OID's response to his complaint about his experience with State Farm [attached as Exhibit 2 hereto] on grounds that such evidence is irrelevant, confusing, and inadmissible hearsay.

Plaintiff submitted his claim for hail damage on February 4, 2021. State Farm's adjuster inspected Plaintiff's roof on February 23, 2021. That same day, State Farm denied Plaintiff's claim for the shingles on the roof on grounds that the damage was "wear and tear" instead of hail damage, even though State Farm agreed to pay for hail damage to the soft metals on the roof.

On March 10, 2021, Plaintiff requested a second inspection. Defendant denied Plaintiff's request for a second inspection on March 15, 2021. On March 30, 2021, Plaintiff again requested a second inspection. But, on April 1, 2021, Defendant again denied Plaintiff's request for a second inspection and upheld its original coverage denial.

After Defendant's final denial of his claim, Plaintiff did complain to OID regarding his experience with Defendant. [*See* Exhibit 3, Consumer Complaint submitted 4/5/21.] Defendant's response to the OID complaint reiterated the denial of Plaintiff's claim. [*See* Exhibit 4, 4/15/21 Letter from Sharon Arnold.] OID then issued its own response to Plaintiff. Clearly, however, Defendant did not rely on OID's response to deny Plaintiff's claim.

"The decisive question is whether the insurer had a 'good faith belief, *at the time its performance was requested*, that it had a justifiable reason for withholding payment under the policy.'" Buzzard v. Farmers Ins. Co., 1991 OK 127, ¶ 14, 824 P.2d 1105, 1109 (quoting Buzzard v. McDanel, 1987 OK 28, 736 P.2d 157). OID's response was not available to Defendant "at the time its performance was requested" so as to be relevant and admissible under Buzzard.

Information relating to Plaintiff's OID complaint is also irrelevant because OID is an administrative agency, not a court of law. As such, OID does not adjudicate individual breach of contract or bad faith claims. OID's own correspondence indicates that State Farm's position "presents a question of fact, which under the present Oklahoma Laws can only be determined in a court having proper jurisdiction." *See* Exhibit 2. Accordingly,

6

OID's determinations with regard to the complaint are not relevant, since this dispute will be adjudicated in this Court.

Even if OID's response to Plaintiff's complaint were relevant (and it is **not**), it would be unfairly prejudicial and would confuse the issues and should be excluded under Federal Rule of Evidence 403. OID enforces different laws and regulations than this Court and applies a different standard. Its opinion regarding Plaintiff's complaint therefore invades the province of this Court and the jury. Such evidence is properly excluded under Federal Rule of Evidence 403.

Finally, although Plaintiff intends to use Defendant's response to the OID complaint as it is a statement of a party opponent and contains misrepresentations, OID's response is hearsay to which no exception applies. FRE 801(d)(2). Indeed, OID's responses to complaining parties are not generally available as a matter of public record. *See* 36 O.S. § 306(A).

## CONCLUSION

Accordingly, for the reasons stated herein, Plaintiff Thomas H. Bates respectfully requests this Court enter an Order *in limine* prohibiting Defendant, its attorneys and witnesses, from introducing evidence or in any way attempting to inform the jury of the matters set forth above.

MILLER JOHNSON JONES
ANTONISSE & WHITE, PLLC

By:     *s/Shawna L. Landeros*
   Brad Miller, OBA #11437
   J. Logan Johnson, OBA #12722
   Shawna L. Landeros, OBA #31637
   500 NW 6th Street, Suite 300
   Oklahoma City, OK 73102-1219
   Telephone: (405) 896-4388
   Fax: (405) 609-2995
   bmiller@mjjaw.com
   ljohnson@mjjaw.com
   slanderos@mjjaw.com
   ***Attorneys for Plaintiff***


## CERTIFICATE OF SERVICE

 ☑ I hereby certify that on October 7, 2022, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing.  Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

   Lance E. Leffel, OBA #19511
   Paula M. Williams, OBA #30772
   Taylor J. Peshehonoff, OBA #34424
   GableGotwals
   BOK Park Plaza
   499 West Sheridan Ave., Suite 2200
   Oklahoma City, OK 73102
   Telephone: (405) 235-5500
   Fax: (405) 235-2875
   ***Attorneys for Defendant***


   *s/Shawna L. Landeros*
   Shawna L. Landeros

8