# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| THOMAS H. BATES,<br><br>        Plaintiff,<br><br>v.<br><br>STATE FARM FIRE AND CASUALTY COMPANY,<br><br>        Defendant. | Case No. CIV-21-00705-JD<br><br>November Trial Docket |

## FINAL PRETRIAL REPORT

All counsel who will appear at trial:

Appearing for Plaintiff:

> Brad Miller, OBA #11437
> J. Logan Johnson, OBA #12722
> Shawna L. Landeros, OBA #31637
> Miller Johnson Jones Antonisse & White, PLLC
> 500 NW 6th Street, Suite 300
> Oklahoma City, OK 73102-1219

Appearing for Defendant:

> Lance E. Leffel, OBA #19511
> Paula M. Williams, OBA #30772
> Taylor J. Peshehonoff, OBA #34424
> GableGotwals
> BOK Park Plaza
> 499 West Sheridan Ave., Suite 2200
> Oklahoma City, OK 73102

**Jury Trial Demanded ☒**      **Non-Jury Trial ☐**

1.     <u>BRIEF PRELIMINARY STATEMENT</u>. State briefly and in ordinary language the facts and positions of the parties (appropriate for use during jury selection in jury cases).

The parties to this case are Thomas Bates, the Plaintiff, and State Farm Fire and Casualty Company, the Defendant. Defendant State Farm Fire and Casualty Company issued a policy covering Plaintiff's property located at 2605 Elwood Drive, Edmond, Oklahoma. State Farm insured that property when he reported a claim in February 2021 claiming hail damage.

Following an inspection of the property, State Farm's adjuster confirmed hail damage to the home's garage door, window screens, attic vent cover, pipe jack flashing, and exhaust cap. State Farm did not pay to replace the roof surface, however, based on its determination that the damages present were caused by wear, tear, and deterioration.

Plaintiff claims that State Farm failed to adequately investigate Plaintiff's claim and engaged in conduct designed to deny the claim. Plaintiff brings breach of contract and bad faith claims to hold State Farm accountable for its improper conduct in the handling and denial of his claim.

State Farm denies that it breached the policy with Plaintiff, and claims it performed a thorough and proper investigation of Plaintiff's loss. State Farm claims it appropriately applied the terms and conditions of the insurance policy to the facts of loss.

2.    <u>JURISDICTION</u>.  State the basis on which the jurisdiction of the court is invoked.

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332.  There is complete diversity between the parties and the amount in controversy exceeds $75,000.00.

3.    <u>STIPULATED FACTS</u>. List stipulations as to all facts that are not disputed, including jurisdictional facts.

1. Plaintiff, Thomas H. Bates, is a citizen of the State of Oklahoma.

2. Defendant, State Farm Fire and Casualty Company, is a foreign property and casualty insurer domiciled and incorporated under the laws of the State of Illinois, with its principal place of business in Illinois.

3. The conduct at issue in this case occurred in Oklahoma County, Oklahoma.

4. The amount in controversy in this lawsuit exceeds $75,000.00, exclusive of interest and costs.

5. Plaintiff, Thomas H. Bates, owns a rental property located at 2605 Elwood Drive, Edmond, Oklahoma (the "Property").

6. At all times material hereto, the Property was insured through State Farm Policy No. 96-BJ-Q252-5 (the "Policy").

7. Plaintiff reported a claim to State Farm under the Policy on February 4, 2021.

8. State Farm found hail damage to the garage door, window screens, attic vent cover, pipe jack flashing, and exhaust cap.

4.    LEGAL ISSUES. State separately, and by party, each disputed legal issue and the authority relied upon.

A.    Plaintiff

1. Whether State Farm breached its insurance contract with Plaintiff where Plaintiff was entitled to have his loss paid for under the terms of the policy and State Farm refused to pay for Plaintiff's loss, thereby breaching its promise to pay sums due under the policy. Uptegraft v. Home Ins. Co., 662 P.2d 681, 684 (Okla. 1983).

2. Whether State Farm's failure to conduct an adequate investigation was unreasonable and in violation of its duty of good faith and fair dealing. Bannister v. State Farm Mut. Auto Ins. Co., 692 F.3d 1117, 1127 (10th Cir. 2012).

3. Whether State Farm denied the Plaintiff's claim for an illegitimate reason and failed to treat its insured fairly in violation of its duty of good faith and fair dealing. Bannister v. State Farm Mut. Auto Ins. Co., 692 F.3d 1117, 1128 (10th Cir. 2012); Thompson v. Shelter Mut. Ins., 875 F.2d 1460, 1462 (10th Cir. 1989).

4. Whether State Farm acted in reckless disregard of Plaintiff's rights or acted intentionally and with malice by engaging in conduct designed to deny Plaintiff's claim. 23 O.S. § 9.1.

