# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

THOMAS H. BATES,                           )
                                            )
                    Plaintiff,              )
                                            )
v.                                          )     Case No. CIV-21-00705-JD
                                            )
STATE FARM FIRE AND CASUALTY                )
COMPANY,                                    )
                                            )
                    Defendant.              )

## DEFENDANT'S RENEWED JUDGMENT AS A MATTER OF LAW OR, ALTERNATIVELY, MOTION FOR REMITTITUR AND/OR NEW TRIAL

Pursuant to Fed. R. Civ. P. 50(b) and 59(a)(1)(A), Defendant State Farm Fire and Casualty Company ("State Farm" or "Defendant") renews its request that this Court enter judgment in State Farm's favor as a matter of law or, alternatively, requests the Court order remittitur of the amount of damages or a new trial.

### INTRODUCTION

Plaintiff brought this action against State Farm on June 18, 2021, claiming State Farm breached its insurance policy with Plaintiff and violated its duty of good faith and fair dealing. On November 4, 2022, at the close of Plaintiff's case in chief, State Farm moved under Fed. R. Civ. P. 50(a) for judgment to be granted as a matter of law on Plaintiff's claim for breach of good faith and fair dealing. State Farm also moved for judgment as a matter of law on Plaintiff's failure to show mental pain and suffering and requested "mental pain and suffering" be removed from the Court's jury instructions for

{S622962;}

compensatory damages. The Court denied that motion, and State Farm renews it here on the same grounds.

On November 7, 2022, a jury returned a verdict in Plaintiff's favor and awarded $15,800 in actual damages for the breach of contract and $325,000 in actual damages for breach of the duty of good faith and faith dealing. *See* Verdict Form [Dkt. 117].

### ARGUMENT AND AUTHORITIES

## I.    <u>As a matter of law, State Farm should not be liable for bad faith.</u>

"If a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue, the court may: (A) resolve the issue against the party; and (B) grant a motion for judgment as a matter of law against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue." Fed. R. Civ. P. 50(a). Here, State Farm sought a judgment as a matter of law at the close of the evidence. After a verdict is returned, the Rule 50(a) motion may be renewed within 28 days after the entry of judgment "and may include an alternative or joint request for a new trial." *Id.* 50(b). In ruling on the renewed motion, the court may: (1) allow judgment on the verdict, (2) order a new trial, or (3) direct entry of judgment as a matter of law." *Id.* As shown below, the motion for judgment as a matter of law, now renewed, should be granted in State Farm's favor.

Based on the evidence presented at trial, Plaintiff failed to meet his burden to prove State Farm breached its duty of good faith and fair dealing and, even if it did, that Plaintiff suffered any damages from mental pain and suffering. To recover damages for bad faith,

Plaintiff was required to prove: (1) State Farm was required under the Policy to pay Plaintiff's claim; (2) State Farm's failure to pay the claim in full was unreasonable under the circumstances because *it had no reasonable basis* for the refusal; (3) State Farm did not deal fairly and in good faith with Plaintiff; and (4) State Farm's violation of its duty of good faith and fair dealing was the direct cause of the injury sustained by Plaintiff. *See* OUJI No. 22.2.

> ### A.    The Facts of the Loss Demonstrate the Existence of a Legitimate Dispute.

Bad faith does not arise when there is a legitimate dispute over payment of the claim. An insurer has a right to deny a claim, resist payment, or litigate any claim to which the insurer has a valid defense. The decisive question is whether the insurer had a good-faith belief, at the time its performance was requested, that it had a justifiable reason for withholding payment under the policy. *Oulds v. Principal Mut. Life Ins. Co.*, 6 F.3d 1431, 1439–42 (10th Cir. 1993); *Buzzard v. Farmers Ins. Co.*, 824 P.2d 1105, 1109 (Okla. 1991); *Manis v. Hartford Fire Ins. Co.*, 681 P.2d 760 (Okla. 1984); *Peters v. Am. Income Life Ins. Co.*, 77 P.3d 1090 (Okla. Civ. App. 2002).  If there is a legitimate dispute concerning coverage or no conclusive precedential legal authority on an issue, withholding payment is not unreasonable or bad faith. *Bailey v. Farmers Ins. Co.*, 137 P.3d 1260, 1264 (Okla. Civ. App. 2006).

At best, there was a difference of opinion between the parties as to the cause or scope of damage from the date of loss, which is not sufficient for a bad faith claim. *Manis*, 681 P.2d at 762; *Skinner v. John Deere Ins. Co.*, 998 P.2d 1219, 1223 (Okla. 2000); *Roesler*

*v. TIG Ins. Co.*, 251 F. App'x 489, 501 (10th Cir. 2007) (recognizing "'[l]egitimate disagreements can arise concerning the amount of coverage, cause of loss, and breach of policy conditions, and the tort of bad faith does not prevent the insurer from resisting payment or resorting to a judicial forum to resolve a legitimate dispute' . . . In such cases, '[r]esort to a judicial forum is not per se bad faith or unfair dealing on the part of the insurer regardless of the outcome of the suit'").

