## IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

THOMAS H. BATES,

                Plaintiff,

v.

STATE FARM FIRE AND CASUALTY COMPANY,

                Defendant.

Case No. CIV-21-00705-JD

## PLAINTIFF'S AMENDED MOTION FOR ATTORNEY FEES AND PRE-JUDGMENT INTEREST

Respectfully submitted,

MILLER JOHNSON JONES
ANTONISSE & WHITE, PLLC

By:    *s/Brad Miller*
        Brad Miller, OBA #11437
        J. Logan Johnson, OBA #12722
        Shawna L. Landeros, OBA #31637
        500 NW 6th Street, Suite 300
        Oklahoma City, OK 73102-1219
        Telephone: (405) 896-4388
        Fax: (405) 609-2995
        bmiller@mjjaw.com
        ljohnson@mjjaw.com
        slanderos@mjjaw.com
        ***Attorneys for Plaintiff***

## <u>TABLE OF CONTENTS</u>

**TABLE OF AUTHORITIES** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **iii**

**STATEMENT OF THE CASE** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **2**

**ARGUMENT AND AUTHORITY** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **4**

   **I.**   **Plaintiff is entitled to attorney fees.** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **4**

       **A.  Plaintiff is entitled to a lodestar fee of $478,880.** . . . . . . . . . . . . . . . . . . . **5**

       **B.  Plaintiff is entitled to a fee enhancement.** . . . . . . . . . . . . . . . . . . . . . . . . . . **8**

          **1.**   **Time and labor involved.** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **9**

          **2.**   **The novelty and difficulty of the questions, and**
          **3.**   **The skill requisite to perform the legal services properly.** . . . . . . **10**

          **4.**   **The preclusion of other employment,**
          **5.**   **The customary fee, and**
          **6.**   **Whether the fee is fixed or contingent** . . . . . . . . . . . . . . . . . . . . . **11**

          **7.**   **Time limitations imposed by the client or the circumstances.** . . . **12**

          **8.**   **The amount involved and the results obtained.** . . . . . . . . . . . . . . **12**

          **9.**   **The experience, reputation, and ability of the attorneys.** . . . . . . **13**

          **10.**   **The "undesirability" of the case.** . . . . . . . . . . . . . . . . . . . . . . . . . . **13**

          **11.**   **The nature and length of the professional relationship with**
             **the client.** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **14**

          **12.**   **Awards in similar cases.** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **14**

  **II.**   **Plaintiff is entitled to pre-judgment interest of $4,296.45** . . . . . . . . . . . . . . . . **14**

**CONCLUSION** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **17**

**CERTIFICATE OF SERVICE** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **17**

### TABLE OF AUTHORITIES

<u>**CASES**</u>

<u>AME, Inc. v. Consolidated Freightways</u>, 783 P.2d 499 (Okla. Civ. App. 1989). . . . . . . .  8

<u>Andrews v. Koch</u>, 554 F. Supp. 1099 (E.D. N.Y. 1983). . . . . . . . . . . . . . . . . . . . . . . . . .13

<u>BD v. DeBuono</u>, 177 F. Supp. 2d 201 (S.D. N.Y. 2001). . . . . . . . . . . . . . . . . . . . . . . . 7-8

<u>Been v. O.K. Industries, Inc.</u>, 2011 WL 4478766
(E.D. Okla. Aug. 16, 2011). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 11, 12, 13

<u>Blanchard v. Bergeron</u>, 489 U.S. 87 (1989). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

<u>Brown v. Phillips Petroleum Company</u>, 838 F.2d 451 (10th Cir. 1988). . . . . . . . . . . . . . .13

<u>Busby v. City of Tulsa</u>, 2019 WL 169686 (N.D. Okla. Jan. 11, 2019). . . . . . . . . . . . . . .  6

<u>Case v. Unified School District No. 233, Johnson County, Kansas</u>,
157 F.3d 1243 (10th Cir. 1998). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

<u>Depomed, Inc. v. Actavis Elizabeth LLC</u>, 2018 WL 999673
(D. N.J. Feb. 21, 2019). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6-7

<u>DiBella v. Hopkins</u>, 2005 WL 3544339 (S.D. N.Y. Dec. 29, 2005). . . . . . . . . . . . . . . . . 7

<u>Finnell v. Jebco Seismic</u>, 67 P.3d 339 (Okla. 2003). . . . . . . . . . . . . . . . . . . . . . . . . . .5, 14

<u>Folsom v. Century Life Assurance Company</u>, 502 P.3d 1121
(Okla. Civ. App. 2021). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 11, 13, 14

<u>Glass v. Pfeffer</u>, 849 F.2d 1261 (10th Cir. 1988). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .5

