

# ORIGINAL

NOT FOR OFFICIAL PUBLICATION

IN THE COURT OF CIVIL APPEALS OF THE STATE OF OKLAHOMA

DIVISION II

**FILED**
**COURT OF CIVIL APPEALS**
**STATE OF OKLAHOMA**

SEP 1 2 2022

**JOHN D. HADDEN**
**CLERK**

|  |  |  |
|---|---|---|
| FIRST CHRISTIAN CHURCH OF BLACKWELL, | ) ) ) | |
| Plaintiff/Appellee, | ) ) | |
| vs. | ) ) | Case No. 119,596 (Companion with Case No. 119,034) |
| BROTHERHOOD MUTUAL INSURANCE COMPANY, an Indiana Corporation, | ) ) ) ) | |
| Defendant/Appellant. | ) ) | |

Rec'd (date) 9-12-22
Posted _____
Mailed _____
Distrib _____
Publish _____ yes __X__ no

APPEAL FROM THE DISTRICT COURT OF
KAY COUNTY, OKLAHOMA

HONORABLE DAVID R. BANDY, TRIAL JUDGE

## AFFIRMED IN PART, REVERSED IN PART, AND REMANDED WITH DIRECTIONS

Ben Baker
THE BAKER LAW FIRM
Moore, Oklahoma

and

A. Laurie Koller
KOLLER TRIAL LAW, PLLC
Tulsa, Oklahoma

and

**EXHIBIT**

5

Eric Anthony Mareshie
E. ANTHONY MARESHIE, PLLC
Tulsa, Oklahoma                                For Plaintiff/Appellee

David B. Donchin
Katherine T. Loy
DURBIN, LARIMORE & BIALICK
Oklahoma City, Oklahoma                        For Defendant/Appellant


OPINION BY JANE P. WISEMAN, PRESIDING JUDGE:

Defendant Brotherhood Mutual Insurance Company appeals from the trial

court's order awarding Plaintiff First Christian Church of Blackwell attorney fees,

costs, and interest after judgment entered on a jury verdict.  After full review of the

record and relevant law, we affirm in part, reverse in part and remand with

directions.

## FACTS AND PROCEDURAL BACKGROUND

First Christian Church of Blackwell made a claim with Insurance Company

for losses to its building from hail, wind, and water damage it asserts it sustained in

a May 2016 storm.  Insurance Company denied payment for much of the property

damage Church claimed.

Church filed suit, alleging Insurance Company breached its insurance

contract to pay for damages caused by the storm and violated its duty of good faith

and fair dealing.  Church specifically asserted Insurance Company failed to pay

pursuant to the policy, breached its contractual obligations to pay its losses which

exceeded $750,000, and perpetrated fraud by making false statements to Church which it relied on to its detriment. Church further maintained Insurance Company intentionally delayed dealing and negotiating with it so the one-year statute of limitations would expire. Church complained that based on the existing circumstances, Insurance Company acted in bad faith in handling and subsequently denying its claim resulting in Church being substantially damaged. Church also asserted Insurance Company acted with malice and bad faith entitling it to punitive damages.[1]

After several days of trial, the trial court entered judgment on the jury's verdict in favor of Church for breach of contract in the sum of $824,000 and for breach of the duty of good faith in the sum of $45,000. In the second-stage proceeding, the jury returned a verdict for punitive damages in the amount of $100,000. In its order, the trial court also reserved the issues of attorney fees and costs to be addressed on application.

Insurance Company appealed the trial court's decision in Case No. 119,034, raising error in the trial court's refusal to direct a verdict in its favor and in its denial of a requested jury instruction and special interrogatory. We affirmed the trial court's rulings in a previous Opinion in that case.

---

[1] Church initially brought claims also against its insurance agency and the agent who sold the policy, but subsequently dismissed them without prejudice.

3

In this companion appeal, Insurance Company now challenges the trial court's order awarding Church attorney fees, costs, and prejudgment interest.