B.    Defendant

1. Whether State Farm correctly applied the terms of the insurance policy to the facts of Plaintiff's loss.

2. The issues raised in State Farm's Motion for Summary Judgment.

3. Whether Plaintiff's claim for breach of the duty of good faith and fair dealing and punitive damages should be submitted to the jury.

4. Whether Plaintiff is barred from pursuing a bad faith claim against State Farm because State Farm's investigation, evaluation, and determinations were reasonable.

*Badillo v. Mid Century Ins. Co.*, 2005 OK 48, 121 P.3d 1080, 1093; *Ball v. Wilshire Ins. Co.*, 2009 OK 38, 221 P.3d 717, 724.

5. Whether Plaintiff is barred from pursuing a bad faith claim against State Farm because State Farm acted in good faith at all times throughout the handling of Plaintiff's claim. *Badillo v. Mid Century Ins. Co.*, 2005 OK 48, 121 P.3d 1080, 1093; *Ball v. Wilshire Ins. Co.*, 2009 OK 38, 221 P.3d 717, 724.

6. Whether Plaintiff is barred from pursuing a bad faith claim against State Farm because a legitimate dispute between the parties bars such a claim. *Shotts v. GEICO Gen. Ins. Co.*, 943 F.3d 1304 (10th Cir. 2019).

7. If the issue of bad faith is allowed to go to the jury, whether the issue of punitive damages should be submitted to the jury. *See Hall v. Globe Life & Accident Ins. Co.*, 1998 OK CIV APP 161, 968 P.2d 1263, 1266.

8. The issues raised in State Farm's Motions *in Limine*.

5.    CONTENTIONS AND CLAIMS FOR DAMAGES OR OTHER RELIEF SOUGHT.

   A.    Plaintiff

   1. Contentions

   a. Defendant, State Farm, breached its insurance contract with Plaintiff by refusing to pay for the damages to Plaintiff's roof under the terms of the policy.

   b. Defendant, State Farm, breached its duty of good faith and fair dealing to Plaintiff by:

   i.    Failing and refusing payment of policy benefits for the covered property damage sustained by Plaintiff in accordance with the terms and conditions of its insurance policy at a time when State Farm knew that Plaintiff was entitled to those benefits;

   ii.   Failing to properly investigate Plaintiff's claim and to obtain additional information;

   iii.  Refusing to honor Plaintiff's claim for reasons contrary to the express provisions of the policy and/or Oklahoma law;

4

    iv.    Failing to properly evaluate any investigation that was performed;

    v.    Forcing Plaintiff to bring suit to recover insurance benefits to which he was entitled under the terms and conditions of the insurance policy;

    vi.    Forcing Plaintiff to retain counsel to secure policy benefits to which he was entitled under the terms and conditions of the insurance contract;

    vii.    Engaging in an outcome-based investigation of Plaintiff's claim designed to deny Plaintiff's claim;

    viii.    Failing to adopt and implement reasonable standards for the prompt investigation and reasonable handling of claims arising under the policy, to include Plaintiff's claim;

    ix.    Failing to conduct a fair and objective investigation of the damages to Plaintiff's property;

all in violation of the implied covenant of good faith and fair dealing and resulting in financial benefit to State Farm.

2. Claims for Damages

| Damages | Applicable Statutes, Ordinances and Common Law Relied Upon |
|---|---|
| Defendant breached the terms of Plaintiff's policy through its denial of benefits claimed by Plaintiff. Plaintiff seeks loss of policy benefits. | 23 O.S. § 21 |
| Defendant breached its duty of good faith and fair dealing through its investigation, handling and denial of Plaintiff's claim. Plaintiff seeks all incidental and consequential damages, including damages for mental pain and suffering, anxiety, frustration, and mental and emotional distress. | Christian v. American Home Assurance Co., 1977 OK 141, 577 P.2d 899; 23 O.S. § 61 |
| Punitive damages | 23 O.S. § 9.1 |

| Interest at the rate of fifteen percent (15%) per year from the date the loss was payable pursuant to the provisions of the insurance contract to the date of the verdict. | 36 O.S. § 3629(B) |
| --- | --- |
| Attorney's fees and costs | 36 O.S. § 3629(B) |

B.     <u>Defendant</u>: State Farm has not asserted any claims against Plaintiff and does not seek any damages. State Farm sets forth the following contentions:

1.     State Farm did not breach the insurance policy with Plaintiff. It properly and timely investigated the loss and correctly applied the terms of the insurance policy to the facts of Plaintiff's loss.

2.     Certain items sought by Plaintiff are not covered or are expressly excluded by the terms and conditions of Plaintiff's insurance policy.

3.     Plaintiff is not entitled to any damages in this case, whether related to contract damages, interest, costs, or attorneys' fees.

4.     State Farm may be entitled to attorneys' fees and costs under 36 O.S. § 3629 and/or Rule 68 of the Federal Rules of Civil Procedure.