There exists a legitimate dispute as to State Farm's conclusion that wear and tear, not hail, caused the damage. Tresa Dunnican-Jacome, State Farm's claims specialist, testified she had years of experience as an independent adjuster, had handled complex large loss claims which required knowledge on rebuilding homes (including roofs), and that she participated in numerous trainings including identifying hail damage and insurance adjusting. She participated in video trainings, Zoom call trainings, and HAAG trainings, and accompanied other adjusters on inspections prior to inspecting roofs on her own. She testified she understood that when determining whether something was a hail hit, she needed to feel the shingle for a bruise.

Ms. Dunnican-Jacome testified about her thorough investigation. She considered the elevations, analyzed the collateral damage to the soft metals and lack of spatter, walked the roof, took notes, took photographs, felt blemishes, and wrote her conclusions. After Plaintiff's contractor *disagreed* with Ms. Dunnican-Jacome's conclusion, she returned to the roof with him to perform additional inspection. Ms. Dunnican-Jacome found for a *second time* that the blemishes were not consistent with hail. When Plaintiff's contractor disagreed again, she *offered to text her supervisor*. She testified she did *not feel a hail*

*bruise.* Put simply, Ms. Dunnican-Jacome was looking for coverage. Plaintiff's theory that Ms. Dunnican-Jacome was "required" to text her supervisor to pay for a roof fails when considering that Ms. Dunnican-Jacome had already decided *twice* the roof did *not* warrant coverage. The same day, Ms. Dunnican-Jacome issued payment for the damage she identified as relating to hail within the policy period.

Even if State Farm's decision was incorrect, "Oklahoma law does not require the insurer's position in a dispute to be correct to avoid liability for bad faith." *Roesler*, 251 F. App'x at 506; *see also Porter v. Okla. Farm Bureau Mut. Ins. Co.*, 330 P.3d 511, 518 (Okla. 2000) (affirming dismissal of a bad faith claim because the property insurer's refusal to follow an unpublished Court of Civil Appeals opinion which would have required coverage "does not constitute an act of bad faith").

### B.    Plaintiff presented no specific evidence of bad faith.

If the Court determines the presence of a legitimate dispute, it should grant judgment as a matter of law "unless the insured 'procure[s] specific evidence of bad faith" which may take several forms, including "providing evidence that the insurer performed an inadequate investigation of the claim." *See Shotts v. GEICO Gen. Ins. Co.*, 943 F.3d 1304, 1315 (10th Cir. 2019). State Farm's investigation, however, "need only be reasonable, not perfect." *Hayes v. State Farm Fire & Cas. Co.*, 855 F. Supp. 2d 1291, 1303 (W.D. Okla. 2012) (citing *Roberts v. State Farm Mut. Auto. Ins. Co.*, 61 F. App'x 587, 592 (10th Cir.

2003) (unpublished)).  Because there is a legitimate dispute, judgment as a matter of law should be granted to State Farm unless Plaintiff produced specific evidence of bad faith.

Here, the testimony at trial showed that State Farm's investigation was reasonable. When considering whether the investigation was reasonable, a central issue is "whether the insurer had a good faith belief in some justifiable reason for the actions it took or omitted to take that are claimed violative of the duty of good faith and fair dealing." *Brown v. Patel*, 157 P.3d 117, 129 (Okla. 2007) (citing *Badillo v. Mid Century Ins. Co.*, 121 P.3d 1080, 1093–94 (Okla. 2005)). Tort liability should not be imposed when there is a difference of opinion, but "only where there is a *clear showing* that the insurer unreasonably, and in bad faith, withholds payment of the claim of its insured." *McCorkle v. Great Atl. Ins. Co.*, 637 P.2d 583, 587 (Okla. 1981) (emphasis added) (citation omitted).

Importantly, the "reasonableness" and "bad faith" elements of the cause of action are separate and distinct elements. It is not enough to establish State Farm's conduct was unreasonable. To recover, Plaintiff must prove State Farm's failure to pay the claim in full "was unreasonable under the circumstances because it had no reasonable basis for the refusal" *and* "State Farm did not deal fairly and in good faith with Plaintiffs." *Id.* To recover damages for bad faith, Plaintiff must show *intentional* conduct by State Farm, rising beyond mere negligence. *Myers v. Lashley*, 44 P.3d 553, 563 (Okla. 2002) ("Bad faith is also not shown where the insurer's personnel made errors in the processing of a claim even where such errors rise to the level of negligence, as evidence of an insurer's internal negligence in handling a claim is not probative of the issue of bad faith. Bad faith and negligence are not synonymous."); *Badillo v. Mid Century Ins. Co.*, 121 P.3d 1080,

1094 (Okla. 2005) ("[T]he minimum level of culpability necessary for liability against an insurer to attach is more than simple negligence, but less than the reckless conduct necessary to sanction a punitive damage award against said insurer.").