<u>Glazing Concepts, Inc. v. Hanover Insurance Company</u>, 229 Fed. App'x 732
(10th Cir. 2007). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

<u>Hamilton v. Northfield Insurance Co.</u>, 473 P.3d 22 (Okla. 2020). . . . . . . . . . . . . . . . . . 2

<u>Henderson v. Horace Mann Insurance Company</u>, 560 F. Supp. 2d 1099
(N.D. Okla. 2008). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .1

<u>Hensley v. Eckerhart</u>, 461 U.S. 424 (1983). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 13

Jane L. v. Bangerter, 61 F.3d 1505 (10th Cir. 1995). . . . . . . . . . . . . . . . . . . . . . . . . . . . . .5

Malloy v. Monahan, 73 F.3d 1012 (10th Cir. 1996). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

McNeely v. National Mobile Health Care, LLC, 2008 WL 4816510
(W.D. Okla. Oct. 27, 2008). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .9

Medical Mutual of Ohio v. Air Evac EMS, Inc., 2020 WL 13454002
(N.D. Ohio Sept. 1, 2020). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .7

Minor v. Christies, Inc., 2011 WL 902235 (N.D. Cal. Jan. 29, 2011). . . . . . . . . . . . . . . . 7

Murray v. First Marine Insurance Company, 29 Fed. App'x 503 (10th Cir. 2002). . . . . . . 2

National Management Service, Inc. v. Qwest Dex, Inc., 2006 WL 8445711
(D. Ore. Feb. 23, 2006). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .7

Oklahoma Natural Gas v. Apache Corporation, 355 F. Supp. 2d 1246
(N.D. Okla. 2004). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .7

Oliver's Sports Center, Inc. v. National Standard Insurance Company,
615 P.2d 291 (Okla. 1980). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

Pucket v. General Motors, LLC, 2021 WL 1425252 (N.D. Okla. Apr. 15, 2021). . . . . . . 6

RJB Gas Company v. Colorado Interstate Gas Company, 813 P.2d 1
(Okla. Civ. App. 1989). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .8

Robert L. Wheeler, Inc. v. Scott, 777 P.2d 394 (Okla. 1989). . . . . . . . . . . . . .10, 12, 13, 14

Scottsdale Insurance Company v. Tolliver, 262 F.R.D. 606 (N.D. Okla. 2009). . . . . . . . . 2

Segner v. Ruthven Oil & Gas, LLC, 2020 WL 230617 (N.D. Tex. Jan. 14, 2020). . . . . . . 7

Spencer v. Oklahoma Gas & Electric Company, 171 P.3d 890 (Okla. 2007). . . . . . . . . . . 4

Spirit Bank Corporation v. Warner Aviation, Limited, 2012 WL 13024144
(N.D. Okla. May 14, 2012). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

Stalcup v. Schlage Lock Company, 505 F. Supp. 2d 704 (D. Colo. 2007). . . . . . . . . . . . 11

State ex rel. Burk v. City of Oklahoma City, 598 P.2d 659 (Okla. 1979). . . . . . . .4-5, 9, 11

Stauth v. National Union Fire Insurance Company, 236 F.3d 1260 (10th Cir. 2001). . . . . .1

Taylor v. State Farm Fire & Casualty Co., 981 P.2d 1253 (Okla. 1999). . . . . . . . . . . . . 16

## **STATUTES**

Oklahoma Statutes, title 12, section 1101.1 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Oklahoma Statutes, title 23, section 6 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

Oklahoma Statutes, title 36, section 3629. . . . . . . . . . . . . . . . . . . . . . . . . . . . .1, 3, 14, 16

United States Code, title 28, section 1920. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

## **OTHER**

"The Cost of Trial Experience," *available at* trial-technology.blogspot.com/2017/02/the-cost-of-trial-experience.html. . . . . . . . . . . . . .7

"Who We Are," *available at* http://www.mcguirecs.com/about-us.html. . . . . . . . . . . . . .7

## PLAINTIFF'S AMENDED MOTION FOR ATTORNEY FEES
## AND PRE-JUDGMENT INTEREST

Pursuant to this Court's Order of January 23, 2023 (Doc. 139), Plaintiff Thomas

H. Bates hereby submits his Amended Motion for Attorney Fees and Pre-Judgment

Interest for the Court's consideration.