## STANDARD OF REVIEW

"The issue of entitlement to an attorney's fee, costs, and interest presents purely a legal question which we review *de novo* without deference to the trial court's determination." *In re Estate of Bleeker*, 2013 OK CIV APP 106, ¶ 5, 316 P.3d 932 (citing *Finnell v. Jebco Seismic*, 2003 OK 35, ¶ 7, 67 P.3d 339). If attorney fees are allowed, then it must be determined "whether the fee awarded is reasonable." *Finnell*, 2003 OK 35, ¶ 8. "The amount to be awarded as a fee for the services of a legal practitioner is a matter left to the discretion of the trial court and will not be disturbed absent an abuse of discretion." *Id.* "Discretion is abused when a trial judge makes a clearly erroneous conclusion and judgment, against reason and evidence." *Id.* As to costs, the trial court has discretion "as to the amount of cost awarded for items which the Legislature has required to be 'reasonable.'" *Atchley v. Hewes*, 1998 OK CIV APP 143, ¶ 6, 965 P.2d 1012.

## ANALYSIS

I.    *Costs*

Insurance Company argues that although the trial court reduced the costs awarded from the amount Church originally requested, the amount still contains expert witness fees that are not statutorily recoverable. Insurance Company argues

the trial court erroneously awarded Church approximately $37,000 for fees related
to expert witnesses including Neil Hall (Church's expert), Fred Lupfer (Church's
expert), and Stanton Smith (Insurance Company's expert).

The trial court stated:

> The Court GRANTS Plaintiff's Application for
> Cost[s] in the amount of $58,400.77 which reduced
> Plaintiff's requested amount by reducing copy cost by
> one-half, removing mediation, lodging, meals, and John
> Brandes' expert fees.

In its cost application, Church requested recovery of "expert witness fees" in the
amount of $39,617.64.  In replying to Insurance Company's contentions, Church
provided the following basis for recovering such fees:

- Defendant is wrong in regard to expert witnesses.
  Mr. Smith and Mr. Brandes are both Defendant's experts.
- Mr. Hall and Mr. Lupfer both conducted studies and were
  necessary experts in the Plaintiff's prosecution of its case
  and would be allowed under Title 25 of the IRS code
  sections (2) the reasonable expenses of expert witnesses;
  (3) "the reasonable cost of any study, analysis,
  engineering report, test, or project which is found by the
  court to be necessary for the preparation of the party's
  case."

(Emphasis omitted.)

In *Atchley*, 1998 OK CIV APP 143, the prevailing party sought expert
witness fees paid to physicians he deposed during discovery because the opposing
side stated they would be called as witnesses. *Id.* ¶ 1.  The trial court denied

recovery of the expert fees. *Id.* This Court held the prevailing party was entitled

to recover some of the expert witness fees. *Id.* ¶ 14. The Court stated:

> The trial court did not allow Atchley [prevailing party] to recover the expert witness fees paid to five experts whom he deposed because he says they were identified by Hewes [non-prevailing party] as potential witnesses for her. According to Atchley, he was required to pay those experts a reasonable fee for discovery under 12 O.S. Supp. 1996 § 3226(B)(3)(c)(1). Although § 3226(B)(3)(c)(1) does not specifically provide that the party paying those fees may recover them as costs in the event of judgment in that party's favor, *Dulan v. Johnston*, 1984 OK 44, 687 P.2d 1045, suggests they would be recoverable as costs under § 942. Section 942(3) does mandate allowance of "statutory witness fees." Inasmuch as fees paid to expert witnesses under § 3226(B)(3)(c)(1) are fees required to be paid by statute, we conclude those fees, if required by § 3226(B)(3)(c)(1), should be awarded as costs. Therefore we must determine whether Atchley was required to pay any or all of these witnesses a fee under § 3226(B)(3)(c)(1).

*Id.* ¶ 10. Section 3226(B)(3)(c)(1) is now § 3226(B)(4)(d)(1) and provides:

> d. Unless manifest injustice would result:
>
> (1) the court shall require that the party seeking discovery pay the expert a reasonable fee for time spent in responding to discovery under division (2) of subparagraph a of this paragraph and subparagraph c of this paragraph, . . .