6.     <u>EXHIBITS</u>.  The following exclusionary language **<u>MUST</u>** be included:

Unlisted exhibits will not be admitted unless, by order of the court, the final pretrial order is amended to include them.

A. Joint Exhibits

*See* Joint Exhibits, attached as Exhibit 1.

B. Plaintiff:

*See* Plaintiff's Additional Exhibit List, attached as Exhibit 2.

C.  Defendant:

*See* Defendant's Additional Exhibit List, attached as Exhibit 3.

7.  <u>WITNESSES</u>:  The following exclusionary language **<u>MUST</u>** be included:

Unlisted witnesses in chief will not be permitted to testify unless, by order of the court, the final pretrial order is amended to include them.

A.  <u>Plaintiff</u>:

| No. | Name | Address | Proposed Testimony |
|---|---|---|---|
| 1. | Thomas H. Bates | c/o Miller Johnson Jones Antonisse & White 500 NW 6th St, Suite 300 Oklahoma City, OK 73102 | Deposed. Plaintiff's claim for benefits; communications regarding the claim; damages. |
| 2. | Gary Bates | c/o Miller Johnson Jones Antonisse & White 500 NW 6th St, Suite 300 Oklahoma City, OK 73102 | Deposed. Plaintiff's claim for benefits; communications regarding the claim; damages. |
| 3. | Marian Bates | c/o Miller Johnson Jones Antonisse & White 500 NW 6th St, Suite 300 Oklahoma City, OK 73102 | Deposed. Plaintiff's claim for benefits; communications regarding the claim; damages. |
| 4. | Shari Bivens | 2133 N. Kelly Ave. Suite 150 Edmond, OK 73003 | Employee of State Farm agent's office. Communications regarding Plaintiff's claim. |
| 5. | Tresa Dunnican-Jacome | c/o GABLEGOTWALS BOK Park Plaza 499 W. Sheridan Ave., Suite 2200 Oklahoma City, OK 73102 | Deposed. Former State Farm Claims Specialist. Facts and circumstances surrounding training, coverages under the policy, the loss, inspection, and handling of Plaintiff's claim. |
| 6. | Jacqueline Draper | c/o GABLEGOTWALS BOK Park Plaza 499 W. Sheridan Ave., Suite 2200 Oklahoma City, OK 73102 | Deposed. Former State Farm Team Manager, current State Farm Section Manager. Facts and circumstances surrounding coverages under the policy, the loss, training, and handling of Plaintiff's claim. |

| 7. | Sharon Arnold | c/o GABLEGOTWALS BOK Park Plaza 499 W. Sheridan Ave., Suite 2200 Oklahoma City, OK 73102 | Deposed. State Farm Section Manager. Facts and circumstances surrounding coverages under the policy, the loss, training, and handling of Plaintiff's claim. |
|---|---|---|---|
| 8. | Anthony Mendoza | c/o GABLEGOTWALS BOK Park Plaza 499 W. Sheridan Ave., Suite 2200 Oklahoma City, OK 73102 | Deposed. Facts and circumstances surrounding coverages under the policy, the loss, and handling of Plaintiff's claim. |
| 9. | Jonathan Marks | Aegis Roofing and Construction 7785 Gold Circle Dr Edmond, OK 73025 | Deposed. Non-retained expert witness under Fed. R. Civ. P. 26(a)(2)(C). Will testify and render opinions based on his training, skills, experience, and personal perception considering his inspections, investigation, and evaluation of the damages to the Plaintiff's property, State Farm's handling and evaluation of Plaintiff's claim, and State Farm's pattern and practice with regard to roof claims. |
| 10. | Amy Lanier | 15000 Sharon Springs Dr Jones, OK 73049 | Deposed. Former State Farm Claim Specialist. Facts and circumstances surrounding her claim handling experience before and after Jacqueline Draper became her team manager and Hail Focus. |
| 11. | Michael Joe Lewis | 6500 N. Grand Blvd, No. 105 Oklahoma City, OK 73116 | Deposed. Facts and circumstances surrounding hail damages and State Farm's handling of his claim. |
| 12. | All witnesses listed by Defendant, whether called or not. | | |

| 13. | Any witnesses necessary to authenticate any exhibit | | |
|---|---|---|---|
| 14. | All rebuttal and impeachment witnesses | | |