The evidence presented at trial showed State Farm's decision was based on the facts discovered within the course of its reasonable investigation. Plaintiff pointed to minor errors in the claim handling – namely, failure to initially estimate for a mailbox, two missed pipe jacks, and an incorrect age of the roof. These items resulted in a supplemental payment to Plaintiff during litigation for $425.13. *See* Ex. 1, JX25_Supp Payment. Only the pipe jacks were brought to State Farm's attention during claim handling, however, in a three-word parenthetical (*see* JX1.257 "SF paid for three roof vent caps, two roof pipe jacks **(5 are damaged)** . . . .") (emphasis added).  Those issues do not rise to the level of culpability necessary for bad faith damages.

Plaintiff also argued State Farm acted in bad faith by denying his request for a second inspection. Though State Farm never conducted a second in-person inspection, the testimony and claim file showed both an adjuster and a team manager reviewed the photos that Plaintiff's contractor submitted and both agreed the photos exhibited only the damage initially discovered and specifically inspected by the adjuster. Despite his later claims about a broken mat, Plaintiff's contractor admitted at trial that he submitted no evidence of a broken mat in the many pictures he sent to State Farm. Because these photos did not show any overlooked or mischaracterized damage, Plaintiff was not entitled to another inspection under State Farm's guidelines.

A legitimate dispute existed between the parties, and Plaintiff did not show specific evidence of bad faith. State Farm should be granted judgment as a matter of law on that claim.

### C.    Plaintiff has not suffered consequential damages.

When considering damages for bad faith, the jury could consider: (1) financial loss; and (2) mental pain and suffering. *See* OUJI 22.4; Court's Instructions to the Jury [Dkt. 113] at Instruction No. 19. Here, the record does not support damage for mental pain and suffering. Plaintiff, who is 97 years old, testified his son, Gary Bates, handled the claim. Gary Bates is not the plaintiff and the jury could not award damages for his alleged suffering. The testimony at trial confirmed Plaintiff's involvement in the claim was extremely limited. Plaintiff's only "evidence" of mental pain and suffering was (a) a single line in an email were Gary Bates said that Plaintiff was "confused and upset over this matter" (*See* Ex. 2, JX23.002) and (b) Gary Bates's testimony about his "perception" of his father's body reaction to a mention of State Farm. Even if the Court finds sufficient evidence to support a verdict for breach of duty of good faith and fair dealing, the record does have sufficient evidence of mental pain and suffering.

### II.    Alternatively, the Court should remit the damages awarded for breach of the duty of good faith and fair dealing, or order a separate trial on the issue of damages under Fed. R. Civ. P. 59

"When a court determines that the verdict in a case is excessive, it may order a complete new trial or a new trial limited to the issue of damages." 11 Fed. Prac. & Proc. Civ. § 2815 (3d ed.) Remittitur is appropriate where there is no clear judicial error or pernicious influence can be identified, but when a verdict is so large as to shock the

conscience of the court. *Id.* The decision of whether a new trial or remittitur is appropriate is committed to the discretion of the trial court. *Id.* When the damages awarded are unsupported by competent evidence, courts may order the plaintiff to remit the amount above that which is supported by the evidence. *Davon Drilling v. Finder,* 467 P.2d 470, 474, 1970 OK 51. "Where the trial court believes that the judgment for damages is excessive, that is, it is against the weight of the evidence, the court may order a remittitur and alternatively direct that there be a new trial if the plaintiff refuses to accept it." *Wicklund v. Pac. Cycle,* No. 08-CV-486-GKF-FHM, 2010 WL 3368924, at *1 (N.D. Okla. Aug. 23, 2010) (citing *Holmes v. Wack,* 464 F.2d 86, 88 (10th Cir.1972)).

To determine whether remittitur is appropriate, "courts must evaluate whether the evidence supports the verdict." *Fresquez v. BNSF Railway Co.*, 52 F.4th 1280, 1314 (10th Cir. 2022). The jury has "wide latitude" when determining its award, but remittitur is appropriate when the award "is so excessive . . . as to shock the judicial conscience and to raise an irresistible inference that passion, prejudice, corruption or another improper cause invaded the trial." *Id.* "No judgment for a remittitur may be entered without the Plaintiff's consent because the Seventh Amendment prohibits the court from substituting its judgment for that of the jury's regarding any issue of fact. *Sloan v. Sate Farm Mut. Auto. Ins. Co.,* 360 F.3d 1220, 1225 (10th Cir. 2004). Upon review of a motion for new trial, all evidence is viewed in the light most favorable to the prevailing party. *Welch v. Cabelka,* 301

F.App'x 825, 829 (10th Cir. 2008), *citing Escue v. Northern Oklahoma College,* 450 F.3d 1146, 1156 (10th Cir. 2006).