As authority for the relief requested, Plaintiff cites 36 O.S. § 3629(B), which

provides in pertinent part:

> It shall be the duty of the insurer, receiving a proof of loss, to submit a
> written offer of settlement or rejection of the claim to the insured within
> sixty (60) days of receipt of that proof of loss. **Upon a judgment rendered
> to either party, costs and attorney fees shall be allowable to the
> prevailing party.** For purposes of this section, the prevailing party is the
> insurer in those cases where judgment does not exceed written offer of
> settlement. In all other judgments the insured shall be the prevailing party.
> **If the insured is the prevailing party, the court in rendering judgment
> shall add interest on the verdict at the rate of fifteen percent (15%) per
> year from the date the loss was payable pursuant to the provisions of
> the contract to the date of the verdict.**

Id. (emphasis added); *see also, e.g.,* Henderson v. Horace Mann Ins. Co., 560 F. Supp. 2d

1099, 1111 (N.D. Okla. 2008) ("An award of attorney fees is mandatory upon

compliance with § 3629(B)…."); Glazing Concepts, Inc. v. Hanover Ins. Co., 229 Fed.

App'x 732, 734 (10th Cir. Apr. 19, 2007) ("An award of prejudgment interest under Okla.

Stat. tit. 36, § 3629 is mandatory where a prevailing party has met the statutory

requirements.") (both citing Stauth v. Nat'l Union Fire Ins. Co., 236 F.3d 1260 (10th Cir.

2001)). The requested attorney fee award is further authorized because State Farm made

an Offer to Allow Judgment [attached hereto as Exhibit 1] in the amount of $50,000.00,

inclusive of attorney fees, costs, and interest. Plaintiff did not accept the Offer and went

on to obtain a more favorable judgment. Because State Farm relied on 12 O.S. § 1101.1(B) as the substantive basis for its Offer, Plaintiff "shall be entitled to recover the reasonable litigation costs **and reasonable attorney fees** incurred" from and after the date of the unaccepted Offer. 12 O.S. § 1101.1(B)(4) (emphasis added); *see generally also* Scottsdale Ins. Co. v. Tolliver, 262 F.R.D. 606 (N.D. Okla. 2009).

## Statement of the Case

Plaintiff Thomas H. Bates owns a rental home located at 2605 Elwood Drive in Edmond, Oklahoma. Defendant State Farm Fire and Casualty Company insured the home continuously for 11 years under Policy No. 96-BJ-Q252-5. Wind and hail were covered causes of loss under the Policy.

On or about February 4, 2021, after a roofing contractor (who was a former State Farm team manager) confirmed hail damage to the entire roof of the rental home, Plaintiff submitted a claim—*i.e.*, proof of the loss—to State Farm. *See* Hamilton v. Northfield Ins. Co., 473 P.3d 22, 26 (Okla. 2020); *see also* Murray v. First Marine Ins. Co., 29 Fed. App'x 503, 506 (10th Cir. 2002) (citing Stauth, *supra*, for the proposition that "compliance with the policy regarding notice," to include reporting a loss to an insurance agent, will satisfy the "proof of loss" requirement).[1] Upon inspection, State Farm confirmed that the home had sustained hail damage to the garage door, window

---

[1] The policy at issue here provides that, in case of a loss, the insured shall "give immediate notice to us or our agent" [*see* Exhibit 2, Policy (excerpts) at Section I.2.a], which is what Plaintiff did here. Moreover, the issue of proper or sufficient notice was not disputed in this case.

screens, mailbox, and soft metals on the roof, but took the position that the shingles

exhibited "wear and tear" and **<u>not</u>** hail damage. By letter dated February 23, 2021, State

Farm made partial payment of Plaintiff's claim. For purposes of 36 O.S. § 3629(B), the

entire loss was "payable" on this date. Plaintiff requested a second inspection, which

State Farm denied by letter dated March 15, 2021. As proven at trial, however, State

Farm did make an additional payment on August 17, 2022, when this lawsuit was already

well underway, to correct some of the many mistakes it made on Plaintiff's claim.[2]

Plaintiff filed suit on or about June 18, 2021, alleging breach of contract and bad

faith against State Farm. [*See* Petition (Doc. 1-2).] State Farm removed this case to

federal court and, before discovery even started, made an Offer to Allow Judgment in the

amount of $50,000.00. Plaintiff rejected the Offer, and discovery ensued. On July 8,

2022, State Farm filed a Motion for Partial Summary Judgment (Doc. 43) on Plaintiff's

claim of bad faith and request for punitive damages. That Motion was denied in its

entirety. [*See* Order (Doc. 53) filed 9/20/22.] Thereafter, the parties agreed to participate

in a settlement conference, but were unable to reach an agreement. [*See* Enter Order

(Doc. 99) filed 10/27/22.] A jury trial commenced on November 1, 2022. Plaintiff rested

on November 4, 2022, at which time State Farm moved for judgment as a matter of law

on Plaintiff's claims for breach of contract, bad faith, and/or punitive damages.