12 O.S. Supp. 2020 § 3226(B)(4)(d)(1). Subparagraph (a)(2) provides:

> a. Discovery of facts known and opinions held by experts, otherwise discoverable under the provisions of paragraph 1 of this subsection and acquired or

> developed in anticipation of litigation or for trial, may
> be obtained only as follows:
>
> . . .
>
> (2) after disclosure of the names and addresses of the
> expert witnesses, the other party expects to call as
> witnesses, the party, who has requested disclosure,
> may depose any such expert witnesses subject to
> scope of this section. . . .

12 O.S. Supp. 2020 § 3226(B)(4)(a)(2).

The Court in *Fuller v. Pacheco*, 2001 OK CIV APP 39, 21 P.3d 74, awarded costs to the prevailing party pursuant to 12 O.S. § 942 (costs statute) and 12 O.S. § 1101.1 (offer of judgment statute). Title 12 O.S.2011 § 1101.1 does allow recovery of "reasonable litigation costs," but this statute does not apply to this case, and the *Fuller* analysis regarding this statute is likewise inapplicable. We do find the Court's analysis of § 942 applicable to determining whether expert witness fees are recoverable. In *Fuller*, "[t]he trial court awarded expert witness fees pursuant to section 942 and 12 O.S. Supp. 1998 § 3226." *Id.* ¶ 32. The *Fuller* Court determined:

> [I]n *Dulan v. Johnston*, 1984 OK 44, ¶¶ 23-24, 687 P.2d
> 1045, 1048, the supreme court explained that section
> 3226(B)(3)(c)(1) (which was section 3203(B)(3)(c)(1) at
> the time) is not applicable to a situation where a party is
> deposing its own witness. Expert witness fees must only
> be paid where a party seeks discovery from an adverse
> party's expert witness. The record here reveals that the
> first expert witness listed by [prevailing party],
> Dr. Powers, is [prevailing party's] own expert. Section

3226(B)(3)(c)(1) does not apply to the costs for this
expert.

*Id.* ¶ 34.

In its application for fees and costs, Church sought reimbursement for
"expert witness fees" of $39,617.64.  During the hearing, the trial court reduced
this amount by $2,550—the fee for Insurance Company's expert John Brandes—
because Insurance Company had already paid him that amount.  This reduced the
expert witness fee award to $37,067.64 comprised of the following:

- Neil Hall, P.E.:  Expert Opinion—Inspection/Report $8,417.98 (Church's
  expert)
- Neil Hall, P.E.:  Expert Opinion—Trial $8,552.98
- Fred Lupfer:  Expert Opinion—Deposition $1,166.25 (Church's expert)
- Fred Lupfer:  Expert Opinion—Inspection Report $4,952
- Fred Lupfer:  Expert Opinion—Trial $12,286.97
- Stanton Smith:  Expert Fee—$1,691.46 (Insurance Company's expert)

After our review of the expert witness fee award under the relevant statutory
law and case law, Church may recover only the $1,691.46 fee paid to Insurance
Company's expert, Stanton Smith.  The remainder of the expert witness fee award
of $37,067.64 is not recoverable and is therefore reversed.

*II.  Prejudgment interest and attorney fees are recoverable pursuant to 36 O.S.
      § 3629.*

Insurance Company urges that attorney fees and prejudgment interest should

not have been awarded pursuant to 36 O.S. § 3629 under the facts of this case.

Section 3629 states:

> A.    An insurer shall furnish, upon written request of
> any insured claiming to have a loss under an insurance
> contract issued by such insurer, forms of proof of loss for
> completion by such person, but such insurer shall not, by
> reason of the requirement so to furnish forms, have any
> responsibility for or with reference to the completion of
> such proof or the manner of any such completion or
> attempted completion.
> B.    It shall be the duty of the insurer, receiving a proof
> of loss, to submit a written offer of settlement or rejection
> of the claim to the insured within sixty (60) days of
> receipt of that proof of loss.  Upon a judgment rendered
> to either party, costs and attorney fees shall be allowable
> to the prevailing party.  For purposes of this section, the
> prevailing party is the insurer in those cases where
> judgment does not exceed written offer of settlement.  In
> all other judgments the insured shall be the prevailing
> party.  If the insured is the prevailing party, the court in
> rendering judgment shall add interest on the verdict at the
> rate of fifteen percent (15%) per year from the date the
> loss was payable pursuant to the provisions of the
> contract to the date of the verdict.  This provision shall
> not apply to uninsured motorist coverage.