B. Defendant:

| No. | Name | Address | Proposed Testimony |
|---|---|---|---|
| 1. | Tresa Dunnican-Jacome | c/o GABLEGOTWALS BOK Park Plaza 499 W. Sheridan Ave., Suite 2200 Oklahoma City, OK 73102 | Deposed. Former State Farm Claims Specialist. Facts and circumstances surrounding coverages under the Policy, the loss, her inspection, and the handling of Plaintiff's claim. |
| 2. | Jacqueline Draper | c/o GABLEGOTWALS BOK Park Plaza 499 W. Sheridan Ave., Suite 2200 Oklahoma City, OK 73102 | Deposed. Former State Farm Team Manager, current State Farm Section Manager. Facts and circumstances surrounding coverages under the Policy, the loss, and handling of Plaintiff's claim. |
| 3. | Sharon Arnold | c/o GABLEGOTWALS BOK Park Plaza 499 W. Sheridan Ave., Suite 2200 Oklahoma City, OK 73102 | Deposed. State Farm Section Manager. Facts and circumstances surrounding coverages under the Policy, the loss, and handling of Plaintiff's claim. |
| 4. | Anthony Mendoza | c/o GABLEGOTWALS BOK Park Plaza 499 W. Sheridan Ave., Suite 2200 Oklahoma City, OK 73102 | Deposed. Facts and circumstances surrounding coverages under the Policy, the loss, and handling of Plaintiff's claim. |
| 5. | Thomas Bates | c/o Miller Johnson Jones Antonisse & White, PLLC 500 NW 6th Street, Suite 300 Oklahoma City, OK 73102 | Deposed. Facts and circumstances related to the loss, coverage under the Policy, and the handling of his claim. |
| 6. | Gary Bates | c/o Miller Johnson Jones Antonisse & White, PLLC 500 NW 6th Street, Suite 300 Oklahoma City, OK 73102 | Deposed. Facts related to alleged damage to Plaintiff's property, communications regarding underlying insurance claim, and prior claims, repairs, and inspections on Plaintiff's property. |

| 7. | Marian Bates | c/o Miller Johnson Jones Antonisse & White, PLLC 500 NW 6th Street, Suite 300 Oklahoma City, OK 73102 | Deposed. Facts related to alleged damage to Plaintiff's property, communications regarding underlying insurance claim, and prior claims, repairs, and inspections on Plaintiff's property. |
|---|---|---|---|
| 8. | Jonathan Marks | Aegis Roofing and Construction, LLC 9051 Red Cedar Lane Edmond, OK 73034 | Deposed. Facts related to alleged damage to Plaintiff's property, communications regarding underlying insurance claim, and prior claims, repairs, and inspections on Plaintiff's property |
| 9. | Derek VanDorn | c/o GableGotwals 499 W. Sheridan Avenue, Suite 2200 Oklahoma City, OK 73102 | Deposed. Will testify as per his expert witness report; expert opinions pertaining to various issues in connection with Plaintiff's alleged damages to roof and dwelling, and State Farm's evaluation thereof in light of common industry standards generally, and applicable regulations governing the same; response and rebuttal to Plaintiffs' non-retained expert. |
| 10. | All witnesses needed for authentication purposes | | |
| 11. | All rebuttal and impeachment witnesses | | |
| 12. | All witnesses listed by Plaintiff, whether called or not | | |

8.    <u>ESTIMATED TRIAL TIME</u>: 4 – 5 days

    A.    Plaintiff's Case:            3-4 days_____

    B.    Defendant's Case:    _____1-2 days_____

    C.    If you desire to have daily copy or any other extraordinary court reporter services during trial, you must so notify the Chief Deputy Court Clerk a <u>minimum of two weeks</u> before the date the case is scheduled to be called for trial.

9.    <u>BIFURCATION REQUESTED</u>:  Yes _____         No __X____

10.    POSSIBILITY OF SETTLEMENT:

Good _____        Fair _____        Poor   X____

All parties approve this report and understand and agree that this report supersedes all pleadings, shall govern the conduct of the trial, and shall not be amended except by order of the court.

MILLER JOHNSON JONES
ANTONISSE & WHITE, PLLC


By:    *s/Shawna L. Landeros*_____
        Brad Miller, OBA #11437
        J. Logan Johnson, OBA #12722
        Shawna L. Landeros, OBA #31637
        500 NW 6th Street, Suite 300
        Oklahoma City, OK 73102-1219
        Telephone: (405) 896-4388
        Fax: (405) 609-2995
        bmiller@mjjaw.com
        ljohnson@mjjaw.com
        slanderos@mjjaw.com
        ***Attorneys for Plaintiff***

13

GABLEGOTWALS


By:       *s/Lance E. Leffel (filed with permission)*
          Lance E. Leffel, OBA #19511
          Paula M. Williams, OBA #30772
          Taylor J. Freeman Peshehonoff, OBA
          #34424
          BOK Park Plaza
          499 West Sheridan Ave., Suite 2200
          Oklahoma City, OK 73102
          Telephone: (405) 235-5500
          Fax: (405) 235-2875
          lleffel@gablelaw.com
          pwilliams@gablelaw.com
          tpeshehonoff@gablelaw.com
          **Attorneys for Defendant**

14