This case presented a straightforward question regarding whether State Farm correctly determined that the damages presented by Plaintiff were not caused by hail, and therefore, was not covered by the terms and conditions of the policy. Finding for the Plaintiff on the issue of breach of contract, the jury awarded damages in the amount of $15,800.00. *See* Judgment (Doc. No. 118). In addition, the jury found in favor of Plaintiff on his claim for breach of the duty of good faith and fair dealing awarding damages in the amount of $325,000.00. Pursuant to the instructions provided by the court, the only factors for consideration by the jury in awarding damages for bad faith were (1) all financial losses, including loss of policy benefits; and (2) mental pain and suffering. *See* Court's Instructions to the Jury (Doc No. 113), instruction No. 19.

Applying those factors, the lack evidence of any mental pain or suffering experienced by Thomas Bates does not support the "bad faith" damages awarded by the jury. The first element of damages, all financial losses, including loss of policy benefits is the amount of the contract award, is $15,800.00. Accordingly, the remainder of the $309,200.00 awarded for "bad faith" must be based on the evidence of "mental pain and suffering" experienced by Plaintiff, Thomas Bates. The financial loss component of the award represents less than 5% of the award for bad faith, and the "mental pain and

suffering" component is 20.5 times the amount policy benefits the jury determined was owed on the claim.

The evidence presented at trial regarding "mental pain and suffering" experienced by Plaintiff, Thomas Bates was minimal at best.  Asked on direct examination if State Farm's handling of the claim caused him distress, Mr. Bates testified "yes and no" – or words to this effect.  Plaintiff also introduced an e-mail authored by Gary Bates, Thomas Bates' son, asking that State Farm communicate with him regarding the claim because his father was "confused and upset over this matter."  *See* Ex. 2, JX.23.002.  Finally, Mr. Gary Bates testified to his perception that his father "fidgeted and become agitated" – or words to this effect, when he mentioned the claim to his father.  The testimony offered also established that Thomas Bates involvement in the claim was minimal and Plaintiff testified, he was "glad that Gary was assisting."

This evidence does not support the jury's award of damages for mental pain and suffering by Thomas Bates.  As the court ruled in its *in limine* rulings, Gary Bates is not a Plaintiff and cannot recover damages from State Farm.  Gary Bates testimony about his "perception" of his father's body language as a reaction to the mention of State Farm to his father is equally unavailing to support an award for emotional distress damages, much less an award that is more than 20 times the amount of policy benefits at issue in the case.

The evidence showed Thomas Bates had almost no involvement in the handling of this claim for this rental property.  Given the lack of evidence of any actual mental distress suffered by Thomas Bates it would be appropriate for the court to find that no damages should be awarded for mental pain and suffering.  However, even if this court determines

there was some evidence to support such an award, the $325,000 (or $309,200 representing the portion of the award for mental pain and suffering) should be reduced to an amount consistent with the minimal evidence presented. This would be an amount of three to four times the amount of policy benefits awarded equaling $47,400 to $63,800. Even multiplying the contract damages by a factor of ten would provide an award of $158,000, almost half the amount awarded by the jury. Without bad faith, this was a claim over $15,000 in policy benefits on a rental property for which the damage was so minimal that the tenant was not disturbed, and Plaintiff continued to receive rent payments throughout the duration of the claim and trial.

CONCLUSION

For the reasons set forth above, State Farm requests this Court grant its Motion for Judgment as a Matter of Law. In the alternative, State Farm requests this Court order remittitur of the jury's verdict to reduce the verdict to an amount supported by the evidence in the case, and if necessary, a new trial on Plaintiff's damages.

Respectfully submitted,

*/s/ Paula M. Williams*
Lance E. Leffel, OBA No. 19511
Paula M. Williams, OBA No. 30772
Taylor J. Freeman Peshehonoff, OBA No. 34424
**GABLEGOTWALS**
BOK Park Plaza, Suite 2200
499 W. Sheridan Avenue
Oklahoma City, OK  73102
(405) 235-5500
(405) 235-2875 (facsimile)
lleffel@gablelaw.com
pwilliams@gablelaw.com
tpeshehonoff@gablelaw.com

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on December 6, 2022, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following**:**

Brad Miller, OBA #11437
J. Logan Johnson, OBA #12722
Shawna L. Landeros, OBA #31637
MILLER JOHNSON JONES
ANTONISSE & WHITE, PLLC
500 N.W. 6th Street, Suite 300
Oklahoma City, OK 73102-1219

*Counsel for Plaintiff*

*/s/ Paula M. Williams*
Paula M. Williams