[Courtroom Minute Sheet (Doc. 110) filed 11/4/22.] That Motion was denied in its

entirety. [<u>Id.</u>] At the conclusion of its case-in-chief, State Farm renewed its Motion under

---

[2] These facts demonstrate that State Farm did not comply with the deadlines set forth in 36
O.S. § 3629(B) and/or act in good faith in handling Plaintiff's claim.

Fed. R. Civ. P. 50(a)(2). [Courtroom Minute Sheet (Doc. 112) filed 11/7/22.] The renewed Motion was also denied. [Id.] The matter was then submitted to the jury and, after approximately six hours of deliberations, the jury returned its unanimous verdict in favor of Plaintiff and against State Farm in the amount of $15,800.00 in actual damages on the breach of contract claim, and in the amount of $325,000.00 in actual damages on the bad faith claim.

## Argument and Authority

Plaintiff is irrefutably the "prevailing party" in this lawsuit and, as such, is entitled to attorney fees and pre-judgment interest. As stated above, these awards are **mandatory** where, as here, Plaintiff has satisfied the legal requirements for recovery.

### I.    Plaintiff is entitled to attorney fees.

To calculate the proper amount of the attorney fee award, this Court must first arrive at a "lodestar fee…by multiplying the attorney's hourly rate by the hours expended. Second, the fee may be [reduced or] enhanced by application of the Burk factors." Spencer v. Oklahoma Gas & Elec. Co., 171 P.3d 890, 895 (Okla. 2007) (construing State ex rel. Burk v. City of Oklahoma City, 598 P.2d 659 (Okla. 1979)). Those factors include:

1. Time and labor required.

2. The novelty and difficulty of the questions.

3. The skill requisite to perform the legal service properly.

4. The preclusion of other employment by the attorney due to acceptance of the case.

5. The customary fee.

6. Whether the fee is fixed or contingent.

4

7. Time limitations imposed by the client or the circumstances.

8. The amount involved and the results obtained.

9. The experience, reputation and ability of the attorneys.

10. The "undesirability" of the case.

11. The nature and length of the professional relationship with the client.

12. Awards in similar cases.

Burk at 661. The overall fee award must be reasonable. "The reasonableness of an attorneys' fee request is a question of fact" for the trial court and is reviewed on appeal for abuse of discretion. Finnell v. Jebco Seismic, 67 P.3d 339, 347 (Okla. 2003).

### A.  Plaintiff is entitled to a lodestar fee of $478,880.

Plaintiff's counsel maintains contemporaneous time records in all cases. [*See* Exhibit 3, Miller Affidavit.] These records include time spent before, during, and after the trial of this matter, to include a request for "compensation for work performed in preparing and presenting the fee application." Case v. Unified Sch. Dist. No. 233, Johnson County, Kansas, 157 F.3d 1243, 1249 (10th Cir. 1998); *see also* Glass v. Pfeffer, 849 F.2d 1261, 1266 n.3 (10th Cir. 1988) ("It is obviously fair to grant a fee for time spent litigating the fee issue."). However, counsel has exercised billing judgment in removing hours that were excessive, redundant, or otherwise unnecessary. *See, e.g.,* Malloy v. Monahan, 73 F.3d 1012, 1018 (10th Cir. 1996). Plaintiff submits that the total hours expended were reasonable under the circumstances of the case.

"Hourly rates must reflect the prevailing market rates in the relevant community." Jane L. v. Bangerter, 61 F.3d 1505, 1510 (10th Cir. 1995) (citation omitted). Although

5

Plaintiff's counsel does not automatically assign an hourly billing rate to matters taken on a contingency basis, counsel regularly quotes $450 per hour on defense files. [Exhibit 3, Miller Affidavit.] In this case, Plaintiff seeks reimbursement at an hourly rate of $350 for the law firm's partners, $300 for the law firm's associates, $100 for the law firm's legal assistants, and $185 for services rendered by McGuire Courtroom Services, LLC at trial. [*See also* Exhibit 7, Invoice from McGuire Courtroom Services, LLC.]

The rates charged by the law firm are comparable to other Oklahoma attorneys of similar caliber and experience. *See, e.g.,* Pucket v. General Motors, LLC, 2021 WL 1425252 at *3 (N.D. Okla. Apr. 15, 2021) (approving an hourly rate of $300/hour for a senior associate with 13 years of experience); Busby v. City of Tulsa , 2019 WL 169686 at *2 (N.D. Okla. Jan. 11, 2019) (approving hourly rates up to $400 for attorneys with "25+ years' experience"). [*See also* Exhibit 3, Miller Affidavit; Exhibit 4, Sherwood Affidavit; Exhibit 5, Opinion filed 9/12/22 at p. 15, Oklahoma Court of Civil Appeals Case No. 119,596 (noting the parties' stipulation to, and the trial court's approval of, $300 "as the reasonable attorney fee hourly rate" in a bad faith case); Exhibit 6, Plaintiff's Motion for Attorney Fees and Costs at p. 5, Oklahoma County Case No. CJ-2017-7301 (listing hourly rates from $225 for a 2020 law school graduate up to $750 for named partners in a bad faith case against State Farm).] The rate billed by McGuire is also reasonable, given that McGuire provided specialized trial support that the firm's paralegals could not provide. Although McGuire's rate is higher than the firm's paralegals', it is well within what the market will bear. *See, e.g.,* Depomed, Inc. v. Actavis Elizabeth LLC, 2018 WL 999673 at *19 (D. N.J. Feb. 21, 2018) (citing hourly