Insurance Company believes the 60-day period did not commence in August

2016 but on March 13, 2017:

> [Church] claimed the trigger was its making the
> claim in August 2016, making the 60 days run by
> October 25, 2016.  Under the facts of this case, this is not
> accurate.  [Church] called reporting "possible" hail

damage that it wanted checked out. This is certainly not
a proof of loss or even a concrete claim of loss. [Church]
submitted its proof of loss form on March 13, 2017.
[Church] filed suit on the 60th day, without giving
[Insurance Company] its full 60 days to submit an offer
of settlement or reject the claim. As such, the statute
should not be applicable.

Insurance Company also argues Church's requested amount was uncertain as to the

actual loss at the time proof of loss was submitted making the statute inapplicable.

The Oklahoma Supreme Court recently in *Hamilton v. Northfield Insurance
Company*, 2020 OK 28, ¶¶ 10-11, 473 P.3d 22, explained the meaning and intent

of § 3629(B):

And so in this case we take section 3629(B)'s words in
their plain and ordinary sense—just as would the
layperson who purchases an insurance policy, suffers a
covered loss, and submits proof of that loss to the insurer.
The statute tells both parties what to expect when the
insured submits the claim. Upon receiving the insured's
claim—that is, the proof of loss—the insurer must act
within sixty days to settle (or else reject outright—as
happened in this case) that claim.
        By its own plain terms, then, section 3629(B)'s
claim—toward which the offer of settlement or rejection
is directed—must be an insured's request to the insurer to
be made whole for a covered loss. This does not equate
to, and must not be mistaken for, a claim arising in later
litigation.

The absence of a formal proof of loss "is not fatal to award of fees under

[§ 3629]." *Hambelton v. Canal Ins. Co.*, 405 Fed. Appx. 321, 323 (10th Cir.

2010). "Any notice by an insured provides the insurer sufficient proof of loss if

the notice 'serves the ultimate purpose of affording the insurer knowledge that can be acted upon.'" *Id.* at 323 (quoting *Dixson Produce, LLC v. Nat'l Fire Ins. Co. of Hartford*, 2004 OK CIV APP 79, ¶ 20, 99 P.3d 725). Although the insured in *Hambelton* "did not provide a formal proof of loss," he did give the insurance company "sufficient notice to be able to comply with § 3629(B)," so the appellate court determined insured was "not precluded by § 3629(B) from recovering attorneys' fees." *Id.*; *see also Morton v. Progressive Northern Ins. Co.*, 498 Fed. Appx. 835, 842-43 (10th Cir. 2012)(finding "that any notice of a claim that the insurance contract requires satisfies any proof of loss requirement in § 3629").

After the Church was damaged by a severe storm on May 13, 2016, it reported it to Insurance Company's local agent on August 18, 2016, and Insurance Company assigned claim number 527990 to the matter. On August 23, 2016, Insurance Company inspected the property. After conducting an investigation, Insurance Company made a written offer of settlement on October 25, 2016 for $19,004.50. On January 13, 2017, Insurance Company requested a formal "proof of loss form" to be executed according to the insurance policy. On March 10, 2017, Church submitted the "proof of loss form" to Insurance Company which notably references the same claim number assigned at the time Church provided a notice of loss in August 2016. But for purposes of § 3629, the statute was triggered on August 18, 2016, when the Church provided notice of loss to

11

Insurance Company's local agent, not when the formal proof of loss form was

executed in March 2017.  Church reported the loss pursuant to the policy with

Insurance Company which provides that "in case of a loss" the insured "must:  a.

give us or our agent prompt notice including a description of the property involved

(we may request written notice)."  Insurance Company did not request any written

notice at that time but instead assigned a claim number and pursued an

investigation.  The policy does not require a formal proof of loss unless requested

by Insurance Company.  Under these facts, we do not see trial court error in

determining that § 3629 not only applies to this case but the 60-day requirement

began to accrue on August 18, 2016, and ended on October 17, 2016—*i.e.*, before

Insurance Company made its settlement offer.