rates of $200, $300, and $350 for "trial presentation consulting"); <u>Minor v. Christie's, Inc.</u>, 2011 WL 902235 at \*24 (N.D. Cal. Jan. 29, 2011) (finding $200/hour to be a reasonable rate for "technology trial consultants"); "The Cost of Trial Experience," *available at* trial-technology.blogspot.com/2017/02/the-cost-of-trial-experience.html (noting that trial technology support costs $1500-$2000 "or more" for "a typical trial day"). This is particularly true given McGuire's nation-wide practice and associated overhead. *See* "Who We Are," *available at* http://www.mcguirecs.com/about-us.html.

Many courts award the costs for trial presentation services (including the consultant's hourly rate) as a recoverable expense under 28 U.S.C. § 1920(4). *See, e.g.,* <u>Med. Mut. of Ohio v. Air Evac EMS, Inc.</u>, 2020 WL 13454002 at \*7 (N.D. Ohio Sept. 1, 2020); <u>Segner v. Ruthven Oil & Gas, LLC</u>, 2020 WL 230617 at \*3 (N.D. Tex. Jan. 14, 2020) (citing multiple cases allowing "the recovery of costs related to using professional services for presentation of audio and visual evidence at trial"); <u>Nat'l Mgm't Svc., Inc. v. Qwest Dex, Inc.</u>, 2006 WL 8445711 at \*\*1-2 (D. Ore. Feb. 23, 2006) (citing <u>DiBella v. Hopkins</u>, 2005 WL 3544339 (S.D. N.Y. Dec. 29, 2005)).[3] Other courts award such costs as fees. *See, e.g.,* <u>ONG v. Apache Corp.</u>, 355 F. Supp. 2d 1246, 1258 (N.D. Okla. 2004) (awarding fees for an information technology specialist's time spent "preparing exhibits for computer presentation at trial and for computer work performed during trial"); <u>BD v.</u>

---

[3] In this case, the Court Clerk awarded *all but* McGuire's hourly rate for attendance at trial as costs, and recommended that Plaintiff seek the remaining amount as fees. Thus, the necessity of the expenditure is not subject to serious dispute. This is also true insofar as Defendant employed its own paralegal and/or technician to perform the same services as McGuire did for Plaintiff.

DeBuono, 177 F. Supp. 2d 201, 204 (S.D. N.Y. 2001) (awarding fees charged by a "trial preparation consultant" for "technological assistance," *inter alia*, said consultant being "the equivalent of additional attorneys or legal para-professionals"). So long as the amount is deemed to be reasonable, therefore, it should be recoverable.

In sum, the requested lodestar fee is reasonably proportional to the amount of the judgment. *See also* AME, Inc. v. Consol. Freightways, 783 P.2d 499, 500 (Okla. Civ. App. 1989) (holding an attorney fee request is not unreasonable simply because it exceeds the judgment amount). Plaintiff therefore submits that the lodestar amount of $478,880 should be deemed purely compensatory and awarded in full.

### B.  Plaintiff is entitled to a fee enhancement.

When a party "has obtained excellent results, his attorney should recover a fully-compensatory fee" which "normally, will encompass all hours reasonably expended on the litigation, and indeed, in some cases of exceptional success, an enhanced award may be justified." *See* RJB Gas Co. v. Colo. Interstate Gas Co., 813 P.2d 1, 13-14 (Okla. Civ. App. 1989) (citing Hensley v. Eckerhart, 461 U.S. 424 (1983)). This is one such case.

According to the evidence at trial, State Farm has adopted "Hail Focus" policies and procedures in recent years which are specifically designed to reduce the number of hail claims paid in Oklahoma. Upon information and belief, State Farm has been sued much more often since "Hail Focus" was adopted, which means it is forcing insureds like Mr. Bates to go to court simply to get their claims paid. In this case, Plaintiff was awarded $15,800 in contract damages and $325,000 in bad faith damages, in a case involving the ACV value of a roof. The total verdict was almost seven (7) times more

than State Farm's Offer to Allow Judgment. *See also, e.g.,* Folsom v. Century Life Assur. Co., 502 P.3d 1121, 1126 (Okla. Civ. App. 2021) (describing the fact that counsel secured an offer to confess judgment "almost four (4) times greater than [the opposing party's] first offer" as "truly extraordinary" and "a legitimate basis on which to enhance a lodestar attorney fee").