The trial court correctly determined that prejudgment interest began to

accrue on October 25, 2016, when Insurance Company made a written offer of

settlement for $19,004.50, and ended on the date of the verdict.  The trial court

concluded:

> 4.  The Court GRANTS Plaintiff's Application for
> Prejudgment Interest in the amount of $413,067.76.  This
> figure was derived using the statutory interest rate of
> 15% beginning October 25, 2016 and ending
> February 27, 2020 for a total of 1,220 interest bearing
> days.

Pursuant to § 3629(B), if the insured is the prevailing party, the trial court "shall

add interest on the verdict at the rate of fifteen percent (15%) per year from the

12

date the loss was payable pursuant to the provisions of the contract to the date of

the verdict." 36 O.S. Supp. 2020 § 3629; *see also Federated Rural Electric Ins.*

*Corp. v. Williams*, 2002 OK CIV APP 78, 52 P.3d 1042. Pursuant to *Taylor v.*

*State Farm Fire and Casualty Co.*, 1999 OK 44, ¶ 20, 981 P.2d 1253, an insurance

bad faith case, the Supreme Court held:

> When construed together with [23 O.S.1991] § 6,
> the purview of § 3629 is restricted to those property-loss
> recoveries in which the *insured loss* was for a liquidated
> amount or for an amount that *could be* made
> ascertainable by reference to well-established market
> values. Before prejudgment interest is one's due, it must
> be determined that, at the time proof of loss was denied,
> the quantum of the loss *could be* ascertained by reference
> to market values.

(Emphasis added.) The use of the words "could be" certainly indicates that precise

damage amounts are not required to entitle one to interest under § 3629(B).

On August 18, 2016, Church notified its local agent of damage from the May

2016 storm. After Church submitted the claim to its local agent, Insurance

Company sent an adjuster to inspect the premises to determine the nature, extent

and cause of any loss claimed in the May 2016 hailstorm. Insurance Company

then sought a second opinion and called in an engineer to examine the property.

The engineer submitted his report on October 13, 2016. Based on its investigation,

Insurance Company submitted a written offer of settlement on October 25, 2016,

for an amount it felt it owed under the policy. Contrary to Insurance Company's

13

assertions, Church's damages were undoubtedly ascertainable by dollar amount as early as October 25, 2016—*i.e.*, the "date the loss was payable" pursuant to § 3629(B).  We conclude the trial court properly determined the applicability of § 3629 to this case and did not err in awarding prejudgment interest from October 25, 2016, until the date of verdict on February 27, 2020.

*III. Attorney Fees*

Insurance Company asserts that if Church recovers prevailing party attorney fees pursuant to 36 O.S. § 3629, then the amount is excessive.  Pursuant to our affirmance of the underlying judgment in Companion Appeal No. 119,034, Church is the prevailing party pursuant to 36 O.S. § 3629 entitling it to fees, costs, and interest.  "An award of attorney fees is mandatory upon compliance with § 3629(B); however, the determination of the amount of a reasonable fee award is left to the sound discretion of the district court."  *Henderson v. Horace Mann Ins. Co.*, 560 F.Supp.2d 1099, 1111 (N.D. Okla. 2008)(citation omitted).  We must now examine whether the trial court awarded a reasonable amount to Church as the prevailing party.

"Generally, the correct formula for calculating a reasonable fee is to: 1) determine the compensation based on an hourly rate; and 2) enhance the fee through consideration of the factors outlined in *Burk v. Oklahoma City*, 1979 OK

115, 598 P.2d 659 (*Burk* factors)." *Spencer v. Oklahoma Gas & Elec. Co.*, 2007

OK 76, ¶ 13, 171 P.3d 890.  Those *Burk* factors are:

> time and labor required; novelty and difficulty of the
> questions; skill requisite to perform the legal service;
> preclusion of other employment; customary fee; whether
> the fee is fixed or contingent; time limitations; amount
> involved and results obtained; experience, reputation and
> ability of the attorneys involved; risk of recovery; nature
> and length of relationship with client; and awards in
> similar causes.