More importantly, **Mr. Bates took a stand** in hopes of discouraging State Farm from taking advantage of other insureds. This measure of success is contemplated in certain of the Burk factors. "Lawyers who seek an award of attorney fees" need only offer evidence relating to "one or more of the applicable criteria" to "enable the court to determine reasonable compensation as an incentive or bonus." *See* Burk at 663. Based on the application of the relevant Burk factors, Plaintiff seeks an enhancement of 30 percent of the lodestar amount, for a total attorney fee award of $622,544.

### 1. Time and labor involved

As noted above, this case involved a pattern and practice theory which required extensive discovery, including the review of multiple claim files and the pursuit of multiple witnesses, some of whom were reluctant to get involved in a "David versus Goliath" case such as this. The parties engaged in multiple discovery disputes, many of which were resolved without the Court's intervention, but some of which continued throughout the trial, or were raised for the first time at trial. The docket also reveals "substantial briefing on the legal and factual issues" which this Court may consider in making the attorney fee award. *See, e.g.,* McNeely v. Nat'l Mobile Health Care, LLC, 2008 WL 4816510 at *15 (W.D. Okla. Oct. 27, 2008).

Plaintiff's counsel is well aware that "the use of time as the sole standard is of dubious value" and generally places a premium on efficiency. *See also* <u>Robert L. Wheeler, Inc. v. Scott</u>, 777 P.2d 394, 396 (Okla. 1989). For this reason, billing records were audited to subtract unnecessarily redundant time. [*See* Exhibit 3, Miller Affidavit.] But, by having multiple attorneys involved in the preparation and trial of this case, Plaintiff was better able to adhere to the Court's schedule, research and prepare successful arguments, and adjust trial strategy as needed. Thus, not all (apparent) redundancy is unnecessary.

Overall, the time and labor expended by Plaintiff's counsel on this case (which was tried to verdict within 18 months of the event underlying the suit) was clearly reasonable. *See also, e.g.,* <u>Been v. O.K. Indus., Inc.</u>, 2011 WL 4478766 at *7 (E.D. Okla. Aug. 16, 2011) ("[I]n a contingent fee action there is little incentive for attorneys to 'churn' a file, that is to work more hours than necessary to accomplish a favorable result."). [*See also* Exhibit 4, Sherwood Affidavit.]

## 2.  The novelty and difficulty of the questions, and

## 3.  The skill requisite to perform the legal services properly

"Whether the services are routine, or whether exceptional skill or effort is required" are related questions. *See* <u>Robert E. Wheeler</u> at 396. Plaintiff's counsel is well-versed in insurance law and experienced in prosecuting and defending bad faith cases. This area of law may be deemed "complex," as evidenced by the fact that both parties had expert witnesses (State Farm's was a paid, "retained" expert, while Plaintiff's was not) to assist the jury with the issues in the case. State Farm's expert was specifically

allowed to testify over Plaintiff's objection in part because his testimony was deemed to be helpful in the consideration of the issues in the case. In other words, the issues at trial were not matters of common knowledge to a jury.

In <u>Folsom</u>, *supra*, the court awarded a fee enhancement "owing [in part] to the complexity of the case." *See* <u>id.</u> at 1127. That case "began as a simple bad-faith insurance action" but "quickly became much more complicated" due to the "vigorous" and "aggressive" defense mounted the insurance company—not unlike State Farm's defense here. *See* <u>id.</u> In <u>Folsom</u>, however, the parties "prepared the case **as if** the matter were going to trial," <u>id.</u>, whereas the parties here actually took the matter all the way through trial, in an efficient and successful manner. [*See also* Exhibit 4, Sherwood Affidavit.]

**4.   The preclusion of other employment,**

**5.   The customary fee, and**

**6.   Whether the fee is fixed or contingent**

"A fee enhancement also is appropriate to account for the risks inherent in litigation handled on a contingency basis." <u>Id.</u> (citing <u>Burk</u>, *supra*). "In such cases, successful outcomes are never guaranteed—despite even the most competent attorneys' efforts." <u>Id.</u> Those "efforts" necessarily precluded other employment (such as hourly defense work) for multiple members of the firm, particularly leading up to, and in the midst of, trial. *See also* <u>Been</u> at *8; <u>Stalcup v. Schlage Lock Co.</u>, 505 F. Supp. 2d 704, 708 (D. Colo. 2007) ("[P]riority work that delays a lawyer's other work is entitled to a premium."). [*See also* Exhibit 3, Miller Affidavit; Exhibit 4, Sherwood Affidavit.]