*Spencer*, 2007 OK 76, ¶ 14.

Both parties stipulated to $300 as the reasonable attorney fee hourly rate.

The trial court also concluded in its order that it had independently determined this

to be a reasonable hourly rate.  The trial court further concluded:

> The Court GRANTS Plaintiff's Application for Attorney
> Fees and awards fees in favor of the Plaintiff in the
> amount of $430,000.00 after adjusting for $300/hourly
> rate, removing duplicate billing and taking into account
> the jury's verdict.

Insurance Company argues the trial court failed to specify which duplicate billing

it removed, what other reductions it made, or how it arrived at the $430,000 figure.

In its application, Church sought $515,301 in attorney fees.  In its objection,

Insurance Company requested a reduction of $102,147.50 due to excessive and

duplicative time entries.  In reply, Church agreed there were some time entries

entered in error and voluntarily reduced its fee request by $13,502.50, resulting in

a requested fee of $501,798.50.

Although the trial court reduced the fee award to $430,000, other than saying it adjusted to a $300/hour rate and removed duplicate billing, it did not explain how it reached that figure. Without setting out its calculations—which hours it approved and the time allowed times the hourly rate—we cannot determine whether the fee awarded is reasonable and necessary. "'[T]he trial court should set forth with specificity the facts, and computation to support [its] award.'" *Goss v. Mitchell*, 2011 OK CIV APP 74, ¶ 20, 259 P.3d 886 (quoting *State ex rel. Burk v. City of Oklahoma City*, 1979 OK 115, ¶ 22, 598 P.2d 659).

Insurance Company takes issue with the reasonableness and necessity of the fee awarded, and we cannot tell from the record whether the trial court agreed with any of Insurance Company's specific objections. We concur with the Supreme Court's directive in *In Re Adoption of Baby Boy A*, 2010 OK 39, 236 P.3d 116:

> On remand, the district court must cull through the charges for legal services and reject 1) any unreasonable number of hours for the legal service performed, 2) any duplicate billings, 3) any stacking of hours for two or three attorneys to perform the same legal service . . . .

*Id.* ¶ 46.

Although Church is entitled to attorney fees pursuant to § 3629, we must reverse the trial court's order and remand with directions to set forth its computation with specificity, including which duplicate billing it disallowed, the

total number of attorney and/or staff hours it approved, the hourly rate for those categories, and any other reduction it made in reaching its award.

## IV. Appellate Fees and Costs

In its answer brief, Church seeks its appeal-related attorney fees and costs. Church's request does not comply with Supreme Court Rule 1.14(A)(1) and (B) requiring these to be sought "by a separately filed and labeled motion in the appellate court prior to mandate being issued." We deny this request without prejudice to its reassertion in compliance with the Rule. Oklahoma Supreme Court Rule 1.14(A),(B), 12 O.S. Supp. 2020, ch. 15, app. 1.

## CONCLUSION

We have examined the record to determine whether the trial court erred in granting Church's request for attorney fees, costs and prejudgment interest as the prevailing party pursuant to 36 O.S. Supp. 2020 § 3629. Although Church is entitled to expert witness costs, they are reduced in conformity with this Opinion. We affirm the trial court's award of $413,067.76 in prejudgment interest beginning October 25, 2016, and ending February 27, 2020. Although we conclude Church is entitled to attorney fees, because the trial court's computation of the fees has not been made, we must reverse and remand this issue to the trial court with directions to set forth with specificity its calculations, including which duplicate billing it disallowed, the number of attorney and/or staff hours it approved, the applicable

hourly rates for the hours approved, and any other reduction or disallowance used to reach its award.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED WITH DIRECTIONS.**

BLACKWELL, J., and FISCHER, C.J. (sitting by designation), concur.

September 12, 2022