"Although the court looks initially to the hourly rate for comparable representation where compensation is guaranteed, it must adjust the basic hourly rate where compensation is contingent by assessing the likelihood of success at the outset of the representation." Robert L. Wheeler at 397. "The fee quoted to the client of the percentage of the recovery agreed to [here, 50%] is helpful in demonstrating attorney's fee expectations when he accepted the case." Been at *8 (citing Blanchard v. Bergeron, 489 U.S. 87 (1989)). [*See also* Exhibit 3, Miller Affidavit; Exhibit 4, Sherwood Affidavit.] The risk of non-recovery in cases such as this is real. Indeed, State Farm made much of the fact that the bad faith claim at issue in Lewis v. State Farm Fire & Casualty Co., W.D. Okla. Case No. CIV-202-648-HE, did not survive summary judgment. The highly contingent nature of the case clearly warrants enhancement.

### 7.  Time limitations imposed by the client or the circumstances

Plaintiff in this case was a 97-year-old World War II veteran. He attended every day of trial, from 7:30 AM until 10:30 PM to meet the Court's schedule and out of respect for the system, despite being graciously allowed to attend less frequently if needed. [*See also, e.g.,* Courtroom Minute Sheet filed 11/7/22 (Doc. 112).] His time is worth something, particularly given his determination to show State Farm that its insureds will not be bullied. While this factor need not be given as much weight as others, it does illustrate the personal sacrifice made by Plaintiff and, by extension, his counsel.

### 8.  The amount involved and the results obtained

A law firm would not find this case desirable on its face, given that contractual damages were based solely upon the actual cash value of a 9-year-old roof—an amount

12

less than $9,000 according to State Farm's closing argument at trial. [*See also* Exhibit 3, Miller Affidavit; Exhibit 4, Sherwood Affidavit.] The results obtained, however, were almost thirty-eight times more than that, and seven times greater than State Farm's Offer to Allow Judgment—a "truly extraordinary" result, according to the <u>Folsom</u> court. "The U.S. Supreme Court has stated that the result obtained is the most important factor when determining an appropriate attorney's fee." <u>Been</u> at *6 (citing <u>Hensley</u>, *supra*). Where, as here, any recovery was "highly contingent," this factor may be given even greater weight. *See* <u>Brown v. Phillips Petroleum Co.</u>, 838 F.2d 451, 456 (10th Cir. 1988).

## 9.  The experience, reputation, and ability of the attorneys

"The attorney's standing in the profession for learning, ability, skill, and integrity is recognized as a proper matter for consideration in assessing the value of the services provided and can be the basis for a higher award." <u>Robert L. Wheeler</u> at 398. In this case, the standing of State Farm's attorneys, and the strategies they employed, must also be taken into account. [*See also* Exhibit 3, Miller Affidavit; Exhibit 4, Sherwood Affidavit.] In awarding a 25% fee enhancement in <u>Andrews v. Koch</u>, 554 F. Supp. 1099 (E.D. N.Y. 1983), the court specifically noted instances where attorneys "stayed with it" in face of a zealous defense by "respected attorneys" with "litigation expertise." *See* <u>id.</u> at 1101-02.

## 10. The "undesirability" of the case

The "undesirability" of this case is due to the relatively low contractual amount at issue and the relatively high risk of non-recovery. Furthermore, given State Farm's strategy of making an offer to confess judgment early in the litigation, thereby shifting the risk of fees and costs to insured in conjunction with the operation of 36 O.S. §

13

3629(B), many law firms would not be able to undertake the representation of this type of case. [*See also* Exhibit 3, Miller Affidavit; Exhibit 4, Sherwood Affidavit.] This type of risk warrants an enhancement.

## 11. The nature and length of the professional relationship with the client

This factor supports an enhancement to the extent that "[c]lients who do not routinely employ the attorney should not expect the lower legal fees normally negotiated with clients who regularly hire or retain counsel." <u>Robert L. Wheeler</u> at 398. Mr. Bates is not a regular client and undoubtedly hopes never to be involved in a lawsuit again.

## 12. Awards in similar cases

Plaintiff submits that an enhancement equal to that awarded in <u>Folsom</u>—*i.e.,* 30 percent—is warranted here. [*See also* Exhibit 4, Sherwood Affidavit.] *See also* <u>Finnell</u> at 347 (approving a fee enhancement of 65% and noting "we have never identified a percentage above which a fee's relationship to the damage award must be deemed unreasonable *per se*").

## II.    Plaintiff is entitled to pre-judgment interest of $4,396.45

As stated above, Plaintiff triggered the interest provision in 36 O.S. § 3629(B) when he submitted his claim. It only stands to reason that the entire claim was "payable" when State Farm made partial payment on February 23, 2021. [*See also* Exhibit 5, Opinion filed 9/12/22 at pp. 13-14, Oklahoma Court of Civil Appeals Case No. 119,596 (finding damages to the roof caused by hail "were undoubtedly ascertainable by dollar amount" when the insurer made its offer of settlement).] Yet, only a portion of benefits

14

was paid within the statutory time frame. Plaintiff is therefore entitled to prejudgment interest of 15% on the breach of contract verdict from February 23, 2021 until the date of verdict on November 8, 2022, as calculated below:



| | |
|---|---|
| Starting Amount (PV)?: | $15,800.00 |
| Annual Interest Rate?: | 15.0000% |
| Days (-9,999 < # < 47,482)?: | 623 |
| Start Date (year > 1969)?: | 02/23/2021 |
| End Date (year < 2100)?: | 11/08/2022 |
| Compounding?: | Annually |
| Days In Year?: | 365 |
| Interest Earned: | $4,296.52 |

Plaintiff is also entitled to interest on the late payment of **<u>undisputed</u>** insurance benefits, as follows:

| | |
|---|---|
| Starting Amount (PV)?: | $425.13 |
| Annual Interest Rate?: | 15.0000% |
| Days (-9,999 < # < 47,482)?: | 545 |
| Start Date (year > 1969)?: | 02/23/2021 |
| End Date (year < 2100)?: | 08/22/2022 |
| Compounding?: | Annually |
| Days In Year?: | 365 |
| Interest Earned: | $99.93 |

The total amount of pre-judgment interest sought is therefore $4,396.45.

In <u>Taylor v. State Farm Fire & Cas. Co.</u>, 981 P.2d 1253 (Okla. 1999), the Oklahoma Supreme Court reiterated that "[i]nterest on the insured loss is allowable from the date the claim becomes certain and the loss is payable under the terms of the policy" under 36 O.S. § 3629(B). <u>Id.</u> at 1261. Provided, "the purview of § 3629 is restricted to those property-loss recoveries in which the insured loss was for a liquidated amount or for an amount that **could be** made ascertainable by reference to well-established market values." <u>Id.</u> at 1261 (emphasis added). This construction is consistent with "[t]he statute that governs prejudgment interest awardable *qua* damages"—*i.e.,* 23 O.S. § 6—which provides in pertinent part that "[a]ny person who is entitled to recover damages certain, **or capable of being made certain by calculation**, and the right to recover which is vested in him upon a particular day, is also entitled to recover interest…." *See* <u>id.</u> at 1260-61. In other words, interest is the prevailing party's due, "so long as the insured loss constitutes the core element of the awarded recovery." *See* <u>id.</u> at 1258-59 (citing <u>Oliver's Sports Center, Inc. v. Nat'l Standard Ins. Co.</u>, 615 P.2d 291 (Okla. 1980)). An exact amount is not required. *See, e.g.,* <u>Spirit Bank Corp. v. Warner Aviation, Ltd.</u>, 2012 WL 13024144 at *2 (N.D. Okla. May 14, 2012) (noting, even where an unexplained discrepancy existed between a repair estimate in evidence and the amount awarded by the jury, "the parties' failure to focus on the amount of loss does not change the fact that the amount of loss 'could be' established through inspection and application of market values," such that pre-judgment interest was due).

### Conclusion

For the reasons set forth herein, Plaintiff Thomas H. Bates respectfully requests the Court to enter an award of attorney fees and prejudgment interest in his favor.

MILLER JOHNSON JONES
ANTONISSE & WHITE, PLLC

By:   *s/Brad Miller*
Brad Miller, OBA #11437
J. Logan Johnson, OBA #12722
Shawna L. Landeros, OBA #31637
500 NW 6th Street, Suite 300
Oklahoma City, OK 73102-1219
Telephone: (405) 896-4388
Fax: (405) 609-2995
bmiller@mjjaw.com
ljohnson@mjjaw.com
slanderos@mjjaw.com
***Attorneys for Plaintiff***

### CERTIFICATE OF SERVICE

☑ I hereby certify that on January 27, 2023, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing.  Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

Lance E. Leffel, OBA #19511
Paula M. Williams, OBA #30772
GableGotwals
BOK Park Plaza
499 West Sheridan Ave., Suite 2200
Oklahoma City, OK 73102
Telephone: (405) 235-5500
Fax: (405) 235-2875
***Attorneys for Defendant***

*s/Brad Miller*
Brad Miller